**MS-4088**
**WU-1187**
**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD**
A Professional Corporation
25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
(201) 489-1536 Telecopier
Proposed Attorneys for Jazz Photo Corp.,
Debtor-in-Possession

|  |  |
|---|---|
| In the Matter of:<br><br>JAZZ PHOTO CORP.,<br><br>Debtor-in-Possession. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>CASE NO. 03-26565<br><br>Chapter 11<br><br>**DEBTOR'S APPLICATION FOR AN ORDER APPROVING ITS RETENTION OF COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A. AS BANKRUPTCY COUNSEL PURSUANT TO 11 U.S.C. § 327(a)** |

TO:   Honorable Judge of the
       United States Bankruptcy Court

The Application of Jazz Photo Corp., the within debtor and debtor-in-possession (the "Debtor"), in support of its request for approval of its retention of Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole, Schotz") as bankruptcy counsel, pursuant to 11 U.S.C. § 327(a), respectfully states as follows:

1. On May 20, 2003 (the "Filing Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). Since the Filing Date, the Debtor has remained in possession of its assets and continued in management of its business as a debtor-in-possession pursuant to Section 1107 and 1108 of the Bankruptcy Code.

2. The Debtor wishes to retain Cole, Schotz as its general bankruptcy counsel in this matter to perform the following legal services:

(a) assist the Debtor, to the extent necessary, in preparing schedules of assets and liabilities and statement of financial affairs;

(b) provide legal advice to the Debtor with respect to its powers and duties as a debtor-in-possession in the continued operation of their business and management of their assets;

(c) prepare, on the Debtor's behalf, all necessary applications, answers, orders and other legal papers required in connection with the administration of the Chapter 11 estate;

(d) appear before the Bankruptcy Court (and any other court) to represent and protect the Debtor's interests and estate except as to matters assigned to other retained counsel;

(e) represent the Debtor in any adversary proceeding, either commenced by or against the Debtor;

(f) assist the Debtor in negotiating a plan or plans of reorganization with its creditors and perform all legal services necessary to obtain creditor approval, confirmation and implementation of such plan; and

(g) perform all other legal services for the Debtor, as a debtor-in-possession, which may be necessary herein.

2

3.     The Debtor has selected Cole, Schotz because of the firm's considerable experience in business reorganizations and in other areas of law applicable to this Chapter 11 proceeding. The Debtor believes Cole, Schotz is duly qualified to represent the Debtor as a debtor-in-possession in this proceeding, and the services of Cole, Schotz are necessary and essential to the Debtor's performance of its duties as a debtor-in-possession.

4.     As evidenced by the accompanying Affidavit of Michael D. Sirota, Esq. (the "Sirota Affidavit"), Cole, Schotz does not hold or represent any interests adverse to the Debtor, its creditors or estate in this matter, and is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code.

5.     The Debtor is aware that Cole, Schotz has represented Rosenthal & Rosenthal, Inc. ("Rosenthal"), as the Debtor's factor, in various matters in the past. As more fully described in the Sirota Affidavit, however, there currently are no pending matters in which Cole, Schotz is representing Rosenthal and both the Debtor and Rosenthal have given their prior consent to and waived any potential conflict pertaining to Cole, Schotz's representation of the Debtor.

6.     In addition, the Debtor is aware Grotta, Glassman & Hoffman ("GG&H"), an unsecured creditor, provides labor and employment law advice to Cole, Schotz and is currently representing Cole, Schotz in a matter unrelated to the Debtor or this Chapter 11 case. Finally, the Debtor is aware that R. Joseph Gribko, an associate at Cole, Schotz, was an associate at Skadden, Arps, Slate, Meagher & Flom, LLP ("Skadden, Arps"), an unsecured creditor, from 1995 through 1997.

7.     The Debtor does not believe that: (a) Cole, Schotz's pre-petition representation of Rosenthal; (b) the GG&H's current representation of Cole Schotz; or (c) Mr. Gribko's former

3

association with Skadden, Arps disqualifies Cole, Schotz from being retained in the Debtor's Chapter 11 bankruptcy proceeding.

8. In connection with this matter, the Debtor has provided Cole, Schotz with a retainer of $101,960.30 and executed a general retainer agreement. The Debtor respectfully requests that the Court approve the reasonableness of the retainer. Additionally, before the Filing Date, the Debtor paid Cole, Schotz $98,040.13 for contemporaneous services rendered to the Debtor pre-petition.

9. It is the Debtor's understanding that Cole, Schotz will be submitting detailed statements to the Court setting forth the services rendered and seeking compensation and reimbursement of expenses (including, when appropriate, authority to apply the retainer). The Debtor also understands that Cole, Schotz will be applying to the Court for authority to be paid its fees and expenses pursuant to its obligation under the Bankruptcy Code or any administrative fee procedure which may be established, to which the Debtor consents.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order approving the Debtor's retention of Cole, Schotz, Meisel, Forman & Leonard, P.A., as its counsel herein, approving the reasonableness of the retainer, and granting such other relief as the Court deems just and appropriate under the circumstances.

          JAZZ PHOTO CORP.,
          Debtor-in-Possession

          By    /s/ Anthony Cossentino
              ANTHONY COSSENTINO, President
              and Chief Executive Officer

DATED: May 20, 2003