| UNITED STATES BANKRUPTCY COURT |
| --- |
| DISTRICT OF NEW JERSEY |
| Caption in Compliance with D.N.J. LBR 9004-2(c) |
| MS – 4088 |
| WU - 1187 |
| **COLE, SCHOTZ, MEISEL,** |
| **FORMAN & LEONARD, P.A.** |
| 25 Main Street |
| Hackensack, NJ 07601 |
| (201) 489-3000 |
| (201) 489-1536 Telecopier |
| Proposed Attorneys for Jazz Photo Corp., |
| Debtor-in-Possession |



| In the Matter of: | Case No. 03-26565 |
| --- | --- |
| JAZZ PHOTO CORP., | Hearing Date: 5/22/03 |
| Debtor-in-Possession. | Judge: M. STERN |

**ORDER RESTRAINING UTILITIES FROM DISCONTINUING,
ALTERING OR REFUSING SERVICE PURSUANT TO 11 U.S.C. §366,
AND ESTABLISHING PROCEDURES FOR DETERMINING
REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

The relief set forth on the following pages, numbered two (2) through four (4), is hereby **ORDERED**.

5/22/03

40654/0001-2129686v2

(Page 2)
Debtor:              JAZZ PHOTO CORP.
Case No.             03-26565
Caption of Order:    ORDER RESTRAINING UTILITIES FROM DISCONTINUING,
                     ALTERING OR REFUSING SERVICE PURSUANT TO 11 U.S.C. §366,
                     AND ESTABLISHING PROCEDURES FOR DETERMINING
                     REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE

THIS MATTER having been opened to the Court by Jazz Photo Corp., the within debtor and debtor-in-possession (the "Debtor"), by and through its proposed counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A., upon a motion for entry of an Order, pursuant to 11 U.S.C. §§ 366 and 105(a): (a) restraining the utility companies identified on Exhibit "A" to the Debtor's Verified Application and any other utility company inadvertently omitted from such exhibit (collectively, the "Utility Companies") from discontinuing, altering or refusing service pursuant to 11 U.S.C. §§366 and 105(a); and (b) establishing procedures for determining requests, if any, for additional adequate assurance (the "Motion"); and good and sufficient notice of the hearing on the Motion having been provided as set forth in the Affidavit of Service filed with the Court; and the Court having considered the moving papers, the opposition thereto, if any, and the arguments of counsel; and good cause appearing for the entry of this Order,

IT IS ORDERED as follows:

1    The Motion is hereby granted in all respects.

2    The Debtor shall pay on a timely basis, in accordance with pre-petition practices, all undisputed invoices with respect to post-petition Utility Services rendered by the Utility Companies to the Debtor.

3    Absent any further Order of this Court, each Utility Company is hereby enjoined from: (a) altering, refusing, or discontinuing Utility Services to, or discriminating against, the

40654/0001-2129686v2

(Page 3)
Debtor: JAZZ PHOTO CORP.
Case No. 03-26565
Caption of Order: ORDER RESTRAINING UTILITIES FROM DISCONTINUING, ALTERING OR REFUSING SERVICE PURSUANT TO 11 U.S.C. §366, AND ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE

Debtor; or (b) requiring the payment by the Debtor of a deposit or other security in connection with any pre-petition invoice for Utility Services.

4    Under Section 503(b)(1)(A) of the Bankruptcy Code, any unpaid post-petition utility charges not otherwise disputed by the Debtor shall constitute actual and necessary expenses of preserving the Debtor's estate, entitling that Utility Company to an administrative expense priority under Section 507(a)(1) of the Bankruptcy Code.

5    Within five (5) business days from the date hereof, the Debtor shall provide notice and a copy of this signed Order and the Motion by first class mail to the Utility Companies; provided, further that for any Utility Company that may have been omitted from Exhibit "A" to the Debtor's Verified Application, the Debtor shall promptly provide notice of this Order upon learning of such Utility Company.

6    This Order is without prejudice to the rights of a Utility Company to request from the Debtor or this Court, in writing, within thirty (30) days of the date hereof, additional adequate assurances in the form of deposits or other security (the "Additional Assurances Request").

7    In the event the Debtor believes that a timely Additional Assurances Request from any Utility Company is unreasonable, the Debtor shall file a motion for determination of adequate assurance with respect to such Utility Company and promptly set such motion for hearing before this Court (the "Determination Hearing").

40654/0001-2129686v2

(Page 4)
Debtor:            JAZZ PHOTO CORP.
Case No.           03-26565
Caption of Order:  ORDER RESTRAINING UTILITIES FROM DISCONTINUING,
                   ALTERING OR REFUSING SERVICE PURSUANT TO 11 U.S.C. §366,
                   AND ESTABLISHING PROCEDURES FOR DETERMINING
                   REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE

8    In the event a Determination Hearing is scheduled in accordance with the immediately preceding paragraph, or an Additional Assurances Request is timely filed with this Court and/or served on the Debtor, the Utility Company shall be deemed to have adequate assurance of payment, within the meaning of Section 366 of the Bankruptcy Code, until an Order of this Court is entered in connection with such Determination Hearing or such Additional Assurances Request.

9    Any Utility Company that does not timely make an Additional Assurances Request shall be deemed to have adequate assurance of payment for post-petition Utility Services under Section 366 of the Bankruptcy Code without the payment of any deposits or further security.

10   The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order, including but not limited to the payment of pre-petition invoices, if the Debtor deems it appropriate, as a means of providing adequate assurance to a Utility Company.

11   Nothing in this Order or the Motion shall be deemed to constitute the post-petition assumption or adoption of any agreement pursuant to Section 365 of the Bankruptcy Code.

12   This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

40654/0001-2129686v2