FC-4776
**COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD**
A Professional Corporation
25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
(201) 489-1536 Telecopier
Attorneys for Jazz Photo Corp., Debtor-in-Possession

|  |  |
|---|---|
| | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HONORABLE MORRIS STERN<br>CASE NO. 03-26565 (MS) |
| In the Matter of:<br><br>JAZZ PHOTO CORP.,<br><br>Debtor-in-Possession. | Chapter 11<br>**DEBTOR'S APPLICATION IN SUPPORT OF MOTION FOR AN ORDER EXTENDING FOR ONE HUNDRED TWENTY (120) DAYS THE TIME BY WHICH THE DEBTOR MUST ASSUME OR REJECT ITS UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(4)**<br><br>**HEARING DATE AND TIME:**<br>July 14, 2003, at __:__ _.m.<br><br>**ORAL ARGUMENT WAIVED UNLESS OBJECTIONS TIMELY FILED** |

The Application of Jazz Photo Corp., the within debtor and debtor-in-possession (the "Debtor"), by and through its counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A., respectfully represents:

## INTRODUCTION AND JURISDICTION

1.  This motion seeks the entry of an Order extending for approximately one hundred twenty (120) days the time within which the Debtor must assume or reject its unexpired lease of non-residential real property pursuant to 11 U.S.C. § 365(d)(4).

2.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND

4.  On May 20, 2003 (the "Filing Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). Since the Filing Date, the Debtor has remained in possession of its assets and continued management of its business as a debtor-in-possession pursuant to Section 1107 and 1108 of the Bankruptcy Code.

5.  On June 4, 2003, the Office of the United States Trustee for the District of New Jersey appointed an Official Committee of Unsecured Creditors (the "Committee"). The Committee selected Ravin Greenberg, PC as its counsel.

## THE DEBTOR'S BUSINESS

6.  The Debtor is a New Jersey corporation formed in 1995. The Debtor is engaged in the design, development, importation and wholesale distribution of cameras and other photographic products, primarily in the United States. The camera categories that are imported and distributed include traditional hard-body 35mm cameras, both point-and-shoot and zoom-lens cameras, and digital cameras and disposable cameras that are refurbished by the Debtor in compliance with applicable intellectual property law. The Debtor distributes its products under its own brand name, as well as under the name of Bell & Howell pursuant to an exclusive license

2

agreement. The Debtor also sells certain items under the private labels of the Debtor's customers.

## THE DEBTOR'S UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES

7.  The Debtor is a party, as tenant, to a lease with H. Harding Brown, David J. Frischman, Douglas Friedrich and Robert K. Brown Substitute Trustee Under Trust Indenture Dated the 25th Day of June, 1968, as landlord ("Landlord") dated as of January 31, 2002 (the "Unexpired Lease"). Pursuant to Section 365(d)(4) of the Bankruptcy Code, the deadline for the Debtor to assume or reject the Unexpired Lease is July 18, 2003, i.e., sixty (60) days after the Filing Date.

8.  While the Debtor is in negotiations with the Landlord, which when concluded will result in the rejection of the Unexpired Lease and entry into a new lease at a savings to the Debtor, those negotiations are not yet finalized and, thereby, the Debtor must preserve its leasehold.

9.  As of the filing of this Motion, the Debtor is current on all obligations that arose after the Filing Date under the Unexpired Lease, and will continue to be current with respect to such obligations.

## BASIS FOR RELIEF

10. Section 365(d)(4) of the Bankruptcy Code authorizes the Court to extend the time for the Debtor to assume or reject the Unexpired Lease for "cause."[1]

---

[1] Section 365(d)(4) provides:

Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60 day period, fixes, then such lease is (continued…)

3

11. Many courts have addressed the issue of "cause" within the meaning of 11 U.S.C. § 365(d)(4). See, e.g., Legacy, Ltd. v. Channel Home Centers, Inc., 1991 WL 497171 (D.N.J. 1991); In re Victoria Station, Inc., 88 B.R. 231, 236 (9th Cir. BAP 1988); In re 611 Sixth Ave. Corp., 191 B.R. 295, 298 (Bankr. S.D.N.Y. 1996); In re Muir Training Technologies, Inc., 120 B.R. 154, 157 (Bankr. S.D. Cal. 1990); In re Wedtech Corp., 72 B.R. 464 (Bankr. S.D.N.Y. 1987). For example, in Wedtech, the Court applied the following factors, among others, to determine whether "cause" existed to extend the sixty-day statutory period:

> (i) are the leases an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization;
>
> (ii) is the case complex and does it involve large numbers of leases; and
>
> (iii) has the debtor had insufficient time to intelligently appraise each lease's value to a plan of reorganization.

Id. at 471-72.

