# RAVIN GREENBERG PC
### COUNSELLORS AT LAW

NATHAN RAVIN
HOWARD S. GREENBERG*
STEPHEN B. RAVIN**
BRUCE J. WISOTSKY***
LARRY LESNIK
MORRIS S. BAUER*
BRIAN L. BAKER*
SHERYLL S. TAHIRI****
CHAD B. FRIEDMAN

101 EISENHOWER PARKWAY
ROSELAND, NEW JERSEY 07068
(973) 226-1500
FACSIMILE:
(973) 226-6888

COUNSEL
ALLAN M. HARRIS*

\* MEMBER OF NJ & NY BAR
\*\* MEMBER OF NJ & NY & FL BAR
\*\*\* MEMBER OF NJ & PA BAR
\*\*\*\* MEMBER OF NJ & NY & MA BAR

E-MAIL: rgpc@ravingreenberg.com
WEBSITE: www.ravingreenberg.com

July 28, 2003

**Via E-Mail and ECF**
Honorable Morris Stern, U.S.B.J.
United States Bankruptcy Court
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

      Re:   **Jazz Photo Corp.
Case No. 03-26565(MS)
Hearing Date: July 30, 2003 at 10:00 a.m.
Fuji Photo Film Co., Ltd.'s Motion for an Order for
the Appointment of a Chapter 11 Trustee Pursuant
to 11 U.S.C. §1104**

Dear Judge Stern:

      This office represents the Official Committee of Unsecured Creditors (the "Committee") in connection with the above-captioned matter. Please accept this letter in lieu of a more formal response in opposition to Fuji Photo Film Co., Ltd.'s ("Fuji") motion for the entry of an order directing the appointment of a Chapter 11 Trustee (the "Motion"). After lengthy consideration of the Motion, the Committee has unanimously concluded that (1) given the early stage of this matter and (2) the movant's failure to demonstrate that the Debtor's post-petition actions warrant the appointment of a trustee, it joins the Debtor and the Office of the United States Trustee in objecting to the Motion.

      The Committee believes that the Debtor's post-petition operations do not mandate the need for an independent fiduciary to assume control of business operations and financial affairs. In large part, the sense of the Committee is that but for the entry of the

RAVIN GREENBERG PC

Honorable Morris Stern, U.S.B.J.
July 28, 2003
Page 2

---

Fuji judgment in the approximate amount of $30 million, which is now on appeal, Jazz Photo would not have sought Bankruptcy Court protection. In point of fact, the Committee, and its counsel, views this matter as one relating to the following three major pieces of litigation: (1) the appeal to the Third Circuit to overturn or reduce the aforementioned Fuji $30 million judgment; (2) continuing issues before the International Trade Commission with respect to whether or not the Debtor did pre-petition, or continues to post-petition, infringe upon protected rights of Fuji; and most importantly, (3) the litigation against Imation Corporation wherein the Debtor seeks damages in the approximate amount of $85 million, subject to trebling.

The Committee does not feel that the appointment of an independent Chapter 11 trustee will in any way materially "advance the ball" with respect to the aforementioned litigated matters. To the contrary, the Committee feels that such appointment at this time would merely add additional administrative expense, and possibly slow down matters while the trustee became familiar with the background and current status of same. Those were the material considerations which led the Committee Members to unanimously vote to oppose the Motion.

As this Court is most assuredly aware, the appointment of a trustee under 11 U.S.C. §1104 is an extraordinary remedy. In Re Microwave Products of America, Inc., 102 B.R. 666 (Bankr. W.D. Tenn. 1989). There is a usual presumption against the appointment of a trustee in favor of the Debtor's current management. In re G-I Holdings, Inc., 2003 WL 21660056 (D.N.J. 2003) (finding that "a bankruptcy court's decision not to appoint a Chapter 11 trustee based upon the as yet unproven allegations of self-interest of debtor's principal was not abuse of discretion, where movants would have opportunity to test and ultimately resolve these allegations in other pending proceedings; court could conclude that, until allegations were resolved in pending proceedings, appointment was not at that time warranted"). Accordingly, the party moving for appointment of trustee must prove the need for trustee by clear and convincing evidence. 11 U.S.C.A. §1104(a).

In the instant case, Fuji has failed to meet its burden. While Fuji's self-serving assertions that the Debtor through Jack Benun has and continues to mismanage the Debtor gives the Committee pause, the Committee does not believe that Fuji has produced any proof that such allegations are true. Further, the overwhelming majority of the allegations pertain to prior actions of Jack Benun and fail to illustrate any post-petition misconduct that will injure the estate or its creditors.

RAVIN GREENBERG PC

Honorable Morris Stern, U.S.B.J.
July 28, 2003
Page 3

---

    For the foregoing reasons, the Committee strongly opposes the appointment of a Chapter 11 trustee at this time. Obviously, should the circumstances relating to the pending Chapter 11 change in the future, the Committee reserves its right to revisit this issue.

Respectfully submitted,

HOWARD S. GREENBERG

HSG/lat
cc (via ECF):
    Margaret Jurow, Esq., U.S. Trustee's Office
    Michael Sirota, Esq.
    Bruce Buechler, Esq.
    Dennis O'Grady, Esq.

cc (via facsimile):
    Committee Members

P:\Jazz Photo\OppTrusteeMotion7-28-03