RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Dennis J. O'Grady (DO-7430)
Joseph L. Schwartz (JS-5525)
Stephen J. Amoriello, III (SA-2483)
One Speedwell Avenue
Headquarters Plaza
Morristown, New Jersey 07962
(973) 538-0800

Attorneys for Jack C. Benun

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>JAZZ PHOTO CORP.,<br><br>Debtor. | In Proceedings for Reorganization under Chapter 11<br><br>HONORABLE MORRIS STERN<br><br>Case No. 03-26565 (MS)<br><br>**JOINDER OF JACK C. BENUN AND REQUEST FOR ADDITIONAL SANCTIONS IN CONNECTION WITH DEBTOR'S MOTION FOR AN ORDER IMPOSING SANCTIONS AGAINST FUJI PHOTO FILM CO., LTD. PURSUANT TO BANKRUPTCY RULE 9011 AND 28 U.S.C. § 1927**<br><br>**Hearing Date and Time**<br>**March 29, 2004 at 1:00 p.m.** |

Jack C. Benun ("Benun"), by and through his counsel, Riker, Danzig, Scherer, Hyland & Perretti, LLP, by way of Joinder in the Motion of the Debtor, Jazz Photo Corp. ("Jazz"), for an Order Imposing Sanctions Against Fuji Photo Film Co., Ltd. ("Fuji") Pursuant to Bankruptcy Rule 9011 and 28 U.S.C. § 1927 in Connection with Fuji's Motion for the Appointment of a Chapter 11 Trustee (the "Sanctions Motion") and Request for Additional Sanctions, respectively represents:

**PRELIMINARY STATEMENT**

1. As a result of Fuji's baseless motion to appoint a Chapter 11 Trustee and unnecessary discovery requests in connection therewith, Fuji has caused both Jazz's estate and

Benun's own bankruptcy estate to incur substantial unnecessary administrative legal expenses. Consequently, Benun joins in and supports Jazz's Sanctions Motion.

2. Benun further requests that the Court impose additional sanctions against Fuji in order to reimburse Benun's estate the sum of $116,121, the total amount of unnecessary costs incurred by Benun's estate as a result of Fuji's ill-advised prosecution of its motion to appoint a Chapter 11 Trustee for Jazz.

## BACKGROUND

3. On May 20, 2003, Jazz filed a voluntary Chapter 11 petition for relief with this Court. Since its bankruptcy filing, Jazz has remained in possession of its assets and has continued to manage its affairs as a debtor-in-possession, pursuant to 11 U.S.C. §§ 1107 and 1108.

4. On July 2, 2003, Benun also filed a voluntary Chapter 11 petition for relief. Benun's bankruptcy case bears Case No. 03-32195 and is also pending before this Court.

5. On or about June 24, 2003, Fuji filed its motion to appoint a Chapter 11 Trustee in Jazz's bankruptcy case (the "Trustee Motion"). In support of the Trustee Motion, Fuji alleged, among other things, that Benun engaged in various forms of mismanagement and misconduct while stewarding Jazz, and contended that such alleged misconduct constituted "cause" to appoint a Chapter 11 Trustee for Jazz pursuant to 11 U.S.C. § 1104.

6. Shortly after Fuji filed the Trustee Motion, Fuji served subpoenas on various of Benun's family members and business associates in Benun's bankruptcy case requesting testimony and documents that purported to support Fuji's allegations in the Trustee Motion.

7. As a result of the serious allegations raised by Fuji in its Trustee Motion, both Jazz and Benun incurred substantial costs in reviewing documents, attending depositions,

2

attending court hearings, as well as defending the motion and discovery requests in connection therewith.

8. During Fuji's prosecution of its Trustee Motion, Fuji was advised on numerous occasions that its motion was baseless and was violative of Fed. R. Bankr. P. 9011. Despite these warnings, Fuji nevertheless pressed on, apparently relying on an ill-advised strategy designed to cause both Jazz's and Benun's estates to run out of money even if the Trustee Motion was unsuccessful.

9. Ultimately, as the Court is well aware, based upon a lack of proof by Fuji, the Court advised the parties that it believed that Fuji's Trustee Motion had no merit. This resulted in Fuji's withdrawal of the Trustee Motion at the Court's suggestion to avoid a denial of the motion.

