# COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.

### A PROFESSIONAL CORPORATION

COUNSELLORS AT LAW
COURT PLAZA NORTH
25 MAIN STREET
P.O. BOX 800
HACKENSACK, NEW JERSEY 07602-0800
(201) 489-3000
www.coleschotz.com

MICHAEL D. SIROTA
MEMBER OF NJ & NY BARS

E-MAIL:
msirota@coleschotz.com

----

DIRECT DIAL
(201) 525-6262

DIRECT FAX
(201) 678-6262

August 5, 2004

Via E-Mail and Regular Mail
Honorable Morris Stern, U.S.B.J.
United States Bankruptcy Court
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07102

**FILED
JAMES J. WALDRON**

AUG 0 6 2004

U.S. BANKRUPTCY COURT
NEWARK, NJ
BY_____ DEPUTY

Re:   **Jazz Photo Corp.**
      **Case No. 03-26565 (MS)**
      **Hearing Date:  August 23, 2004 – Request for Adjournment**

Dear Judge Stern:

On behalf of Jazz Photo Corp. (" Jazz" or "Debtor"), please accept this letter as a request for an adjournment of the three (3) motions recently filed by Fuji Photo Film Co., Ltd. ("Fuji") for conversion, stay relief and to fix an alleged administrative claim.  For the reasons set forth below, we request that the motion be adjourned to September 13, 2004 with the understanding that our opposition would be filed and served by September 1, 2004.  On August 4, 2004, and pursuant to D.N.J. LBR 5071-1(a), I requested consent to an adjournment from Fuji's counsel who rejected our request on August 5, 2004, on the grounds that the motions were time sensitive and not filed on short notice.

Even a cursory review of the voluminous motions, declarations and briefs filed by Fuji seeking, among other things, to convert this Chapter 11 proceeding and render it administratively insolvent, demonstrates that these motions were pre-prepared over a lengthy period of time to be filed immediately upon a ruling of the U.S. International Trade Commission ("ITC") in the pending enforcement proceeding against Jazz and others.

Honorable Morris Stern, U.S.B.J.
August 5, 2004
Page 2

On July 27, 2004, the ITC issued its Determination Not to Review the Presiding Administrative Law Judge's Enforcement Initial Determination and Request for a Brief on Recommended Enforcement Measures ("ITC Determination Not To Review"). Four (4) business days later, Fuji filed its three (3) voluminous motions. While the ITC determined not to review the ALJ's finding that respondents had violated the general exclusion order and cease and desist orders, it did rule on the ALJ's recommended sanctions upon which Fuji relied in attempting previously to convince the Court to terminate this Chapter 11 proceeding. Instead, the ITC Determination Not To Review provides:

> In connection with the final disposition of the enforcement proceedings, the Commission may issue civil penalties for violations of its cease and desist order. The Commission has **NOT** yet ruled on whether it will adopt the specific enforcement measures recommended in the EID. (*emphasis added*)[*]

A true copy of the ITC Determination Not to Review is annexed hereto.

While Fuji asserts other grounds for conversion (all of which will be refuted), it is the ITC's Determination Not To Review which is clearly the catalyst for its request to convert this reorganization proceeding to Chapter 7. To address each of the allegations and legal arguments contained in Fuji's voluminous motions, we respectfully request additional time to gather the necessary affidavits and documents to provide the Court with a complete and thorough response before considering this extraordinary relief.

Undoubtedly, Fuji will oppose the request arguing that every day that Jazz operates causes additional damages and an accumulation of Fuji's alleged administrative claim (which we will refute). Given that the case has been pending for approximately 15 months and Fuji chose to file the conversion motion only days ago, it is difficult to envision how any real prejudice would befall Fuji during this brief extension.

---

[*] The Commission has established a briefing schedule on enforcement measures.

40654/0001-1342542v2

Honorable Morris Stern, U.S.B.J.
August 5, 2004
Page 3

As always, we thank Your Honor for consideration of this request and remain available to answer any questions.

Respectfully submitted,

Michael D. Sirota

MDS:fmm
Enclosure

cc Via E-Mail & Regular Mail (w/enc.):
    Michael Etkin, Esq.
    Howard Greenberg, Esq.
    Margaret Jurow, Esq.
    Lawrence Rosenthal, Esq.
    Bruce Buechler, Esq.
    Peter Frazza, Esq.
    Dennis O'Grady, Esq.
    Mr. Jack Benun

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, DC 20436

In the Matter of                                                )
                                                                )
                                                                )
                                                                )
CERTAIN LENS-FITTED FILM PACKAGES          )          Inv. No. 337-TA-406,
                                                                )          Enforcement Proceedings (II)
                                                                )
                                                                )
                                                                )

DETERMINATION NOT TO REVIEW THE PRESIDING ADMINISTRATIVE
LAW JUDGE'S ENFORCEMENT INITIAL DETERMINATION;
REQUEST FOR BRIEFING ON RECOMMENDED ENFORCEMENT MEASURES

AGENCY: U.S. International Trade Commission.

