

**U.S. Department of Justice**

*Office of the United States Trustee*
*District of New Jersey*

One Newark Center        (973) 645-3014  Telephone
Suite 2100               (973) 645-5993  Facsimile
Newark, New Jersey  07102

September 17, 2004

Hon. Morris Stern, U.S.B.J.
United States Bankruptcy Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

Subject:   Jazz Photo
           Case No. 03 –26565 (MS)

           Hearing Date: Wed. Sept. 22, 2004

Dear Judge Stern:

Please accept this letter in lieu of a more formal pleading in opposition to Fuji's pending motions for estimation of administrative claim, stay relief or a determination that the stay does not apply and conversion of the case to chapter 7.

As to the administrative claim, the United States Trustee submits that the relief requested by Fuji is not permitted by the Bankruptcy Code.  Administrative claims must be "allowed" not "estimated."  *See* King, *Collier on Bankruptcy*, Volume 4, ¶503.02 (Fifteenth Ed. Rev'd 2002); *compare* 11 U.S.C.§§502 and 503.  Estimation proceedings even where permitted are only appropriate when necessary to avoid undue delay.  Here the estimation of Fuji's administrative claim at this time will not remove any obstacle to the filing of a plan or  distribution to creditors.  In this case the ability to file a plan and ultimately make a distribution to creditors is dependent upon the resolution of the Imation litigation and appeal of the District Court's decision which is the basis of Fuji's unsecured claim.  In the event that Fuji does establish an administrative claim, Fuji would be entitled to payment on par with other administrative claimants, such as professionals.  This may at some point require a "catch up" for Fuji, but at this juncture Fuji's claim has not been proven and the Code does not provide for its allowance based upon an estimation without any competent evidence.

Related to the administrative claim is Fuji's request for a determination that it is not stayed from proceeding for injunctive relief and damages against the debtor for post-petition infringement of its patents.  The United States Trustee submits that this estate is best served by allowing the ITC matters to reach a conclusion prior to the institution of parallel proceedings in District Court.  To the extent that Fuji has asserted an administrative claim against the debtor, this court is capable of determining the quantum of that claim after the ITC proceedings are complete.  In the meantime, the ITC has issued a cease and desist order, essentially an injunction, which is being

Jazz Photo
September 17, 2004
Page 2

enforced by Customs. What purpose would an additional injunction serve, except to increase administrative expenses in this case? The United States Trustee respectfully requests that the Court deny this motion.

As to the conversion motion, the United States Trustee is opposed to it as well. Fuji's conversion motion relies upon the existence of its post petition claims against related to the infringement of its patents. However, at the beginning of this cases, the parties agreed that the patent infringement issues and remedies should be determined by the ITC and the District Court – in essence that this court should abstain from those determinations. Thus, Fuji's motion is thus premature. Neither the ITC nor the District Court has issued a final determination which would warrant the immediate liquidation of the debtor at this time.

This Chapter 11 proceeding doe not somehow allow Jazz to avoid patent infringement laws with which it would otherwise be required to comply. The ITC and Customs are not in any way impeded in their enforcement proceedings by the existence of this chapter 11 bankruptcy and the undersigned is not aware of a desire on the part of either of those agencies that Jazz's operation be completely cease.

Conversion to Chapter 7 would not yield a greater distribution to unsecured creditors than the dismissal of this case or the continued operation of the debtor under the auspices of Chapter 11 and cannot be said to be in the best interest of the estate. The United States Trustee respectfully submits that Your Honor deny the conversion motion at this time.

Respectfully submitted,

Roberta A. DeAngelis
Acting United States Trustee
Region 3

By: __/s_____
    Margaret Lambe Jurow
    Trial Attorney