UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

## ATTORNEY FEE APPLICATION COVER SHEET

IN RE:  
Jazz Photo Corp.

APPLICANT:  
Budd Larner, P.C.

CASE NO.: 03-26565 (MS)

CLIENT: Debtor-in-Possession

CHAPTER: 11

CASE FILED: May 20, 2003

THIS FORM CONSTITUTES A CERTIFICATION THAT THE FEES AND DISBURSEMENTS ARE BEING SOUGHT CONSISTENT WITH THE ATTACHED RETENTION ORDER

_____   3/11/05

PETER JOHN FRAZZA       DATE

| SECTION I |
| :---: |
| BACKGROUND |

The Supplemental Affidavit of Peter Frazza dated May 27, 2003 in paragraph 11 provided in pertinent part that:

> [1]Budd Larner anticipates that its services and expenses relating to the Imation Case from the Filing Date through and including September 15, 2003 will be approximately $600,000.00, including the preparation and submission of the pre-trial memorandum; the completion of fact discovery; the completion of expert reports; preparing for and conducting expert depositions, which are very technical in nature; the preparation of pre-trial motions; the preparation of papers in opposition to Imation's pre-trial motions.

At the May 30, 2003 hearing before Judge Stern, Budd Larner was retained as Special Litigation Counsel.

| SECTION II |
| :---: |
| **FEE SUMMARY** |

Fee Application Covering the period February 1, 2005 through February 28, 2005[1]

| | |
| :--- | ---: |
| Total Previous Fee and Expenses Requested: | $3,090,053.09 |
| Total Fees and Expenses Allowed to Date: | $2,680,646.48 |
| Total Retainer (if applicable): | $0.00[2] |
| Total Holdback (if applicable): | $409,406.61 |
| Total Fees and Expenses Received by Applicant: | $1,395,000.00[3] |

| Name of Professional and Title | Year Admitted | Hours | Rate | Fee |
| :--- | :---: | :---: | :---: | :---: |
| Mark D. Larner, Shareholder | 1965 | 23.00 | $400 | $9,200.00 |
| Peter John Frazza, Shareholder | 1981 | 133.30 | $280 | $37,324.00 |
| Donald P. Jacobs, Shareholder | 1981 | 26.90 | $300 | $8,070.00 |
| David J. Novack, Shareholder | 1975 | 84.80 | $300 | $25,440.00 |
| Allen L. Harris, Counsel | 1989 | 71.30 | $195 | $13,903.50 |
| Michael Schultz | 2004 | 24.10 | $140 | $3,374.00 |
| Mary Pank, Paralegal | N/A | 88.60 | $75 | $6,645.00 |
| Linda Peskin, Paralegal | N/A | 25.80 | $75 | $1,935.00 |
| Lydia Wilson, Librarian | N/A | 3.50 | $80 | $280.00 |
| TOTALS | | 481.30 | | $106,171.50 |

| | |
| :--- | ---: |
| FEE TOTALS | $106,171.50 |
| DISBURSEMENTS TOTALS | $2,628.00 |
| | |
| TOTAL FEE APPLICATION | $108,799.50 |

1 - This Fee Application relates only to the Applicant's services rendered in connection with the action pending in the United States District Court for the District of New Jersey, captioned as Jazz Photo Corp. v. Imation Corp. and Imation S.p.A., Docket No. 99-2505 (the "Imation Case"), in accordance with the Court's June 11, 2003 Order approving the Applicant's retention by the Debtor. The Applicant also has been retained as special counsel in connection with an appeal by the Debtor to the United States Court of Appeals for the Federal Circuit from a judgment entered by the United States District Court for the District of New Jersey in favor of Fuji Photo Film Co., Ltd. (the "Fuji Appeal"). The Applicant will be requesting compensation for services rendered in the Fuji Appeal on a normal 120-day cycle.

2 - While the Applicant received a $50,000 retainer for services to be rendered in connection with the Fuji Appeal, the Applicant received no retainer for the Imation Case.

3 - This figure is less than previously reported. See Affidavit of Peter J. Frazza dated March 11, 2005 filed similtaneously herewith.

# EXHIBIT A

**BUDD LARNER, P.C.**
150 John F. Kennedy Parkway CN 1000
Short Hills, N.J. 07078-0999
(973) 379-4800   Fax (973) 379-7734
Tax ID: 22-2321266