12. The United States Court of Appeals for the Third Circuit has endorsed the Wedtech decision and has held that courts may allow multiple extensions of time under 11 U.S.C. § 365(d), provided that the debtor's request for such extension is made before the expiration of any prior extension. See In re Channel Home Centers, Inc., 989 F.2d 682, 689 (3d Cir. 1992), cert. denied, 114 S.Ct. 184 (1993). Accord Theatre Holding Corp. v. Mauro, 681 F.2d 102, 105-06 (2d Cir. 1982); In re Midtown Skating Corp., 3 B.R. 194, 197 (Bankr. S.D.N.Y. 1980); In re Victoria Station Inc., 88 B.R. 231, 236 n.7 (B.A.P. 9th Cir. 1988), aff'd,

---

(…continued)
deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

11 U.S.C. §365(d)(4) (emphasis added).

4

875 F.2d 1380 (9th Cir. 1989) ("[t]here are numerous important factors in support of and against an extension of time. . . . These factors include, whether the leases are the primary assets of the debtor [and] whether the lessor continues to receive rental payments").

13. Application of <u>Channel Home Centers</u> and the other cases cited herein to the facts of this case overwhelmingly supports the Debtor's request for an extension of time pursuant to 11 U.S.C. § 365(d)(4).

14. First, the Unexpired Lease is presently critical to the Debtor's operations. Absent the Debtor's ability to maintain this leasehold interest pending the conclusion of negotiations with the Landlord, the Debtor could not operate. The leased premises functions as the Debtor's administrative offices and its main warehouse center for distribution of its products.

15. Moreover, since the inception of this case, the Debtor's time and attention, as well as that of its professionals, have been consumed with stabilizing the Debtor's business operations, and addressing a vast number of crucial administrative and business decisions, including post-petition financing, continuation of post-petition utility services, receiving goods and services from vendors, the preparation of schedules and statement of financial affairs, and addressing and attending to various matters in the litigation against Fuji Photo Film Co., Ltd. and Imation Corp. and Imation S.p.A. These overwhelming functions have made it impossible for the Debtor to make a reasoned decision regarding assumption or rejection of the Unexpired Lease before the expiration of the sixty (60) day period specified in Section 365(d)(4) of the Bankruptcy Code.

16. Furthermore, the requested extension will allow the Debtor to conclude its negotiations with the Landlord regarding the terms of the Unexpired Lease that would permit the

Debtor to either remain at its current location on potentially more favorable terms or, alternatively, to lease suitable substitute space from the Landlord's portfolio.

17. Additionally, if the requested extension is not granted, the Debtor will be compelled either to assume a large, long-term liability, thereby potentially creating a substantial administrative expense claim at an early stage in this case, or to forfeit its lease prematurely, impairing its ability to operate and to preserve the going concern value of its estate. See In re Frontier Properties, Inc., 979 F.2d 1358, 1367 (9th Cir. 1992) (when an executory contract is assumed and later rejected, all of the liabilities under the contract flowing from the rejection, including interest, are entitled to priority as administrative expenses of the bankruptcy estate); see also In re Klein Sleep Products, Inc., 78 F.3d 18 (2d Cir. 1996) (claims for future rent arising from assumed and subsequently rejected leases are administrative expenses of the bankruptcy estate); In re Airlift Int'l. Inc., 761 F.2d 1503, 1509 n.5 (11th Cir. 1985) (the breach of an "unexpired lease assumed under section 365 clearly results in an administrative expense claim. . .").

18. Finally, as required by 11 U.S.C. § 365(d)(3), the Debtor remains current on all post-petition rent obligations under the Unexpired Lease. The Debtor intends to make all post-petition rent payments through the date the Unexpired Lease is assumed or rejected, as the case may be. Accordingly, the Landlord will not be prejudiced by an approximate one hundred twenty (120)-day extension of time.

19. In sum, the focus of the Debtor on stabilizing its affairs since the Filing Date, including its negotiations with the Landlord, the infancy of this case, and the importance of the Unexpired Lease to the Debtor's operations, favor granting the requested extension of time to assume or reject the Unexpired Lease.

40654/0001-1298169v1

20. No previous application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter the accompanying Order extending the Debtor's time to assume or reject the Unexpired Lease for a period of approximately one hundred twenty (120) days, and granting such other relief as may be just and appropriate under the circumstances.

                                                      Respectfully submitted,

                                                      COLE, SCHOTZ, MEISEL,
                                                      FORMAN & LEONARD, P.A.
                                                      Attorneys for Jazz Photo Corp., Debtor-in-Possession

                                                      By:     /s/ Franck D. Chantayan
                                                              Franck D. Chantayan

DATED: June 24, 2003

40654/0001-1298169v1