10. Fuji's frivolous Trustee Motion and improper "scorched earth" litigation tactics in connection therewith has caused both Jazz's estate and Benun's estate to needlessly incur significant legal expenses. As a result, Benun joins in Jazz's Sanctions Motion. Benun further requests that the Court impose additional sanctions upon Fuji as a result of its improper tactics and pleadings. As is set forth herein, the expenses incurred by Benun's estate in participating in and defending against the Trustee Motion and matters relating thereto total $116,121.

### SUMMARY OF EXPENSES UNNECESSARILY INCURRED BY BENUN'S ESTATE IN CONNECTION WITH FUJI'S TRUSTEE MOTION AND MATTERS RELATED THERETO

11. In its Trustee Motion, Fuji alleged various misconduct by Benun including, but not limited to, organizing Jazz for the purpose of violating the law, systematically looting Jazz, establishing new business practices to insure that Jazz's profits remain hidden from creditors, forming Jazz Photo (Hong Kong) Ltd. in order to hide Jazz's profits in Asia,

3

attempting to reorganize Jazz in order to funnel assets out of Jazz's estate to entities in Asia over which Benun controls, and making misrepresentation to this Court and to the United States Trustee.

        12. As a result of Fuji's serious, yet unfounded allegations, Benun's personal interests, as well as Jazz's interests, needed to be protected. As a result, Benun's counsel was required to review the pleadings and voluminous documents submitted by Fuji in connection with the Trustee Motion, to appear at certain depositions and to appear at numerous hearings.[1]

        13. Further, in addition to Fuji's identification of various witnesses and documents that purportedly would support its Trustee Motion, shortly after filing the Trustee motion, Fuji also served many of Benun's family members and business associates with subpoenas. Ultimately, at Benun's request, the Court entered an order quashing most of Fuji's improper subpoenas.

        14. Fuji's tactics in subpoenaing Benun's family members and business associates were clearly designed to embarrass, harass and discredit Benun and to cause both Benun and Jazz to incur additional and substantial legal expenses. In pursuing these tactics, Fuji apparently determined that even if its Trustee Motion was unsuccessful, it would nevertheless cause both Jazz's and Benun's bankruptcy cases to collapse under the weight of administrative expenses and convert to Chapter 7 cases, thereby eliminating one of Fuji's competitors.[2]

---

[1] An itemized list of legal services for which Benun seeks reimbursement is attached as Exhibit "A" to the accompanying Affidavit of Joseph L. Schwartz, Esq.

[2] In fact, approximately one third of the legal fees thus far approved by the Court in Benun's bankruptcy case were incurred as a result of Fuji's prosecution of the Trustee Motion. Pursuant to the Court's Order dated December 30, 2003, Benun's counsel, Riker, Danzig, Scherer, Hyland & Perretti LLP, was awarded interim fees in the amount of $344,829.50. Of this amount, $115,032.00 is attributable to work done in connection with Fuji's Trustee Motion ($115,032.00 / $344,829.50 = 33.36%).

15. For the reasons set forth in Jazz's Sanctions Motion and herein, Benun joins in and supports Jazz's Sanctions Motion and requests that the Court require Fuji to reimburse Jazz's estate for the unnecessary expenses incurred by Jazz in addressing Fuji's improper Trustee Motion. Additionally, Benun requests that the Court impose additional sanctions upon Fuji to reimburse Benun's estate for the unnecessary legal expenses that Benun incurred in responding to and defending against the Trustee Motion and matters related thereto.

## **CONCLUSION**

WHEREFORE, for all the foregoing reasons, Benun respectfully requests that the Court grant Jazz's Sanctions Motion, impose additional sanctions upon Fuji in the amount of $116,121 to reimburse Benun's estate for the unnecessary expenses incurred in connection with Fuji's Trustee Motion and grant Benun such further relief as the Court determines to be just and equitable.

Dated: Morristown, New Jersey
       March 8, 2004

/s/ Joseph L. Schwartz
Joseph L. Schwartz (JS-5525)
Riker, Danzig, Scherer, Hyland
  & Perretti LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962
(973) 538-0800

Attorneys for Jack C. Benun

3395174.1

6