ACTION: Notice.

SUMMARY:    Notice is hereby given that the U.S. International Trade Commission has
determined not to review the administrative law judge's (ALJ) initial enforcement
determination (EID) on violation, including his determination to find Anthony Cossentino and
Jack Benun subject to the cease and desist order issued to respondent Jazz Photo Corp. (Jazz)
at the conclusion of the original investigation.

FOR FURTHER INFORMATION CONTACT:  Jean Jackson, Esq., telephone 202-205-3104,
Office of the General Counsel, U.S. International Trade Commission, 500 E Street, SW.,
Washington, D.C. 20436.  Copies of all nonconfidential documents filed in connection with
this investigation are or will be available for inspection during official business hours (8:45
a.m. to 5:15 p.m.) in the Office of the Secretary, U.S. International Trade Commission, 500 E
Street SW., Washington, D.C. 20436, telephone 202-205-2000. General information
concerning the Commission may also be obtained by accessing its Internet server
(http://www.usitc.gov). The public record for this investigation may be viewed on the
Commission's electronic docket (EDIS-ON-LINE) at http://dockets.usitc.gov/eol.public.
Hearing-impaired persons are advised that information on the matter can be obtained by
contacting the Commission's TDD terminal on 202-205-1810.

SUPPLEMENTARY INFORMATION:  The Commission's original investigation in this
matter was terminated on June 2, 1999, with a finding of violation of section 337 by 26
respondents by reason of importation or sales after importation of certain lens-fitted film
packages (i.e., disposable cameras) that were found to infringe one or more claims of 15
patents held by complainant Fuji Photo Film Co. (Fuji). 64 Fed. Reg. 30541 (June 8, 1999).

The Commission issued a general exclusion order, prohibiting the importation of LFFPs that infringe any of the claims at issue, and issued cease and desist orders to twenty domestic respondents. *Id.* The Commission's orders were upheld by the U.S. Court of Appeals for the Federal Circuit. *Jazz Photo Corp. v. Int'l Trade Comm'n*, 264 F.3d 1094 (Fed. Cir. 2001), *cert. denied* 536 U.S. 950 (2002).

On September 24, 2002, the Commission initiated enforcement proceedings at the request of complainant Fuji under Commission rule 210.75(b) to determine whether respondent Jazz and/or two individuals associated with Jazz, Mr. Jack Benun and Mr. Anthony Cossentino, violated the general exclusion order and/or the cease and desist orders, issued on June 2, 1999, in the original *Film Packages* investigation. The proceedings were referred to the presiding ALJ for issuance of an EID. The proceedings were suspended for several months due to the outbreak of severe acute respiratory syndrome (SARS) in areas of China where discovery had to be completed.

On April 6, 2004, the ALJ issued his EID, finding that all respondents had violated the general exclusion order and cease and desist orders. Fuji, Jazz, Benun and Cossentino filed petitions for review of the EID on April 22, 2004. Those parties, as well as the Commission investigative attorneys filed responses to the petitions on May 10, 2004.

The Commission, having examined the petitions for review, and the responses thereto has determined not to review the EID's determination that the general exclusion order and cease and desist order issued to Jazz have been violated, as well as his determination to find Mr. Cossentino and Mr. Benun subject to the cease and desist order issued to Jazz. In connection with the final disposition of the enforcement proceedings, the Commission may issue civil penalties for violations of its cease and desist order. The Commission has not yet ruled on whether it will adopt the specific enforcement measures recommended in the EID.

WRITTEN SUBMISSIONS: The parties to the investigation, interested government agencies, and any other interested parties are encouraged to file written submissions on the specific enforcement measures recommended by the ALJ in his EID no later than close of business on August 20, 2004. Response submissions must be filed no later than the close of business on September 3, 2004. No further submissions on these issues will be permitted unless otherwise ordered by the Commission.

Persons filing written submissions must file with the Office of the Secretary the original document and 14 true copies thereof on or before the deadlines stated above. Any person desiring to submit a document (or portion thereof) to the Commission in confidence must request confidential treatment unless the information has already been granted such treatment during the proceedings. All such requests should be directed to the Secretary of the Commission and must include a full statement of the reasons why the Commission should grant such treatment. *See* section 201.6 of the Commission's Rules of Practice and Procedure, 19 C.F.R. § 201.6. Documents for which confidential treatment by the Commission is sought

2

will be treated accordingly. All nonconfidential written submissions will be available for public inspection at the Office of the Secretary.

This action is taken under the authority of section 337 of the Tariff Act of 1930, as amended (19 U.S.C. 1337), and sections 210.75 of the Commission's Rules of Practice and Procedure (19 C.F.R. 210.75).

By order of the Commission.

Marilyn R. Abbott
Secretary to the Commission

Issued: July 27, 2004