March 11, 2005

Bill Number  84814
File Number  004811-00002

Jazz Photo Corp.
220 Old New Brunswick Road
Suite 103
Piscataway, NJ 08854

**FOR PROFESSIONAL SERVICES**

Re: Imation Corp. adv. Jazz Photo

**LEGAL SERVICES**

Through February 28, 2005

| Date | Atty | Description | Hours |
|------|------|-------------|-------|
| 02/01/05 | MDL | Appearance in court | 11.00 Hrs |
| 02/01/05 | DJN | Review various materials and revise direct examination of C. Campos (4.4); review and revise outline of direct examination of C. Campos (1.4); review recent court rulings which have bearing on testimony (.7); review exhibits and demonstratives to be used with C. Campos testimony (.6); telephone conferences with P. Frazza re: developments and trial schedule (.3); review developments with Jacobs (.3) | 7.70 Hrs |
| 02/01/05 | PJF | Appearance in Court for Settlement Conference (11.00); prepare for court (.7); telephone conference with Novack (.3) | 12.00 Hrs |
| 02/01/05 | DPJ | Review trial transcript | 0.80 Hrs |
| 02/01/05 | DPJ | Review memo from M. Schultz re lay witness's testimony interpreting documents | 0.50 Hrs |
| 02/01/05 | DPJ | Preparation of bench memo in support of Jazz's objections to portions of anticipated testimony of L. Forsmark | 7.50 Hrs |
| 02/01/05 | DPJ | Inoffice conference with M. Schultz | 0.30 Hrs |
| 02/01/05 | DPJ | Inoffice conference with M. Schultz | 1.00 Hrs |
| 02/01/05 | DPJ | Inoffice conference with D. Novack | 0.30 Hrs |

Jazz Photo Corp.

Re: Imation Corp. adv. Jazz Photo

| | | | |
|---|---|---|---|
| 02/01/05 | MS | Research re: Rule 406 (3.5); conference with D. Jacobs re: same (1.3) | 4.80 Hrs |
| 02/01/05 | ALH | Work on trial preparation | 10.80 Hrs |
| 02/01/05 | MAP | Trial preparation | 6.50 Hrs |
| 02/01/05 | LPP | Trial preparation | 6.70 Hrs |
| 02/01/05 | LEW | Provide requested weather data for P. Frazza | 2.50 Hrs |
| 02/02/05 | DJN | Review deposition designations and counter designations to resolve objections and prepare same for trial (3.2); telephone conferences with P. Frazza re: matter (.4); review Fontani designations and counters to resolve objections (2.4); telephone conferences with client and corporate counsel regarding matter (.3); inoffice conference with P. Frazza re: Fontani designations (.9) | 7.20 Hrs |
| 02/02/05 | PJF | Appearance at trial (6.0); preparation for trial (3.10); telephone conference with Novack (.4); conference with Novack (.9); conference with Jacobs (.5) | 10.90 Hrs |
| 02/02/05 | DPJ | Inoffice conference with P. Frazza | 0.40 Hrs |
| 02/02/05 | DPJ | Telephone conference with client | 0.20 Hrs |
| 02/02/05 | DPJ | Inoffice conference with Frazza | 0.10 Hrs |
| 02/02/05 | DPJ | Review Imation's supplemental bench memo regarding the Fuji royalty | 0.40 Hrs |
| 02/02/05 | DPJ | Draft and revise bench memo re: L. Forsmark testimony with M. Schultz | 4.90 Hrs |
| 02/02/05 | MS | Conference with D. Jacobs re memo on evidentiary issue | 3.90 Hrs |
| 02/02/05 | ALH | Work on trial preparation | 12.10 Hrs |
| 02/02/05 | MAP | Trial Preparation | 5.50 Hrs |
| 02/02/05 | LPP | Trial preparation | 7.00 Hrs |
| 02/03/05 | MDL | Inoffice conference with P. Frazza (.5); telephone conference with M. Sirota (.3) | 0.80 Hrs |
| 02/03/05 | PJF | Preparation for trial (4.5); appearance in Court (5.0); conference with M. Larner (.5); conference with Jacobs (.5) | 10.50 Hrs |
| 02/03/05 | DPJ | Review trial transcript | 0.40 Hrs |
| 02/03/05 | DPJ | Draft, revise and review bench memo re L. Forsmark | 5.00 Hrs |
| 02/03/05 | DPJ | Inoffice conference with A. Harris | 0.20 Hrs |
| 02/03/05 | DPJ | Inoffice conference with A. Harris | 0.40 Hrs |
| 02/03/05 | DPJ | Inoffice conference with P. Frazza | 0.50 Hrs |
| 02/03/05 | DPJ | Inoffice conference with A. Harris | 0.20 Hrs |

Jazz Photo Corp.

Re: Imation Corp. adv. Jazz Photo

| 02/03/05 | MS | Research re: evidentiary memo; revising memo with D. Jacobs | 8.00 Hrs |
|---|---|---|---|
| 02/03/05 | ALH | Work on trial preparation (6.9); multiple conferences with D. Jacobs (.8) | 7.70 Hrs |
| 02/03/05 | MAP | Trial Preparation | 7.10 Hrs |
| 02/03/05 | LPP | Trial preparation | 6.70 Hrs |
| 02/04/05 | MDL | Inoffice conference P. Frazza re: status - settlement/trial | 0.40 Hrs |
| 02/04/05 | DJN | Inoffice conference's with P. Frazza regarding preparation of deposition designations and status of matter | 0.40 Hrs |
| 02/04/05 | DJN | Inoffice conference with P. Frazza regarding status of matter (.3); review Gannon deposition designations and prepare analysis of objections to counter designations (.9); review various bench memoranda recently submitted to the court (2.0); review documents regarding salvaged film (.4); inoffice conference with P. Frazza re: developments and strategy (.6); conference with D. Jacobs (.4) | 4.60 Hrs |
| 02/04/05 | PJF | Preparation for trial (6.0); numerous telephone conferences with various counsel (1.5); conference with M. Larner (.4); conference with D. Novack (1.3); conference with D. Jacobs (.3) | 9.50 Hrs |
| 02/04/05 | DPJ | Inoffice conferences with A. Harris | 0.40 Hrs |
| 02/04/05 | DPJ | Draft and revise bench memo re L. Forsmark | 2.60 Hrs |
| 02/04/05 | DPJ | Inoffice conference with D. Novack | 0.40 Hrs |
| 02/04/05 | DPJ | Inoffice conference with P. Frazza | 0.30 Hrs |
| 02/04/05 | MS | Editing memo re evidentiary issues | 3.30 Hrs |
| 02/04/05 | ALH | Telephone conferences with Pete Fitzgerald (.3); work on trial preparation (7.8) | 8.10 Hrs |
| 02/04/05 | MAP | Trial Preparation | 6.90 Hrs |
| 02/04/05 | LPP | Trial preparation | 2.30 Hrs |
| 02/05/05 | PJF | Preparation for trial | 4.50 Hrs |
| 02/06/05 | PJF | Preparation for trial | 4.50 Hrs |
| 02/07/05 | MDL | Inoffice conference with P. Frazza (1.0); telephone conference with J. Benun (.4) | 1.40 Hrs |
| 02/07/05 | DJN | Inoffice conference with P. Frazza regarding research assignment (.2); telephone conference with C. Campos regarding status of trial schedule (.2); review exhibits for Campos testimony (.9); review status of matter with P. Frazza (.4) | 1.70 Hrs |

Jazz Photo Corp.

Re: Imation Corp. adv. Jazz Photo

| | | | |
|---|---|---|---|
| 02/07/05 | PJF | Appearance in Court (3.0); conference with adversary (1.5); review documents in anticipation of bankruptcy hearing (2.9); conferences with D. Novack (.6); conference with M. Larner (1.0) | 9.00 Hrs |
| 02/07/05 | DPJ | Inoffice conference with A. Harris | 0.10 Hrs |
| 02/07/05 | MS | Research re: mistrials and stays | 4.10 Hrs |
| 02/07/05 | ALH | Telephone conferences with P. Fitzgerald (.3); work on trial preparation (4.1); office conference with D. Jacobs (.1); review draft of bench memorandum re: Forsmark (.6); telephone conference with R. Heidke (.2); review weather data (2.0) | 7.30 Hrs |
| 02/07/05 | MAP | Edit statements and request (3.0); review exhibits to be moved into evidence (3.7) | 6.70 Hrs |
| 02/08/05 | MDL | Telephone conference with J. Benun (.2); telephone conference with M. Sirota (.1) | 0.30 Hrs |
| 02/08/05 | PJF | Preparation for bankruptcy hearing (5.0); numerous telephone conferences with numerous parties relating to the bankruptcy hearing (4.1) | 9.10 Hrs |
| 02/08/05 | ALH | Review court transcript | 0.40 Hrs |
| 02/08/05 | MAP | Trial Preparation | 6.00 Hrs |
| 02/09/05 | DJN | Review expert reports on damages in preparation for court conference (.4); attend court conference before Judge Stern (6.3); conference with A. Harris (.4 ) | 7.10 Hrs |
| 02/09/05 | PJF | Appearance in Bankruptcy Court and discussion with numerous parties (9.6); appearance before Judge Linares with W. Stoeri (.5) | 10.10 Hrs |
| 02/09/05 | ALH | Telephone conference with Ron Heidke (.1); review document (.2); office conference with D. Novack (.4) | 0.70 Hrs |
| 02/09/05 | MAP | Follow-up work re: trial issues | 6.50 Hrs |
| 02/10/05 | DJN | Review materials to be submitted to Judge Stern and prepare letter related to same (.4); telephone conferences with C. Campos re: status of matter (.3); telephone conferences with examiners re: procedure (.2); inoffice conference with P. Frazza regarding contents of report (.4); conference with P. Frazza (.4) review various materials and preparation of draft of report to Judge Stern (.9); conference with P. Frazza (2.7) | 4.90 Hrs |
| 02/10/05 | PJF | Conference with D. Novack (3.5); telephone conferences with client (1.0); telephone conferences with M. Sirota (1.0) | 5.50 Hrs |

Jazz Photo Corp.

Re: Imation Corp. adv. Jazz Photo

| 02/10/05 | ALH | Locate and read Imation's news release (.3); telephone conferences with experts (.6); receipt and review invoices (.6); exchange e-mails with Steven Rosenthal (.2) | 1.70 Hrs |
|---|---|---|---|
| 02/10/05 | MAP | Follow-up work re: trial issues | 6.90 Hrs |
| 02/11/05 | DJN | Inoffice conferences with examiners (Ordway/Moore) (1.2); inoffice conference with P. Frazza regarding report (.2); revise report to Judge Stern (.3); inoffice conference with C. Campos and Examiner (3.9); revise report to court with P. Frazza (.6); conference with P. Frazza and M. Benun's and J. Benun's bankruptcy counsel (1.0); conference with C. Campos and P. Frazza (.2) | 7.60 Hrs |
| 02/11/05 | PJF | Work on report to Court (3.3); conference with examiners (1.3); conference with D. Novack (.2); conference with C. Campos and D. Novack (.2); conference with D. Novack (.2): conference with D. Novack, M. Benun, and Jack Benun's bankruptcy counsel (1.0) | 6.20 Hrs |
| 02/11/05 | MAP | Work re: Settlement Process | 4.30 Hrs |
| 02/12/05 | PJF | Telephone conference with B. Stoeri (.4); work on report for Court (2.5) | 2.90 Hrs |
| 02/13/05 | DJN | Review memorandum from P. Frazza regarding additions to report to Judge Stern (.3); review and revise draft report (.4); review related materials for submission to court (.2) | 0.90 Hrs |
| 02/13/05 | ALH | Telephone conference with Mary Pank (.2); telephone conferences with counsel (.3) | 0.50 Hrs |
| 02/14/05 | DJN | Telephone conferences with P. Frazza regarding revisions/additions to report and related issues (1.6); telephone conferences with counsel to shareholder re: inspection of documents, etc. (.4); telephone conferences with counsel for Imation re: matter (.2); participation in conference call with court (.7); miscellaneous telephone calls with various parties (2.4); review case law re: standard of review by court (.4) review documents to be served on requesting parties (.9) | 6.40 Hrs |
| 02/14/05 | PJF | Work on report to Court (1.0); telephone conferences with D. Novack (1.6); telephone conferences with other parties to bankruptcy (.4) | 4.00 Hrs |
| 02/14/05 | ALH | Review documents from Deacons re: winding-up order for Jazz Photo HK (.7); review e-mail from Chris Campos (.1; review documents to obtain information requested by Chris Campos (1.4); telephone conferences with Campos & Stratis (.3); prepare correspondence to defense counsel (.2); perform legal research re: Martin bankruptcy court decision (.3); telephone conference with | 3.20 Hrs |

Jazz Photo Corp.

Re: Imation Corp. adv. Jazz Photo

|  |  |  |  |
|---|---|---|---|
|  |  | counsel (.2) |  |
| 02/14/05 | MAP | Follow-up work re: trial and settlement issues | 6.90 Hrs |
| 02/15/05 | MDL | Review report and inoffice conference with D. Novack | 1.60 Hrs |
| 02/15/05 | DJN | Review and revise report to court (1.2); inoffice conferences with M. Larner in preparation for hearing (1.6); telephone conferences with client re: matter (.6); review all submissions from various parties regarding proposed settlement (1.9); review various materials pertaining to Jazz Hong Kong (2.0); telephone conferences regarding Jazz Hong Kong (.4); telephone conferences with P. Frazza re: matter (1.0); conference with A. Harris (.8) | 9.50 Hrs |
| 02/15/05 | PJF | Telephone conferences with D. Novack (1.0) | 1.00 Hrs |
| 02/15/05 | ALH | Review documents from bankruptcy court (.2); review fax from Deacons (.3); telephone conference with Campos & Stratis (.1);obtain information regarding Concord sales (.3); obtain information needed for office conference (.3); office conferences with David Novack (.8); prepare e-mail to counsel (.2) | 2.20 Hrs |
| 02/15/05 | ALH | Telephone conference with counsel | 0.30 Hrs |
| 02/15/05 | MAP | Review and sort pleadings and correspondence, update file folders | 7.10 Hrs |
| 02/16/05 | MDL | Court Hearing | 7.50 Hrs |
| 02/16/05 | DJN | Inoffice conference with A. Harris regarding strategy for hearing (.4); appearance before Judge Stern (7.5); telephone conferences with A. Harris and other regarding settlement terms, etc.(1.0) | 8.90 Hrs |
| 02/16/05 | ALH | Review file re: Jazz Photo Hong Kong (1.0); begin review of bankruptcy documents (.4); conference with D. Novack (.4); telephone conference with D. Novack (1.0) | 2.80 Hrs |
| 02/16/05 | MAP | Update pleadings; refile documents and various deposition trancripts used for trial | 6.70 Hrs |
| 02/17/05 | DJN | Review proposed form of order and revisions to same approving settlement (.6); telephone conference with various counsel re: settlement (.8); conferences with P. Frazza regarding matter (.9); telephone conference with court re: matter; telephone conference with adversary regarding terms of settlement (.3); review materials filed with bankruptcy court to identify confidential documents; (1.4); inoffice conference with P. Frazza re: same (.2) | 4.20 Hrs |

Jazz Photo Corp.

Re: Imation Corp. adv. Jazz Photo

| | | | |
|---|---|---|---|
| 02/17/05 | PJF | Numerous telephone calls and meetings relating to settlement (3.2); work on effectuating settlement (4.7); conference with D. Novack (1.1) | 9.00 Hrs |
| 02/17/05 | ALH | Continue review of bankruptcy documents re: confidential information (2.2); review file material re: bankruptcy issues (2.5);  telephone conference with Judge Linares' Chambers (.2); prepare correspondence to Judge Linares (.2); telephone conferences with Array Technology (.3); telephone conference with Chris Campos (.1) | 5.50 Hrs |
| 02/17/05 | MAP | Locate information requested by A. Harris (2.7); follow-up re: fax to Lisette re: removal of boxes (.2) | 2.90 Hrs |
| 02/18/05 | DJN | Review correspondence and proposed forms of order with respect to approval of settlement in bankruptcy court (.4); participation in court conference before Judge Stern regarding form of order and related matters (.7); inoffice conference with P. Frazza (.5); telephone conferences with adversary re: Jazz Hong Kong issues (.3); telephone conference with Judge Linares regarding final issues in settlement (.4); review pleadings related to Imation motion for summary judgment (.3); review draft application and order to Judge Linares (.6) | 3.00 Hrs |
| 02/18/05 | PJF | Numerous telephone calls and meetings relating to settlement (2.5); work on effectuating settlement (6.7); conference with D. Novack (.5) | 9.70 Hrs |
| 02/18/05 | ALH | Telephone confernce with Mary Pank (.3); review file material re: Jazz Photo Hong Kong (1.9); telephone confernce with Array Technology (.2); work on fee application (1.5) | 3.90 Hrs |
| 02/18/05 | MAP | Organizations of file (1.7); pick-up of boxes from court house (5.0) | 6.70 Hrs |
| 02/18/05 | LPP | Organization of files | 3.10 Hrs |
| 02/21/05 | DJN | Review correspondence from R. Lorenzini and respond to same (.1); review revised application to court regarding Imation motion for summary judgment (.3); telephone conference with adversary regarding same (.2); inoffice conference with P. Frazza (.3); review communications and recent draft of settlement agreement (.6) | 1.30 Hrs |

Jazz Photo Corp.

Re: Imation Corp. adv. Jazz Photo

| 02/21/05 | PJF | Numerous telephone calls and meetings relating to settlement (1.1); work on effectuating settlement (1.2); conference with D. Novack (.3) | 2.60 Hrs |
|----------|-----|------|------|
| 02/22/05 | DJN | Review correspondence and pleadings relating to entry of order denying stay of settlement (.3); inoffice conference with P. Frazza (.3); review application for clarification of summary judgment opinion (.5) | 1.10 Hrs |
| 02/22/05 | PJF | Numerous telephone calls and meetings relating to settlement (1.2); work on effectuating settlement (.1); conference with D. Novack (.3); conference with A. Harris (1.3) | 2.90 Hrs |
| 02/22/05 | ALH | Review various e-mails (.4); office conference with P. Frazza (1.3) | 1.70 Hrs |
| 02/22/05 | MAP | Re-file documents | 1.90 Hrs |
| 02/23/05 | DJN | Telephone conferences with adversary (.4); review terms of settlement proposal appearing in notice to Bankruptcy Court (.2); telephone conferences with P. Frazza and adversary (.6); review revisions to settlement agreement (.4); review transcript from proceedings before Judge Stern (.6) | 2.20 Hrs |
| 02/23/05 | PJF | Numerous telephone calls and meetings relating to settlement (.8); work on effectuating settlement (1.5); telephone conference with D. Novack and adversary (.6) | 2.90 Hrs |
| 02/24/05 | DJN | Review application by Imation, et al. seeking clarification of court's Opinion and Order of May 20, 2004 (.3); review file materials and pleadings related to application (.7); telephone conferences with P. Frazza (.7); inoffice conference with colleagues re: same; (.5) preparation of draft correspondence and affidavit to court responding to Imation's application (.8); telephone conference with court re: response (.2); review most recent version of settlement agreement from adversary (.4); telephone conference with bankruptcy counsel to Jazz (.3) | 3.90 Hrs |
| 02/24/05 | PJF | Numerous telephone calls and meetings relating to settlement (2.1); work on effectuating settlement (1.4); telephone conference with D. Novack (.7); conference with A. Harris (.3) | 4.50 Hrs |
| 02/24/05 | ALH | Telephone conference with Ron Heidke (.2); review application filed by Imation (.4); review file material re: Imation's application (1.1); review draft of letter to Judge Linares (.3); office conferences with P. Frazza (.3) | 2.30 Hrs |

Jazz Photo Corp.

Re: Imation Corp. adv. Jazz Photo

| 02/25/05 | DJN | Review various drafts of settlement agreement and escrow agreement (1.2); telephone conferences with P. Frazza re: matter (.4); telephone conferences with counsel to Jazz in bankruptcy re: revisions to agreement (.6) | 2.20 Hrs |
|---|---|---|---|
| 02/25/05 | LEW | Check available ITC hearing transcripts for A. Harris | 1.00 Hrs |
| 02/28/05 | PJF | Numerous telephone calls regarding settlement (1.6); conference with D. Novack (.4) | 2.00 Hrs |
| 02/28/05 | ALH | Receipt and review materials | 0.10 Hrs |

TOTAL LEGAL SERVICES    $106,171.50

## LEGAL SERVICES SUMMARY

| | | | |
|---|---|---|---|
| Larner, Mark D. | 23.00 Hrs | 400/hr | $9,200.00 |
| Novack, David J. | 84.80 Hrs | 300/hr | $25,440.00 |
| Frazza, Peter J. | 133.30 Hrs | 280/hr | $37,324.00 |
| Jacobs, Donald P. | 26.90 Hrs | 300/hr | $8,070.00 |
| Schultz, Michael | 24.10 Hrs | 140/hr | $3,374.00 |
| Harris, Allen L. | 71.30 Hrs | 195/hr | $13,903.50 |
| Pank, Mary A. | 88.60 Hrs | 75/hr | $6,645.00 |
| Peskin, Linda P. | 25.80 Hrs | 75/hr | $1,935.00 |
| Wilson, Lydia E. | 3.50 Hrs | 80/hr | $280.00 |
| | 481.30 Hrs | | $106,171.50 |

## DISBURSEMENTS

Through February 28, 2005

| | |
|---|---|
| Conference Call | $24.09 |
| Messenger Service | $406.60 |
| Federal Express | $128.92 |
| Photocopies-Inoffice | $111.00 |
| Online Services-Westlaw | $1,001.58 |
| Depositions | $-23.68 |
| Telecopies | $81.00 |
| Court Records - Copies | $144.00 |

Jazz Photo Corp.

Re: Imation Corp. adv. Jazz Photo

**DISBURSEMENTS**

Through February 28, 2005

| | |
|---|---:|
| Photocopies-Outside | $277.82 |
| Long Distance Telephone Charges | $0.69 |
| Travel and Related Expenses | $475.98 |

|  |  |
|---:|---:|
| TOTAL DISBURSEMENTS | $2,628.00 |
| TOTAL THIS BILL | $108,799.50 |

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-7(c)
MS – 4088
WU - 1187
COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
25 Main Street
Hackensack, NJ 07601
(201) 489-3000
(201) 489-1536 Telecopier
Attorneys for Jazz Photo Corp., Debtor-in-
Possession



FILED
JAMES J WALDRON, CLERK

JUN 1 1 2003

U.S. BANKRUPTCY COURT
_____, N.J.
BY _____ DEPUTY

In the Matter of:

JAZZ PHOTO CORP.,

              Debtor-in-Possession.

Case No. 03-26565 (MS)

Hearing Date: May 30, 2003

Judge: Honorable Morris Stern

### ORDER APPROVING THE DEBTOR'S RETENTION OF
### BUDD, LARNER, ROSENBAUM, GREENBERG & SADE, P.C.
### AS SPECIAL LITIGATION COUNSEL PURSUANT TO 11 U.S.C. 327(e)

The relief set forth on the following pages, numbered two (2) through four (4), is hereby
ORDERED.

6/11/03

(Page 2)
Debtor:                  JAZZ PHOTO CORP.
Case No.                 03-26565 (MS)
Caption of Order:        ORDER APPROVING THE DEBTOR'S RETENTION OF
                         BUDD, LARNER, ROSENBAUM, GREENBERG & SADE, P.C.
                         AS SPECIAL LITIGATION COUNSEL PURSUANT TO 11 U.S.C.
                         327(e)

THIS MATTER having been opened to the Court by Jazz Photo Corp., the within debtor

and debtor-in-possession herein (the "Debtor"), upon an Application for entry of an Order

approving its retention of Budd, Larner, Rosenbaum, Greenberg & Sade, P.C. ("Budd Larner")

as special litigation counsel pursuant to 11 U.S.C. § 327(e); and it appearing that the Application

seeks approval of the Debtor's retention of Budd Larner as appellate counsel for the Debtor in

the Fuji Case (as defined in the Application) and as litigation counsel in the Imation Case (as

defined in the Application); and the Court having considered the Application and the initial and

supplemental affidavits of Peter J. Frazza, Esq., submitted in support thereof; and the Court

being satisfied that Budd Larner does not hold or represent any interest adverse to the Debtor, its

estate or creditors, with respect to the matters for which Budd Larner is being employed within

the meaning of Sections 327(e) of the Bankruptcy Code, and that said employment is in the best

interests of the estate; and notice of the proposed retention having been given in accordance with

the requirements of D.N.J. LBR 2014-1(a); and for good cause shown,

    IT IS ORDERED that:

    1.    The Debtor's retention of Budd Larner as special counsel for the Debtor in the

Fuji Case and the Imation Case is hereby authorized and approved effective as of the date of the

commencement of this case. Except as modified herein, the retention of Budd Larner is

approved on the terms and conditions described in the Application, including the hourly rates set

(Page 3)
Debtor:              JAZZ PHOTO CORP.
Case No.             03-26565 (MS)
Caption of Order:    ORDER APPROVING THE DEBTOR'S RETENTION OF
                     BUDD, LARNER, ROSENBAUM, GREENBERG & SADE, P.C.
                     AS SPECIAL LITIGATION COUNSEL PURSUANT TO 11 U.S.C.
                     327(e)

forth therein and Budd Larner's right to a 10% contingency fee in the Imation Case, up to a

maximum contingency fee of $1,700,000.00.

2.      In connection with the Imation Case, the Debtor shall make weekly payments to

Budd Larner in the amount of $25,000.00 for services to be rendered and expenses to be incurred

in connection with the Imation Case. Budd Larner shall maintain those $25,000.00 payments in

a segregated escrow retainer account as a replenishing post-petition retainer for use in the

Imation Case (the "Imation Retainer"). Each month, Budd Larner may apply against the Imation

Retainer its fees and costs incurred in the Imation Case in accordance with and pursuant to the

procedures described in the March 31, 2003 General Order Adopting Guidelines Governing

Procedures for Payment of Interim Compensation and Reimbursement of Expenses to

Professionals (the "Administrative Fee Order"), a copy of which is attached hereto as Exhibit A.

3.      Budd Larner will be bound by and comply with the Administrative Fee Order in

all respects in connection with the Imation Case. If the balance of the Imation Retainer equals or

exceeds $250,000.00 at the end of any calendar month after application of monies by Budd

Larner in accordance with the Administrative Fee Order, the Debtor shall not make the

$25,000.00 weekly payments for the following calendar month. If the balance of the Imation

Retainer is less than $250,000.00 at the end of any calendar month after application of monies by

Budd Larner in accordance with the Administrative Fee Order, the Debtor shall resume making

$25,000.00 weekly payments to Budd Larner until such time as the balance of the Imation

(Page 4)
Debtor:              JAZZ PHOTO CORP.
Case No.             03-26565 (MS)
Caption of Order:    ORDER APPROVING THE DEBTOR'S RETENTION OF
                     BUDD, LARNER, ROSENBAUM, GREENBERG & SADE, P.C.
                     AS SPECIAL LITIGATION COUNSEL PURSUANT TO 11 U.S.C.
                     327(e)

Retainer will be increased to $250,000.00 during the following calendar month, in which case

the Debtor shall make no further weekly payments for the balance of the following month.

4.      The pre-petition retainer the Debtor paid to Budd, Larner in the amount of

$36,600.00 for the Fuji Case is reasonable and is hereby approved.

5.      All parties-in-interest reserve their rights to the existence, extent and validity of

the charging lien Budd Larner is asserting pursuant to N.J.S.A. 2A:13-5 against the Debtor's

anticipated recovery in the Imation Case to secure monies owed to Budd Larner for pre-petition

services.

6.      Subject only to paragraphs 2 and 3 above, any and all compensation to be paid to

Budd Larner for services rendered on the Debtor's behalf shall be fixed by application to this

Court in accordance with Sections 330 and 331 of the Bankruptcy Code and such Local and

Federal Rules of Bankruptcy Procedure as may then be applicable.

7.      A copy of this Order shall be served on all parties-in-interest within seven (7)

days hereof.

EXHIBIT A

*UNITED STATES BANKRUPTCY COURT*
*DISTRICT OF NEW JERSEY*

IN RE:                                    :

PROCEDURES FOR                            :
CHAPTER 11 CASES                          :
                                          :
                                          :

*GENERAL ORDER ADOPTING GUIDELINES*
*GOVERNING PROCEDURES FOR PAYMENT OF*
*INTERIM COMPENSATION AND REIMBURSEMENT*
*OF EXPENSES TO PROFESSIONALS*

UPON CONSIDERATION of the recommendations of the Chapter 11 Subcommittee of

the Lawyer's Advisory Committee of the Bankruptcy Court for the District of New Jersey, the

Court finds a need to implement policies and procedures to better serve the bench, bar and public

in chapter 11 cases. Accordingly, by resolution of the Board of Judges of the United States

Bankruptcy Court for the District of New Jersey,

IT IS ORDERED pursuant to 11 U.S.C. §§ 105(a) and 331 that the Guidelines

Governing Procedures For Payment Of Interim Compensation And Reimbursement Of Expenses

To Professionals attached hereto as Exhibit A are hereby ADOPTED; and

IT IS FURTHER ORDERED that

1. The Court reserves the right to modify the provisions of this General Order to
   accommodate the needs of a chapter 11 case before it; and

2. The Exhibits/Standard Forms And Orders referenced in this General Order
   may be revised by the Court at any time on an individual basis without the
   need to further amend this General Order; and

IT IS FURTHER ORDERED that this Order shall apply to chapter 11 cases pending on

the date of this Order.

Dated: March 31, 2003

Hon. Rosemary Gambardella, Chief Judge
United States Bankruptcy Court
District of New Jersey

FHJ\103S01.2

## *EXHIBIT A*

## GUIDELINES GOVERNING PROCEDURES FOR PAYMENT
## OF INTERIM COMPENSATION AND REIMBURSEMENT
## OF EXPENSES TO PROFESSIONALS PURSUANT TO 11 U.S.C. §§ 105(a) AND 331

The procedures set forth below concern the submission of motions seeking the entry of an administrative order establishing procedures for payment of interim compensation and reimbursement of expenses to professionals pursuant to 11 U.S.C. §§ 105(a) and 331 for services rendered and expenses incurred during a Chapter 11 case. This will enable both the Court and practitioners to understand the procedures in advance and ensure that motions and corresponding relief they seek conform to procedures that are accepted by the Court when it is appropriate to enter such types of orders. Accordingly, the following guidelines governing procedures for payment of interim compensation and reimbursement of expenses to professionals pursuant to 11 U.S.C. §§ 105(a) And 331 have been approved by the Court.

A.    SCOPE OF APPLICABILITY

1.    All professionals retained in a Chapter 11 case pursuant to Bankruptcy Code §§327 and 1103 (the "Professional") may seek post-petition interim compensation pursuant to the within guidelines by filing the appropriate motion seeking the entry of an administrative fee order ("Administrative Fee Order").

B.    SUBMISSION AND MONTHLY STATEMENTS

2.    On or before the twenty-fifth (25th) day of each month following the month for which compensation is sought, each Professional seeking compensation pursuant to an Administrative Fee Order shall file with the Court and serve a monthly fee and expense statement (the "Monthly Fee Statement"), by hand or overnight delivery or by any means directed by the Court upon the following persons:

(a)    the officer designated by the Debtor to be responsible for such matters;

(b)    counsel to the Debtor;

(c)    counsel to all official committees;

(d)    United States Trustees Office for Region III – Newark , NJ office;

    (e)    counsel to all post-petition lenders or their agents;

    (f)    all parties filing an entry of appearance and request for notices pursuant to Federal Rule of Bankruptcy Procedure 2002; and

    (g)    any other party the Court may so designate.

## C.    CONTENT OF MONTHLY STATEMENT

3.    Each Monthly Fee Statement shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of New Jersey with the exception that provisions of DNJ LBR 2016-1(a)(8) [cover sheet] and (a)(9) [narrative explanation] are not required.

4.    All timekeepers must maintain contemporaneously time entries for each individual in increments of tenths $(1/10^{th})$ of an hour.

## D.    REVIEW PERIOD

5.    Each person receiving a Monthly Fee Statement shall have twenty (20) days after service of the Monthly Fee Statement to review it (the "Objection Deadline").

## E.    PAYMENT

6.    Upon the expiration of the Objection Deadline, each Professional may file and serve upon each of the parties set forth in Section B2 herein, including, but not limited to, the Debtor a certificate of no objection or a certificate of partial objection, whichever is applicable, after which the Debtor is authorized to pay each Professional an amount (the "Actual Interim Payment") equal to the lesser of (i) eighty percent (80%) of the fees and 100 percent (100%) of the expenses requested in the Monthly Fee Statement or (ii) eighty percent (80%) of the fees and 100 percent (100%) of the expenses not subject to any objection.

## F.    OBJECTIONS

7.    If any party objects to a Monthly Fee Statement, it must file a written objection (the "Notice Of Objection To Monthly Fee Statement") and serve it upon the Professional and each of the parties served with the Monthly Fee Statement as set forth in Section B2 of these guidelines including, but not limited to, the Debtor so that the Notice Of Objection To Monthly Fee Statement is received on or before the Objection Deadline.

8.    The Notice Of Objection To Monthly Fee Statement must set forth the nature of the objection and the amount of fees and/or expenses at issue.

9.    If the Debtor received an objection to a particular Monthly Fee Statement, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in Section E7 herein.

10.     If the parties to an objection are able to resolve their respective dispute(s) following the service of a Notice Of Objection To Monthly Fee Statement and if the party whose Monthly Fee Statement was objected to serves upon all the parties listed in Section B2 herein a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay in accordance with Section E7 herein that portion of the Monthly Fee Statement which is no longer subject to an objection.

11.     If the parties are unable to reach a resolution of the objection within twenty (20) days after service of the objection, then the affected Professional may either (a) file a response to the objection with the Court together with a request for payment of the difference, if any, between the Actual Interim Payment and the non-objected to portion of the Actual Interim Payment made to the affected Professional (the "Incremental Amount"); or (b) forgo payment of the Incremental Amount until the next interim or final fee application or any other date and time so directed by the Court at which time it will consider and dispose of the objection, if so requested.

12.     The service of an objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the objection or not.

13.     Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code and applicable rules.

G.    FEE APPLICATIONS

14.     Parties can file at four (4) month intervals or such other intervals directed by the Court ("Interim Period") an interim fee application. Each Professional seeking approval of its interim fee application shall file with the Court and serve upon the requested parties an interim application for allowance of compensation and reimbursement of expenses, pursuant to Bankruptcy Code §331, of the amounts sought in the Monthly Fee Statements issued during such period (the "Interim Fee Application").

15.     The Interim Fee Application must include a summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court and shall comply with the mandates of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, the Local Rules for the United States Bankruptcy Court for the District of New Jersey and the applicable Third Circuit law.

16.     An Interim Fee Application must be filed and served within forty-five (45) days of the conclusion of the Interim Period.

17.     Any Professional who fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Administrative Fee Order until such time as the Interim Fee Application is submitted.

18.    The pendency of a fee application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Professional from the further payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court. Additionally, the pendency of the an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

19.    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

20.    Counsel for each official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement to professionals, collect and submit statements of expenses, with supporting vouchers, from members of the committee he or she represents; provided, however, that such committee counsel ensures that these reimbursement requests comply with the applicable rules and these guidelines.

21.    Each Professional may seek, in its first request for compensation and reimbursement of expenses pursuant to these guidelines, compensation for work performed and reimbursement for expenses incurred during the period of time between the commencement of the case through and including a specific date.

H.    **ADMINISTRATIVE ISSUES**

22.    Any party may object to requests for payments made pursuant to the Administrative Fee Order on the grounds that the Debtors have not timely filed monthly operation reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists by seeking a further order of this Court.

23.    Debtor shall include all payments to Professionals on their monthly operating reports, detailed so as to state the amount paid to the Professionals.

24.    Otherwise, the Administrative Fee Order shall continue and shall remain in effect during the pendency of the case.

25.    All time periods set forth in this Order shall be calculated in accordance with Federal Rule of Bankruptcy Procedure 9006(a).

26.    All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court.

I.    **SERVICE OF THE ADMINISTRATIVE FEE ORDER**

27.    Debtors must serve a copy of the Administrative Fee Order upon all parties served with the underlying motion seeking an Administrative Fee Order; all affected Professionals; all parties listed in Section B2 herein and any other party the Court shall designate.

PHI\1059691.3                                     4