**MS-4088**
**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Attorneys for Jazz Photo Corp.,
Debtor-in-Possession

    -and-

**HSG-8559**
**RAVIN GREENBERG, PC**
A Professional Corporation
101 Eisenhower Parkway
Roseland, New Jersey 07068-1092
(973) 226-1500
(973) 226-6888 Facsimile
Attorneys for the Official Committee
of Unsecured Creditors

| | |
|---|---|
| In the Matter of: | : UNITED STATES BANKRUPTCY COURT |
| | : FOR THE DISTRICT OF NEW JERSEY |
| | : HONORABLE MORRIS STERN |
| JAZZ PHOTO CORP., | : CASE NO. 03-26565 (MS) |
| | : |
| Debtor-in-Possession. | :         Chapter 11 |
| | : |

**JOINT PLAN OF ORDERLY**
**LIQUIDATION**

## TABLE OF CONTENTS

**Page**

ARTICLE I          INTRODUCTION ...................................................................... i

ARTICLE II         DEFINITIONS.......................................................................... ii

ARTICLE III        TREATMENT OF ADMINISTRATIVE EXPENSE AND
                   PRIORITY TAX CLAIMS ........................................................ xii

ARTICLE IV         CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS .......... xiii

ARTICLE V          TREATMENT OF CLAIMS ................................................... xv

ARTICLE VI         MEANS OF EXECUTION OF THE PLAN .......................................... xvi

ARTICLE VII        THE LIQUIDATING TRUSTEE ............................................. xx

ARTICLE VIII       TREATMENT OF EXECUTORY CONTRACTS ............................. xxvii

ARTICLE IX         MODIFICATION OF THE PLAN........................................... xxvii

ARTICLE X          CONDITIONS TO EFFECTIVE DATE ............................................ xxviii

ARTICLE XI         RETENTION OF JURISDICTION ...................................... xxix

ARTICLE XII        GENERAL PROVISIONS ................................................. xxxi

# ARTICLE I

## INTRODUCTION

This joint plan of orderly liquidation (the "Plan") is proposed by Jazz Photo Corp., the

within debtor and debtor-in-possession (the "Debtor"), and the Official Committee of Unsecured

Creditor of Jazz Photo Corp. (the "Committee"), pursuant to section 1121(a) of Title 11 of the

United States Code (the "Bankruptcy Code").

Pursuant to the Plan, the Debtor and the Committee propose an orderly liquidation of the

Debtor's Assets.  The Plan provides that all funds realized from the collection and liquidation of

the Debtor's Assets will be paid to Creditors on account of their Claims in accordance with the

distributive priorities of the Bankruptcy Code.  The Debtor and the Committee propose to

implement the Plan by establishing a Liquidating Trust that will be administered by the

Liquidating Trustee.  On the Effective Date, the Debtor's Assets will be transferred to the

Liquidating Trust for the benefit of Creditors.  Thereafter, the Liquidating Trustee will be

responsible for liquidating all of the Assets, pursuing all causes of action and making

distributions to Creditors in accordance with the terms of the Plan.

All Creditors and other parties-in interest are encouraged to carefully review the

Disclosure Statement prepared by the Debtor and the Committee before voting to accept or reject

the Plan.  NO SOLICITATION MATERIALS, OTHER THAN THE DISCLOSURE

STATEMENT AND RELATED MATERIALS TRANSMITTED THEREWITH, HAVE BEEN

AUTHORIZED BY THE BANKRUPTCY COURT FOR USE IN SOLICITING

ACCEPTANCES OR REJECTIONS OF THE PLAN.

# ARTICLE II

## DEFINITIONS

For purposes of the Plan, and except as expressly provided otherwise herein or unless the context otherwise requires, all of the defined terms stated in this Article II will have the meanings stated below.  For purposes of the Plan and such defined terms, the singular and plural uses of such defined terms and the conjunctive and disjunctive uses thereof will be interchangeable (unless the context otherwise requires), and the defined terms will include masculine, feminine, and neutral genders.  The defined terms stated in this Article II are substantive terms of the Plan, and Article II will be deemed incorporated throughout the rest of the Plan to apply the substantive provisions included in the defined terms.

2.1.    Administrative Claim means:  (a) every cost or expense of administration of the Bankruptcy Case, including any actual and necessary post-petition expenses of preserving the Estate, entitled to priority under Sections 503(b) and 507(a)(1) of the Bankruptcy Code; (b) any actual and necessary post-petition expenses of operating the Debtor; (c) all Professional Compensation and Reimbursement Claims approved by the Bankruptcy Court pursuant to interim and final allowances in accordance with Sections 105, 330, 331, and 503(b) of the Bankruptcy Code; and, (d) all fees and charges assessed against the Estates under 28 U.S.C. § 1930.

2.2.    Administrative Claim Bar Date means April 25, 2005, the date established by the Bankruptcy Court as the date by which all requests for payment of Administrative Claims must be filed.

2.3.    Affiliate means and Jazz Photo (Hong Kong) Ltd. and JCB Consultants, Inc.

2.4.    Affiliate Claims means all Claims owing by the Debtor to an Affiliate.

2.5.    <u>Allowed Claims</u> means every Claim, other than an Administrative Claim, against the Debtor: (a)(i) as to which a proof of such Claim has been filed within the time fixed by the Bankruptcy Court or, if such Claim arises from the Debtor's rejection of an Executory Contract, no later than the Confirmation Date or, if rejected pursuant to the Confirmation Order, the first Business Day that is thirty (30) days after the Effective Date, or (ii) which the Debtor has scheduled in its Schedules (including any amendments thereto) as liquidated in amount and undisputed; and in either event: (b)(i) as to which no objection to the allowance of such Claim has been filed within any applicable time period fixed by the Bankruptcy Court, or (ii) as to which the order allowing such Claim has become final and non-appealable without any appeal, review, or other challenge of any kind to that order having been taken or being still timely or with any such appeal, review or other challenge having been finally resolved in favor of the Claimant.  The term Allowed Claim may be used throughout the Plan with each of the various Creditors' Claims or Classes of those Claims to signify that such Claims are, will be, or must be Allowed Claims to qualify for certain treatment under the Plan.

2.6.    <u>Allowed Administrative Claim</u> means every Administrative Claim as to which an application for payment has been approved by Final Order after notice and hearing, if required by the Bankruptcy Code, but not including an Administrative Claim that may have previously been paid.

2.7.    <u>Assets</u> means each and every item of property and interest of the Debtor or the Estate as of the Effective Date, whether tangible or intangible, legal or equitable, liquidated or unliquidated, and includes without limitation: (a) all Cash; (b) all Avoidance Actions; (c) all inventory; (d) all patents and licenses; (e) all accounts receivable and any other amounts owed to the Debtor, whether due prior or subsequent to the Petition Date; (f) any other rights, deferred

taxes, claims, causes of action or defenses, whether arising by statute or common law, and

whether arising under the laws of the United States, other countries, or applicable state or local

law; and (e) all of the Debtor's books, records, and privileges.

2.8.    <u>Avoidance Action Recoveries</u> means all Cash or other recoveries from the

Avoidance Actions.

2.9.    <u>Avoidance Actions</u> means all claims, rights, and causes of action asserted or

assertable by the Debtor or the Estate pursuant to Sections 510 and 542 through 553 of the

Bankruptcy Code, whether or not asserted or pending on the Confirmation Date, which are to be

preserved and transferred to the Liquidating Trust to be administered, prosecuted, compromised,

or otherwise disposed of for the benefit of Creditors.

2.10.    <u>Bankruptcy Code</u> means Title 11 of the United States Code, 11 U.S.C. §§ 101, *et

seq*., including any amendments thereto that are applicable to the Chapter 11 Case and in effect

during the Chapter 11 Case.

2.11.    <u>Bankruptcy Court</u> means the United States Bankruptcy Court for the District of

New Jersey, or such other court as may exercise jurisdiction over part or all of the Chapter 11

Case, including the United States District Court for the District of New Jersey to the extent that

the reference of part or all of the Chapter 11 Case is withdrawn.

2.12.    <u>Bankruptcy Rules</u> means the Federal Rules of Bankruptcy Procedure promulgated

under 28 U.S.C. § 2075, including any amendments thereto that are applicable to the Chapter 11

Case, including the local rules of the Bankruptcy Court.

2.13.    <u>Bar Date</u> means September 23, 2003, the date established by Order of the

Bankruptcy Court by which non-governmental Creditors were required to file proofs of claim

with respect to prepetition Claims, except with respect to Administrative Claims, Claims arising

from the rejection of any Executory Contracts, and Claims that were scheduled by the Debtor as undisputed, non-contingent, and unliquidated.

2.14.    <u>Business Day</u> means every day except Saturdays, Sundays, federal holidays, and New Jersey state holidays observed by the Bankruptcy Court.

2.15.    <u>Cash</u> means cash, bank deposits with or letters of credit issued by a bank which the Bankruptcy Court has approved or otherwise recognizes as a creditworthy federal depository, and negotiable instruments which are cashier's checks issued by such a bank or checks certified by such a bank as supported by sufficient collected funds to pay such instruments in full.

2.16.    <u>Chapter 11 Case</u> means the Debtor's above-captioned chapter 11 case pending in the Bankruptcy Court as Case No. 03-26565 (MS).

2.17.    <u>Chapter 11 Professionals</u> means the Debtor's Professionals, the Committee's Professionals and the Examiner, wherever they are referred to collectively in the Plan.

2.18.    <u>Claim</u> means "claim" as defined in Bankruptcy Code Section 101(5).

2.19.    <u>Class</u> means each of the classifications of Claims and Equity interests described in Article IV of the Plan.

2.20.    <u>Committee</u> means the official committee of unsecured creditors appointed in the Chapter 11 Case.

2.21.    <u>Committee's Professionals</u> means:  (a) the law firm of Ravin Greenberg, P.C., and (b) the accounting firm of Weiser, LLP.

2.22.    <u>Confirmation Date</u> means the date on which the Confirmation Order is entered on the Bankruptcy Court's docket.

2.23.    <u>Confirmation Hearing</u> means the hearing held by the Bankruptcy Court regarding confirmation of the Plan, as such may be continued from time to time.

2.24.    <u>Confirmation Order</u> means the order of the Bankruptcy Court confirming the Plan

pursuant to Bankruptcy Code Section 1129.

2.25.    <u>Creditor</u> means "creditor" as defined in Bankruptcy Code Section 101(10).

2.26.    <u>Creditor Carve-Out</u> means the $1 million "carve-out" Fuji agreed to set aside for

distribution to Holders of Class 3 Allowed General Unsecured Claims (excluding the Affiliates,

Jack C. Benun, Jazz Photo Canada Corp., Jazz Photo Ltd. and any other entity within the

definition of 11 U.S.C. § 101(2)) in the settlement reached in the Imation Case.  The $1 million

is to be paid by Fuji to the Class 3 Creditors, subject to the exclusions referenced herein, at the

rate of 17% of Fuji's recovery on either its Allowed Administrative Claim, if any, or its Allowed

General Unsecured Claim.

2.27.    <u>Debtor</u> means Jazz Photo Corp.

2.28.    <u>Debtor's Professionals</u> means:  (a) the law firms of (i) Cole, Schotz, Meisel,

Forman & Leonard, P.A., (ii) Greenberg & Kahr, (iii) Budd Larner, PC, (iv) Kaplan & Gilman,

LLP, and (v) Neville Peterson, LLP; (b) the accounting firm of Eisner LLP; (c) the financial

advisory firm of Capstone Corporate Recovery, LLC; and (d) any and all other professionals that

the Debtor has retained or may retain, with Bankruptcy Court approval, to assist in the conduct

of the Chapter 11 Case or to provide professional services for a specified purpose, all in

accordance with Bankruptcy Code section 327.

2.29.    <u>Disallowed</u>, when referring to a Claim, means a Claim or any portion of a Claim

that has been disallowed or expunged by a Final Order of the Bankruptcy Court.

2.30.    <u>Disclosure Statement</u> means the Disclosure Statement filed by the Debtor and the

Committee with respect to the Plan, including, but not limited to, any restatements, amendments,

modifications, or additional disclosures (if any) provided by the Debtor and the Committee to

comply with Bankruptcy Code section 1127 or orders of the Bankruptcy Court and which has been approved by the Bankruptcy Court.

2.31.    <u>Disputed Claim</u> means every Claim, or portion thereof, which is not an Allowed Claim or a Disallowed Claim.

2.32.    <u>Distribution Date</u> means: (a) the first Business Day which is forty-five (45) days after the Effective Date or as soon as practical thereafter; and, (b) the fifteenth day of each succeeding calendar quarter on which Liquidation Proceeds held in the Liquidating Trust total at least $500,000 (or, in the discretion of the Liquidating Trustee, some other amount that the Liquidating Trustee chooses to establish and specify).

2.33.    <u>Effective Date</u> means the first Business Day after the last of the following dates and events has occurred, unless and to the extent any such condition or requirement for the occurrence of the Effective Date is jointly waived by the Debtor and the Committee: (a) the date five (5) Business Days after the date on which the Confirmation Order has become final and non-appealable without any appeal, review, or other challenge of any kind to that order having been taken or still being timely, provided that the Debtor and the Committee will be entitled to declare a waiver or satisfaction of this condition and their willingness to proceed with the Effective Date on any earlier Business Day that the Confirmation Order is in full force and effect and is not stayed; and (b) satisfaction of all conditions precedent to the effectiveness of the Plan set forth in Article X below.  Except where performance earlier than the Effective Date is expressly required by the Plan or where it is lawful and expressly permitted by the Plan to perform after the Effective Date, performance under the Plan will be due on the Effective Date.  The Debtor and the Committee, jointly, will have the right to render any or all of the performance under the Plan prior to what otherwise would be the Effective Date if they deem it appropriate to do so,

including, but not limited to, the right to render performance under any circumstances which would moot any appeal, review, or other challenge of any kind to the Confirmation Order if any such order is not stayed pending such appeal, review, or other challenge.

2.34.    <u>Equity Interest</u> means any ownership interest or a share of stock in the Debtor (including, but not limited to, all stock, options, warrants, or other rights to obtain such an interest or share of the Debtor), whether or not transferable, preferred, common, voting, or denominated "stock" or a similar security.

2.35.    <u>Estate</u> means the bankruptcy estate of the Debtor created under Bankruptcy Code section 541.

2.36.    <u>Executory Contract</u> means every unexpired lease and other contract that is subject to being assumed or rejected by the Debtor under Bankruptcy Code section 365, pursuant to the Plan or separate motion.

2.37.    <u>Final Distribution Date</u> means the date on which the distribution is made from the Liquidating Trust that finally and fully exhausts the Assets of the Liquidating Trust.

2.38.    <u>Final Order</u> means any order of the Bankruptcy Court as to which (a) the time for appeal has expired and no appeal has been timely taken; or, (b) any appeal that has been timely taken has been finally determined or dismissed.

2.39.    <u>Fuji</u> means Fuji Photo Film Co., Ltd.

2.40.    <u>General Unsecured Claim</u> means every Unsecured Claim against the Debtor (including, but not limited to, every such Claim arising from the rejection of an Executory Contract and every Claim which is the undersecured portion of any Secured Claim), which is not an Administrative Claim, a Priority Unsecured Claim, an Affiliate Claim or a Penalty Claim, and which is classified and treated as the Plan provides for Class 4 Claims.

2.41.   <u>Holder</u> means the beneficial holder of any Claim.

2.42.   <u>Imation Case</u> means the lawsuit the Debtor filed in 1999 against Imation Corp. and Imation S.p.A. in the United States District Court for the District of New Jersey bearing the caption <u>Jazz Photo Corp. v. Imation Corp., et al.</u>, Docket No. 99-2505.

2.43.   <u>Investment Procedures Order</u> means the Order the Bankruptcy Court entered on March 14, 2005 approving the Debtor's investment strategy with respect to settlement proceeds from the Imation Case.

2.44.   <u>Lien</u> means "lien" as defined in Bankruptcy Code section 101(37).

2.45.   <u>Liquidating Trust</u> means the grantor trust established pursuant to the Liquidating Trust Agreement.

2.46.   <u>Liquidating Trust Agreement</u> means the agreement that will evidence and govern the Liquidating Trust, which will be entered into as of the Effective Date by the Debtor and the Liquidating Trustee pursuant to Article VI of the Plan, the form of which will be substantially similar to Exhibit "A" attached hereto and is contemplated to be approved by the Bankruptcy Court pursuant to the Confirmation Order.

2.47.   <u>Liquidating Trustee</u> means Brian T. Moore, C.P.A., or such other person or entity as may be appointed and approved by the Bankruptcy Court as the Liquidating Trustee effective on the Effective Date, and any successor Liquidating Trustee appointed as provided in the Liquidating Trust Agreement.  Any changes to the identity of the Liquidating Trustee will be disclosed by the Debtor and the Committee, will be subject to approval by the Bankruptcy Court, and will become part of the Plan pursuant to the Confirmation Order.

2.48.   <u>Liquidating Trustee Professionals</u> means professionals for whom retention has been or is sought by the Liquidating Trustee for carrying out the objectives of the Liquidating Trust Agreement.

2.49.   <u>Liquidation Proceeds</u> means (a) the Cash transferred to the Liquidating Trustee on the Effective Date, (b) the Cash proceeds or other proceeds of sale, collection, or other liquidation of any of the Assets after payment of all costs, expenses, and commissions of such sale, collection, or other disposition of the Assets, and (b) all Cash or other proceeds from the ownership of the Assets, including Avoidance Action Recoveries; <u>provided</u>, <u>however</u>, that the Liquidation Proceeds will not include the Reserve (except as provided in the definition of Reserve).

2.50.   <u>Malpractice Claims</u> means any claims or causes of action the Debtor may hold against one or more professional firms including in connection with or related to the representation of the Debtor in (a) a patent infringement lawsuit Fuji Photo Film Co. Ltd. filed against the Debtor in the United States District Court for the District of New Jersey bearing the caption <u>Fuji Photo Film Co. Ltd. v. Jazz Photo Corp Inc, Jazz Photo Hong Kong Ltd., and Jack Benun</u>, Docket No. 99-2937 (FSH) or (b) various proceedings before the International Trade Commission.

2.51.   <u>Penalty Claims</u> means any Claims for any fine, penalty, forfeiture, multiple damages, punitive damages, or exemplary damages not meant to compensate the claimant for actual pecuniary loss.

2.52.   <u>Person</u> means "person" as defined in Bankruptcy Code Section 101(41).

2.53.   <u>Petition Date</u> means May 20, 2003, which is the date the Debtor filed a voluntary Chapter 11 petition commencing the Chapter 11 Case.

2.54.    Plan means the "Plan of Orderly Liquidation" dated March 21, 2005, and every restatement, amendment, or modification thereof, if any, approved by the Bankruptcy Court in the Confirmation Order.

2.55.    Priority Non-Tax Claim means any Claim, other than an Administrative Expense Claim or a Priority Tax Claim, that is entitled to priority in payment under Section 507(a) of the Bankruptcy Code.

2.56.    Priority Tax Claim means any Claim of a governmental unit of the kind entitled to priority in payment as specified in Sections 502(i) and 507(a)(8) of the Bankruptcy Code.

2.57.    Priority Unsecured Claim means every Unsecured Claim or portion thereof that is not an Administrative Claim but is entitled to priority under any applicable provision of the Bankruptcy Code.

2.58.    Pro Rata means the proportion that the amount of any Claim in a particular Class bears to the aggregate amount of all Claims in such Class.

2.59.    Professional Compensation and Reimbursement Claims means the Claims of the Chapter 11 Professionals for reimbursement of costs and expenses rendered after the Petition Date and prior to and including the Confirmation Date.

2.60.    Reserve means the reserve established by the Liquidating Trustee to cover all reasonably anticipated expenses of administering the Liquidating Trust including, but not limited to, the costs, fees, and expenses of the Liquidating Trustee and all professionals retained by him. Among other things, the Reserve will be used to fund the professional fees and expensed incurred to prosecute the Avoidance Actions and objections to Disputed Claims. The Reserve will be funded from the Cash transferred to the Liquidating Trustee on the Effective Date, and the amount of the Reserve may be specified in the Confirmation Order. The Liquidating Trustee

will have the right to fix the amount of the initial, and any additional reserves, in his reasonable

discretion.  Unused amounts in the Reserve as of the Final Distribution Date (after the payment

of all costs and expenses to be covered by the Reserve as described above) will become part of

the Liquidation Proceeds.

2.61.   <u>Rosenthal</u> means Rosenthal & Rosenthal, Inc., the Holder of the Class 1 Secured

Claim.

2.62.   <u>Schedules</u> means the schedules of assets and liabilities and statement of financial

affairs filed by the Debtor with the Bankruptcy Court pursuant to Bankruptcy Rule 1007, as such

schedules and statement may have been amended, modified, and supplemented from time to

time.

2.63.   <u>Secured Claims</u> means every Claim or portion thereof which is asserted pursuant

to Bankruptcy Code section 506 by the Creditor holding such Claim to be secured by a Lien, but

only to the extent of the validity, perfection, and enforceability of the claimed Lien and the value

of the interest of the Creditor holding such Claim against such property of the Debtor.

2.64.   <u>Secured Creditor</u> means every Creditor that holds a Secured Claim in the Chapter

11 Case.

2.65.   <u>Unsecured Claims</u> means every Claim or portion thereof, regardless of the priority

of such Claim, which is not a Secured Claim.

## ARTICLE III

## <u>TREATMENT OF ADMINISTRATIVE EXPENSE AND PRIORITY TAX CLAIMS</u>

3.1.   <u>Administrative Expense Claims</u>.  Except to the extent that any entity entitled to

payment of an Allowed Administrative Expense Claim agrees to a different treatment, each

Holder of an Allowed Administrative Expense Claim shall receive Cash in an amount equal to

such Allowed Administrative Expense Claim on the later of the Effective Date and seven (7)

Business Days after the entry of a Final Order Allowing such Administrative Expense Claim, or

as soon thereafter as is practicable.  The Liquidating Trustee will, before making any

distributions to the Holders of Claims in Classes 2 through 5, establish appropriate reserves for

all Disputed Administrative Claims pursuant to Article VII, Section 7.7(b).

(a)    <u>Professional Compensation and Reimbursement Claims</u>.  Any Person

seeking payment on account of a Professional Compensation and Reimbursement Claim shall

file its respective final Fee Application no later than thirty (30) days after the Confirmation Date.

All Professional Compensation and Reimbursement Claims shall be treated as Administrative

Expense Claims as set forth above, or shall be paid on such other terms as may be mutually

agreed upon between the Holder of an Allowed Professional Compensation and Reimbursement

Claim and the Debtor or the Liquidating Trustee, as the case may be.  Failure to timely file a

final Fee Application shall result in the Professional Compensation and Reimbursement Claim

being forever barred and discharged.

3.2.    <u>Priority Tax Claims</u>.  Each Holder of an Allowed Priority Tax Claim, if any, shall

receive Cash in an amount equal to such Allowed Priority Tax Claim on the later of the Effective

Date and seven (7) Business Days after the entry of a Final Order Allowing such Priority Tax

Claim.

# ARTICLE IV

## CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS

Certain Claims and Equity Interests are classified under the Plan as hereafter stated in this

Article IV; <u>provided</u>, <u>however</u>, that a Claim or Equity Interest will be deemed classified in a

particular Class only to the extent that the Claim or Equity Interest qualifies within the

description of that Class and will be deemed classified in a different Class to the extent that any

remainder of the Claim or Equity Interest qualifies within the description of such different Class.

As of the Confirmation Hearing, any Class of Claims which does not contain any Creditor's Claim will be deemed deleted automatically from the Plan; and any Class of Claims which does not contain an Allowed Claim (or a Claim temporarily or provisionally allowed by the Bankruptcy Court pursuant to Bankruptcy Rule 3018(a)) will be deemed automatically deleted from the Plan with respect to voting on confirmation of the Plan.  The Claims against and the Equity Interests in the Debtor are hereby classified as follows:

      (a)    **Class 1 - Secured Claims**.  Class 1 shall include all Claims that are Allowed Secured Claims against the Debtor.  Class 1 is unimpaired under the Plan and, therefore, Holders of Class 1 Claims are conclusively presumed to have accepted the Plan and are not entitled to vote to accept or reject the Plan.

      (b)    **Class 2 – Priority Non-Tax Claims.**  Class 2 shall include all Claims that are Allowed Priority Non-Tax Claims against the Debtor.  Class 2 is unimpaired under the Plan and, therefore, Holders of Class 2 Claims are conclusively presumed to have accepted the Plan and are not entitled to vote to accept or reject the Plan.

      (c)    **Class 3 – General Unsecured Claims.**  Class 3 shall include all Claims that are Allowed General Unsecured Claims against the Debtor.  Class 3 is impaired under the Plan, and Holders of Class 3 Claims are entitled to vote to accept or reject the Plan.

      (d)    **Class 4 – Affiliate Claims.**  Class 4 shall include all Claims that are Allowed Affiliate Claims against the Debtor.  Holders of Class 4 Claims shall receive no distribution on account of their Allowed Affiliate Claims.  Holders of Allowed Class 4 Claims, therefore, are conclusively presumed to have rejected the Plan and are not entitled to vote to accept or reject the Plan.

(e)    **Class 5 – Penalty Claims.**  Class 5 shall include all Claims that are

Allowed Penalty Claims against the Debtor.  Holders of Class 5 Claims shall receive no

distribution on account of their Allowed Penalty Claims.  Holders of Allowed Class 5 Claims,

therefore, are conclusively presumed to have rejected the Plan and are not entitled to vote to

accept or reject the Plan.

(f)    **Class 6 – Equity Interests.**  Class 6 shall include all Equity Interests.

Holders of Equity Interests shall receive no distribution on account of their Equity Interests.

Holders of Equity Interests, therefore, are conclusively presumed to have rejected the Plan and

are not entitled to vote to accept or reject the Plan.

# ARTICLE V

## TREATMENT OF CLAIMS

5.1.    <u>Treatment of Class 1 (Secured Claims)</u>.  Unless Allowed Class 1 Secured Claims

are satisfied in full prior to the Effective Date, Holders of Allowed Class 1 Secured Claims

(including, but not limited to Rosenthal) will receive Cash in an amount equal to such Allowed

Secured Claims on the later of the Effective Date and seven (7) Business Days after the entry of

a Final Order Allowing such Secured Claim.

5.2.    <u>Treatment of Class 2 (Priority Non-Tax Claims)</u>.  Each Holder of an Allowed

Class 2 Priority Non-Tax Claim, if any, will receive Cash in an amount equal to such Allowed

Priority Non-Tax Claim on the later of the Effective Date and seven (7) Business Days after the

entry of a Final Order Allowing such Priority Non-Tax Claim.

5.3.    <u>Treatment of Class 3 (General Unsecured Claims)</u>.  Each Holder of an Allowed

Class 3 General Unsecured Claim will receive its initial Pro Rata share of the Liquidation

Proceeds as soon as practicable after the Effective Date or at such time as the Liquidating

Trustee shall determine after such Allowed General Unsecured Claim becomes Allowed;

provided, however, that the amount of Liquidation Proceeds to be distributed to Holders of

Allowed General Unsecured Claims shall be subject to and reallocated according to the terms of

the Creditor Carve-Out.

5.4.    Treatment of Class 4 (Affiliate Claims).  No Holder of an Allowed Class 4

Affiliate Claim shall receive any distribution on account of such Allowed Affiliate Claim.

5.5.    Treatment of Class 5 (Penalty Claims).  No Holder of an Allowed Class 5 Penalty

Claim shall receive any distribution on account of such Allowed Penalty Claim.

5.6.    Treatment of Class 6 (Equity Interests).  No Holder of an Equity Interest shall

receive any distribution on account of such Equity Interest.  Immediately upon completion of the

liquidation of the Debtor's remaining Assets, the Equity Interests will be canceled, and the

Debtor will be dissolved.

## ARTICLE VI

## MEANS OF EXECUTION OF THE PLAN

The means of execution of the Plan are and will be as follows:

(a)    Establishment of Reserve.  The amount of the Reserve shall be determined

by the Liquidating Trustee, which shall be calculated based on the projected fees and costs

necessary to accomplish the tasks by or on behalf of the Liquidating Trustee under the Plan.

That portion of the Reserve that relates to the costs and expenses of prosecuting the Avoidance

Actions and objections to Disputed Claims, and payment of professional fees and administrative

expenses, will be determined on the basis of an estimate prepared by the Professionals who will

prosecute such matters.

(b)    Appointment of Liquidating Trustee; Termination of the Committee.  On

the Confirmation Date, the Liquidating Trustee will be appointed.  On the Effective Date, the

powers and duties of the Committee will terminate, except as to the appeal filed by Jack C.

Benun and JCB Consultants, Inc. to the settlement reached in the Imation Case.

       (c)    <u>Establishment of Liquidating Trust</u>.  On the Effective Date, the

Liquidating Trust will be established pursuant to the Liquidating Trust Agreement and the

Liquidating Trustee will begin his duties as Trustee.

       (d)    <u>Transfer of Assets</u>.  On the Effective Date, and in accordance with the

Confirmation Order, the Assets will be irrevocably transferred and assigned to the Liquidating

Trust, and will be held in trust for the benefit of all holders of Allowed Claims pursuant to the

terms of the Plan and the Liquidating Trust Agreement.  The Estate's title to the Assets will pass

to the Liquidating Trust on the Effective Date free and clear of all Claims and Equity Interests in

accordance with Bankruptcy Code section 1141.  The Liquidating Trustee will pay, or otherwise

make distributions on account of, all Allowed Claims against the Debtor in accordance with the

terms of the Plan.

       (e)    <u>Effect of Transfer</u>.  For federal and applicable state income tax purposes,

the transfer of the Assets to the Liquidating Trust will be a disposition of the Assets directly to

and for the benefit of the beneficiaries of the Liquidating Trust in partial satisfaction of their

Claims, immediately followed by a deemed contribution of the Assets by the beneficiaries to the

Liquidating Trust.  The beneficiaries will be treated as the grantors and deemed owners of the

Liquidating Trust.

       (f)    <u>Settlement of Claims</u>.  The Liquidating Trustee will be authorized to settle

Disputed Claims, or disputes as to amounts owing to the Estate, without notice to creditors or

further approval by the Bankruptcy Court, and the Liquidating Trustee will be authorized and

empowered to bind the Liquidating Trust thereto.  Any settlement by the Liquidating Trustee

shall be conclusively deemed to be in the best interests of the Estate and the Liquidating Trust.

      6.2.   <u>Preservation of the Debtor's Claims, Demands and Causes of Action</u>.  All claims,

demands and causes of action of any kind or nature whatsoever held by, through, or on behalf of

the Debtor and/or the Estate against any other Person, including, but not limited to, all

Avoidance Actions and Malpractice Claims, arising before the Effective Date and which have

not been resolved or disposed of prior to the Effective Date, are hereby preserved in full for the

benefit of the Liquidating Trust, whether or not such claims or causes of action are specifically

identified in the Disclosure Statement accompanying the Plan.  The Liquidating Trustee is

hereby designated as the estate representative pursuant to and in accordance with Bankruptcy

Code section 1123(b)(3)(B).  Among other things, the Liquidating Trustee will have the

authority to prosecute the Avoidance Actions, any claims or causes of action the Debtor may

have against its directors and officers, and the Malpractice Claims.

      6.3.   <u>Avoidance Action Recoveries</u>.  The Avoidance Action Recoveries and all other

Liquidation Proceeds will be deposited into the Liquidation Trust.

      6.4.   <u>Procedure for Determination of Claims</u>.  Except as to any Claim that has been

Allowed prior to the Effective Date, the Liquidating Trustee may object to the allowance of any

Claim against the Debtor or seek estimation thereof on any grounds permitted by the Bankruptcy

Code by filing the appropriate pleading in the Bankruptcy Court at any time prior to the first

Business Day which is ninety (90) days after the Effective Date or continuing the claims

objection process initiated by the Debtor pre-confirmation.

6.5.   <u>Treatment of Disputed and Contingent Claims</u>.

(a)   <u>Disputed Claims</u>.  No payments or other distributions will be made to Holders of Claims unless and until such Claims are Allowed Claims pursuant to a Final Order.  If a Claim is not an Allowed Claim on the Effective Date or when payment is otherwise due under the Plan, payment of the Allowed Claim will be made when the Claim becomes an Allowed Claim after the Effective Date or as otherwise specifically provided in the Plan, <u>provided however</u>, a Holder may receive payment on account of any portion of such Claim that is undisputed on the Effective (or any other Distribution) Date.  At the time of any payments of other distributions to holders of Allowed Claims in any Class, an amount sufficient to have paid each holder of a Disputed Claim in such Class its Pro Rata share of such Distribution, calculated as though such Disputed Claim were an Allowed Claim, shall be reserved for the potential benefit of the holder of the Disputed Claim, and thereafter distributed as set forth above, but in the event that a creditor asserts duplicative, overlapping, or multiple Claims, the total amount reserved shall not exceed the total amount subject to distribution to such Creditor on account of such Claims.  Further, to the extent necessary to insure that the amount reserved for a Disputed Claim is sufficient, any amount held or reserved on account of one Claim of a Creditor shall also be deemed to be held or reserved for all Claims of that Creditor.

(b)   <u>Contingent Claims</u>.  Until such time as a contingent Claim or a contingent portion of an Allowed Claim becomes fixed or absolute or is Disallowed, such Claim will be treated as a Disputed Claim for all purposes related to distributions under the Plan.  The holder of a contingent Claim will only be entitled to a distribution under the Plan when and if such contingent Claim becomes an Allowed Claim.

6.6.    <u>Post-Effective Date Professional Compensation and Reimbursement Claims</u>.  Any

allowable, authorized or otherwise permissible Professional Compensation and Reimbursement

Claims incurred by any Chapter 11 Professionals after the Confirmation Date will be treated as

part of the fees and expenses of administering the Liquidating Trust and will be paid by the

Liquidating Trustee in accordance with the terms of the Plan.

6.7.    <u>Authority to Settle and Assign</u>.  In accordance with Bankruptcy Code section

1123(b)(3)**,** the Liquidating Trustee will own and retain, and may prosecute, enforce,

compromise, settle, release, or otherwise dispose of, any and all claims, defenses, counterclaims,

setoffs, and recoupments belonging to the Debtor or the Estate, subject to the oversight of the

Bankruptcy Court.

6.8.    <u>Dissolution of Debtor</u>.  After the Effective Date, the Debtor shall be deemed

dissolved as corporation pursuant to New Jersey law and by authority of the Confirmation Order

confirming the Plan.  As of the Effective Date, the existing officers and directors of the Debtor

shall cease to serve in their current capacities.  The term of the board of directors of the Debtor

shall be deemed to expire and the position of each officer shall terminate on the Effective Date.

The Liquidation Trustee shall succeed to the right to act in such capacities as may be necessary

to implement the Plan.

## ARTICLE VII

## <u>THE LIQUIDATING TRUSTEE</u>

7.1.    <u>Appointment of Liquidating Trustee</u>.  In the Confirmation Order, the Liquidating

Trustee will be appointed and will be bound to perform as required by the Plan; <u>provided</u>,

<u>however</u>, that the appointment of the Liquidating Trustee will be subject to the Liquidating

Trustee delivering, at the expense of the Liquidating Trust, a bond in an amount which will be

provided in the Confirmation Order as adequate to secure proper performance of the Liquidating

Trustee's duties under the Plan and the Liquidating Trust Agreement.  The Liquidating Trustee

will obtain the required bond on or before the Effective Date and will be reimbursed immediately

by the Liquidating Trust for the cost of doing so.

7.2.    Duties of Liquidating Trustee.  On the Effective Date, the Liquidating Trustee

will be the representative of the Estate as that term is used in Bankruptcy Code section

1123(b)(3)(B) and will have the rights and powers provided for in the Bankruptcy Code, in

addition to any rights and powers granted herein and in the Liquidating Trust Agreement.  In his

capacity as the representative of the Estate, the Liquidating Trustee will be the successor-in-

interest to the Debtor with respect to all claims, actions, and other interests constituting Assets.

The Liquidating Trustee will hold all rights, title and interest in and to the Assets of the

Liquidating Trust on behalf of the beneficiaries thereof, and will pay from the Liquidating Trust

all ordinary and necessary costs of protecting and preserving the Assets.  The Liquidating

Trustee will administer the Liquidating Trust, will liquidate the Assets of the Liquidating Trust,

and will make distributions from the Liquidating Trust, all in accordance with the terms of the

Plan and the Liquidating Trust Agreement.  Unless otherwise excused or exempted from doing

so by the Bankruptcy Code, the Liquidating Trustee will abide by all laws, including tax laws

and regulations, and will prepare or cause to be prepared all local, state, or federal tax returns,

filings, and/or reports that are necessary or appropriate.  The Liquidating Trustee shall have sole

and exclusive authority for the retention of professionals to assist in any manner after the

Effective Date.

7.3.    Reporting Requirements/Effect of Failure to Object.  Beginning with a date which

is fifteen days after the end of the first month within which falls the ninetieth (90th) day after the

Effective Date, and continuing on the fifteenth day after the end of each succeeding quarter until

the Final Distribution Date, the Liquidating Trustee will file written reports with the Bankruptcy

Court.  The reports will provide information on collections and disbursements, administrative

costs, settlements, cash on hand or deposit and the Liquidating Trustee's ongoing efforts to

administer the Liquidating Trust, subject to confidentiality or other matters subject to the

attorney work-product privilege.  Before making his Final Distribution, the Liquidating Trustee

shall file a written report with the Bankruptcy Court and provide notice of same to the

beneficiaries (which report shall constitute the final accounting of the Liquidating Trust)

showing the assets administered, the distributions made by the Liquidating Trustee and the Final

Distributions to be made by the Liquidating Trustee.  Any beneficiary who fails to file and serve

on the Liquidating Trustee a written objection to any quarterly report or to the final report and

accounting within twenty (20) days after such report or account is filed shall be deemed to have

assented thereto and approved the contents thereof.  Any objection to any report or accounting

shall be resolved by the Bankruptcy Court.  If no objection is filed to the final report and

accounting within the time frame set forth above, then, upon making the Final Distribution in the

manner set forth in the final report, the Liquidating Trustee and all of the Liquidating Trustee

Professionals shall be: (a) fully discharged of their duties hereunder and under the Liquidating

Trust Agreement; and, (b) fully discharged and released from all duties, liabilities and

obligations of every kind and nature to the beneficiaries, except as is expressly set forth herein or

in the Liquidating Trust Agreement to the contrary.

     7.4.   <u>Powers of Liquidating Trustee</u>.  The Liquidating Trustee will have the power to

take any and all actions which, in the business judgment of the Liquidating Trustee, are

necessary or appropriate to fulfill his obligations under the Plan, including, but not limited to,

each of the powers set forth below and any powers incidental thereto:

(a)    liquidate any and all Assets in accordance with the Plan;

(b)    undertake any actions required to liquidate the Assets for the benefit of Creditors and the beneficiaries of the Liquidating Trust as provided in the Plan;

(c)    collect, hold, manage, and distribute the Assets (and the proceeds thereof) in accordance with the terms of the Plan;

(d)    review all Claims and file or litigate objections to the Allowance of Claims;

(e)    pay and discharge any costs, expenses, fees or obligations deemed necessary or appropriate to preserve or enhance the value of the Assets and discharge duties under the Plan;

(f)    open and maintain bank accounts, deposit funds, draw checks and make disbursements in accordance with the terms of the Plan;

(g)    invest monies consistently with the procedures set forth in the Investment Procedures Order;

(h)    employ such Persons (including professionals) as the Liquidating Trustee deems necessary and appropriate to assist him in fulfilling his obligations under the Plan, pay the reasonable fees of such Persons and reimburse such Persons for their reasonable out-of-pocket costs and expenses, as agreed between the Liquidating Trustee and such Persons.  To the extent that the Liquidating Trustee is licensed and capable of doing so, the Liquidating Trustee may serve as his or her own attorney or accountant in conjunction with any of the rights, powers and duties of the Liquidating Trustee under the Plan;

(i)    sue and file or pursue objections to Claims and seek to estimate them;

(j)    in general, without in any way limiting any of the foregoing, deal with the Assets, or any part or parts thereof, in all other ways as would be lawful for any Person owning the same to deal therewith, but in all events subject to and consistent with the terms of the Plan;

(k)    commence or continue actions which were or otherwise could have been brought by the Debtor or the Estate and, when appropriate, settle such actions and Claims with the approval of the Bankruptcy Court;

(l)    establish and maintain the Reserve and establish such additional reserves (such as reserves for Disputed Claims pending a resolution of such Disputed Claims) as may be necessary to carry out the provisions of the Plan;

(m)    as soon as is practicable, request the entry of the final decree by the Bankruptcy Court;

(n)    seek any relief from, or resolution of, any disputes by the Bankruptcy Court, or appeal same to the District Court;

(o)    appear and participate in any proceeding before the Bankruptcy Court with respect to any matter regarding or relating to the Plan or the Liquidating Trust; and

(p)    without limitation, do any and all things necessary to accomplish the purposes of the Plan.

7.5.    <u>Tenure, Removal, and Replacement of Liquidating Trustee</u>.  The authority of the Liquidating Trustee will commence as of the Effective Date, and will remain and continue in full force and effect until all of the Assets are liquidated in accordance with the Plan, the funds in the Liquidating Trust have been completely distributed in accordance with the Plan, all tax returns and any other filings or reports have been filed with the appropriate state or federal regulatory

authorities and the Order closing the Bankruptcy Case is a Final Order.  The service of the

Liquidating Trustee under the Plan will be subject to the following:

(a)      the Liquidating Trustee will serve until resignation pursuant to subsection

(b) below, removal pursuant to subsection (c) below or the completion of his or her duties;

(b)      the Liquidating Trustee may resign at any time by providing a written

notice of resignation to the Bankruptcy Court with notice to beneficiaries.  Such resignation will

be effective the earlier of thirty (30) days or when a successor is appointed as provided herein;

(c)      the Liquidating Trustee may be removed for cause by order of the

Bankruptcy Court, which order may be sought by any beneficiary of the Liquidating Trust; and

(d)      in the event of a vacancy in the position of the Liquidating Trustee

(whether by removal, resignation, illness, incapacity or death), the vacancy will be filled by the

appointment of a successor Liquidating Trustee upon approval by the Bankruptcy Court.

7.6.    Compensation and Reimbursement of Liquidating Trustee and Professionals.  The

Liquidating Trustee and the Liquidating Trustee Professionals shall be compensated for their

services on a monthly basis in accordance with the hourly fees customarily charged by the

Liquidating Trustee and the Liquidating Trustee Professionals for professional services.

7.7.    Reserves.  The Liquidating Trustee will utilize the reserves (none of which need

be in separate accounts) as follows:

(a)      The Liquidating Trustee may draw on the Reserve to pay all costs and

expenses related to the care and maintenance of the Assets, including, but not limited to, the

expenses of the Liquidating Trust (including the fees and expenses of the Liquidating Trustee

and any Liquidating Trustee Professionals) and the expenses related to all matters handled by the

Liquidating Trustee and his Professionals, including Avoidance Actions and Disputed Claims

which are prosecuted and/or resolved by the Liquidating Trustee.

(b)     The Liquidating Trustee will establish appropriate reserves for Disputed

Claims from which the Liquidating Trustee will make disbursements to each holder of a

Disputed Claim whose Claim is or becomes an Allowed Claim.

(c)     If any amount is remaining in a reserve at a time when the Liquidating

Trustee believes in good faith that the need for such reserve has ended, the Liquidating Trustee

will eliminate the reserve and the amount thereof will become Liquidation Proceeds available for

distribution pursuant to the terms of the Plan.

7.8.    <u>No Rights in Assets</u>.  The Assets held by the Liquidating Trust will be held by the

Liquidating Trustee in trust for the benefit of the Creditors that are beneficiaries of the Trust and

that are paid from the Liquidating Trust under the Plan.  Consequently, other than Liens of

Secured Creditors as provided under the Plan, the Plan does not create for, or give to, any

Creditor any direct interest or property right to any of the Assets held by the Liquidating Trust.

7.9.    <u>Limitation On Liability of Liquidating Trustee</u>.  Subject to applicable law, the

Liquidating Trustee will not be liable for any act he may do or omit to do as Liquidating Trustee

hereunder while acting in good faith and in the exercise of his reasonable business judgment; nor

will the Liquidating Trustee be liable in any event except for his own gross negligence, willful

fraud or willful misconduct.  The foregoing limitation on liability also will apply to any Person

(including any professional) employed by the Liquidating Trustee and acting on behalf of the

Liquidating Trustee in the fulfillment of the Liquidating Trustee's duties hereunder or under the

Liquidating Trust Agreement.  The Liquidating Trustee and all Liquidating Trustee Professionals

shall also be entitled to indemnification out of the assets of the Liquidating Trust against any

losses, liabilities, expenses (including attorneys' fees and disbursements), damages, taxes, suits

or claims that the Liquidating Trustee may incur or sustain by reason of being or having been a

Liquidating Trustee of the Liquidating Trust or for performing any functions incidental to such

service; provided, however, that the foregoing shall not relieve the Liquidating Trustee and the

Liquidating Trustee Professionals from liability for bad faith, willful misfeasance, reckless

disregard of duty, gross negligence, willful fraud, willful misconduct, self-dealing or breach of

fiduciary duty.

## ARTICLE VIII

## TREATMENT OF EXECUTORY CONTRACTS

8.1.   Assumption of Executory Contracts.  All Executory Contracts not otherwise

heretofore assumed by the Debtor are rejected as of the Confirmation Date.

8.2.   Rejection Claims Bar Date.  Every Claim asserted by a Creditor arising from the

rejection of an Executory Contract must be filed with the Bankruptcy Court no later than the first

Business Day which is thirty (30) days after the Effective Date.  Every such Claim that is timely

filed will be treated under the Plan as a Class 3 General Unsecured Claim.  Every such Claim

that is not timely filed by the deadline stated above will be forever barred, unenforceable and

discharged, and the Creditor holding the Claim will not receive or be entitled to any distribution

under the Plan on account of such Claim.

## ARTICLE IX

## MODIFICATION OF THE PLAN

The Plan may be modified by the Debtor and the Committee or the Liquidating Trustee

from time to time in accordance with, and pursuant to, Bankruptcy Code section 1127.  The Plan

may be modified by the Debtor and the Committee at any time before the Effective Date,

provided that the Plan, as modified, meets the requirements of Bankruptcy Code sections 1122

and 1123, and the Debtor and the Committee have complied with Bankruptcy Code section 1125.

## ARTICLE X

## CONDITIONS TO EFFECTIVE DATE

10.1.   <u>Conditions To Occurrence of Effective Date</u>.  Each and all of the following are

conditions to the Plan becoming effective, and must be satisfied fully or jointly waived by the

Debtor and the Committee:

(a)     the Confirmation Order has been entered by the Bankruptcy Court and has

become a Final Order;

(b)     the Liquidating Trustee has accepted, in writing, the terms of his service

and compensation, and such terms and compensation shall have been approved by the

Bankruptcy Court in the Confirmation Order;

(c)     the Liquidating Trustee has provided the bond required in the

Confirmation Order; and

(d)     the Liquidating Trust has been established.

10.2.   <u>Waiver of Conditions</u>.  The Debtor and the Committee, jointly and in their sole

discretion, may waive the Final Order condition in subpart (a) above at any time from and after

the Confirmation Date.  In that event, the Debtor and the Committee will be entitled to render

any or all of their performance under the Plan prior to what otherwise would be the Effective

Date if the above-referenced conditions were not waived, including, but not limited to, the right

to perform under any circumstances which would moot any appeal, review or other challenge of

any kind to the Confirmation Order if the Confirmation Order is not stayed pending such appeal,

review or other challenge.

# ARTICLE XI

## RETENTION OF JURISDICTION

Notwithstanding confirmation of the Plan and the occurrence of the Effective Date, the Bankruptcy Court will retain jurisdiction for the following purposes:

11.1.   <u>In General</u>.  The Bankruptcy Court will retain jurisdiction to determine the allowance and payment of any Claims upon any objections thereto (or other appropriate proceedings) by the Debtor, the Committee, the Liquidating Trustee or any other party-in-interest entitled to proceed in that manner.  As part of such retained jurisdiction, the Bankruptcy Court will continue to determine the allowance of Administrative Claims and any request for payment thereof, including Professional Compensation and Reimbursement Claims.

11.2.   <u>Plan Disputes and Enforcement</u>.  The Bankruptcy Court will retain jurisdiction to determine any dispute which may arise regarding the interpretation of any provisions of the Plan.  The Bankruptcy Court also will retain jurisdiction to enforce any provisions of the Plan and any and all documents relating to the Plan.  The Bankruptcy Court also will retain jurisdiction over any matter relating to the implementation and/or consummation of the Plan.

11.3.   <u>Further Orders</u>.  The Bankruptcy Court will retain jurisdiction to facilitate the performance of the Plan by entering, consistent with the provisions of the Plan, any further necessary or appropriate order regarding enforcement of the Plan and any provision thereof.  In addition, the Bankruptcy Court will retain jurisdiction to facilitate or implement the allowance, disallowance, treatment or satisfaction of any Claim, or any portion thereof, pursuant to the Plan.

11.4.   <u>Sales of Assets</u>.  The Bankruptcy Court will retain jurisdiction to authorize and approve any sales of the Debtor's Assets free and clear of all Liens, claims, interests, or encumbrances in accordance with the terms of the Plan.

11.5.    <u>Governmental Units or Regulatory Agencies</u>.  The Bankruptcy Court will retain jurisdiction to adjudicate any dispute or to hear and determine any action taken, proposed or threatened by any state, federal or local governmental regulatory agency or unit having or asserting jurisdiction or power over the conduct of the business of the Debtor and/or the Liquidating Trust.

11.6.    <u>Final Decree</u>.  The Bankruptcy Court will retain jurisdiction to enter an appropriate final decree in the Chapter 11 Case.

11.7.    <u>Appeals</u>.  In the event of an appeal of the Confirmation Order or any other kind of review or challenge to the Confirmation Order, and provided that no stay of the effectiveness of the Confirmation Order has been entered, the Bankruptcy Court will retain jurisdiction to implement and enforce the Confirmation Order and the Plan according to their terms, including, but not limited to, jurisdiction to enter such orders regarding the Plan or the performance thereof as may be necessary to consummate the Plan.

11.8.    <u>Executory Contracts</u>.  The Bankruptcy Court will retain jurisdiction to determine any and all motions regarding the determination of a contract as an Executory Contract, assumption or rejection of any Executory Contracts and any and all Claims arising therefrom.

11.9.    <u>Other Claims</u>.  The Bankruptcy Court will retain jurisdiction: (a) to hear and determine any claim or cause of action arising in or related to the Chapter 11 Case; and (b) to adjudicate any causes of action or other proceedings currently pending or otherwise referenced here or elsewhere in the Plan, including, but not limited to, the adjudication of the Avoidance Actions and any and all "core proceedings" under 28 U.S.C. § 157(b), which are or may be pertinent to the Chapter 11 Case and which the Liquidating Trustee may deem appropriate to commence and prosecute in support of implementation of the Plan.

# ARTICLE XII

## GENERAL PROVISIONS

12.1.    <u>Extension of Payment Dates</u>.  If any payment date falls due on any day which is

not a Business Day, then such due date will be extended to the next Business Day.

12.2.    <u>Notices</u>.  Any notice required or permitted to be provided under the Plan will be

in writing and served by regular postage prepaid first class mail, hand-delivery, facsimile or e-

mail.

12.3.    <u>Closing of the Case</u>.  At such time as the Liquidating Trust has been fully

administered (<u>i.e.</u>, when all things requiring action by the Liquidating Trustee have been done,

and the Plan has been substantially consummated) and in all events within sixty (60) days after

the Final Distribution Date, the Liquidating Trustee will file an application for Final Order

showing that the Liquidating Trust has been fully administered.  The Liquidating Trustee will

file an application for Final Order upon notice to the United States Trustee, after which an order

approving the Liquidating Trustee's final report may be entered.  None of the filings

contemplated in this paragraph, however, shall in any way delay the Liquidating Trustee's ability

to request entry of the final decree by the Bankruptcy Court.

12.4.    <u>Interest</u>.  Whenever interest is to be computed under the Plan, interest will be

simple interest and not compounded.  Unless otherwise specifically provided for in the Plan or

the Confirmation Order, post-petition interest shall not accrue or be paid on Claims, and no

holder of a Claim will be entitled to interest accruing on or after the Petition Date on any Claim.

12.5.    <u>Confirmation By Non-Acceptance Method</u>.  The Debtor hereby requests, if

necessary, confirmation of the Plan pursuant to Bankruptcy Code Section 1129(b) with respect to

any impaired Class of Claims which does not vote to accept the Plan.

12.6.    <u>Vesting</u>.  As of the Effective Date, the Liquidating Trust will be vested with all

property of the Debtor and the Estate, free and clear of all Claims, Liens, security interests,

assignments, encumbrances, charges and other interests of Creditors, except as otherwise

provided in the Plan.

12.7.    <u>Severability</u>.  If the Bankruptcy Court determines, before the Confirmation Date,

that any provision in the Plan is invalid, void or unenforceable, such provision shall be invalid,

void or unenforceable with respect to the Holder or Holders of such Claims as to which the

provision is determined to be invalid, void or unenforceable.  The invalidity, voidness or

unenforceability of any such provision shall in no way limit or affect the enforceability and

operative effect of the Plan.

12.8.    <u>Governing Law</u>.  Except to the extent the Bankruptcy Code, Bankruptcy Rules or

other federal law is applicable, the rights and obligations arising under the Plan shall be governed

by, and construed and enforced in accordance with, the laws of the State of New Jersey, without

giving effect to the principles of conflicts of law of thereof.

12.9.    <u>No Admissions</u>.  Notwithstanding anything herein to the contrary, nothing

contained in the Plan shall be deemed an admission by any entity with respect to any matter set

forth herein.

12.10.  <u>Exculpation</u>.  To the extent allowed by Section 1125(e) of the Bankruptcy Code,

neither the Debtor, the Committee nor any of the Chapter 11 Professionals shall have or incur

any liability to any Holder of a Claim or Interest, or any other party-in-interest, or any of their

respective agents, employees, representatives, financial advisors, attorneys, affiliates or any of

their successors or assigns, for any act or omission occurring after the Petition Date and in

connection with, relating to, or arising out of the Chapter 11 Case, formulation, negotiation or

implementation of the Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation

of the Plan, the consummation of the Plan, Confirmation of the Plan or the administration of the

Plan or the property to be distributed under the Plan, except for their bad faith, willful

malfeasance, reckless disregard of duty, gross negligence, willful fraud, willful misconduct, self-

dealing or breach of fiduciary duty.  The Liquidating Trust is deemed to release each person

exculpated under this Paragraph from any liability arising from any act or omission occurring

after the Petition Date and in connection with, relating to or arising out of the Chapter 11 Case,

except as provided herein.  This release shall not apply to any acts or omissions of the Debtor or

any of its officers, directors and employees.

12.11.  <u>Successors and Assigns</u>.  The rights and obligations of any Creditor or holder of

an Equity Interest referred to in the Plan will be binding upon, and will inure to the benefit of,

the successors, assigns, heirs, devisees, executors and personal representatives of such Creditor

or such Holder of an Equity Interest.

12.12.  <u>Fractional Dollars</u>.  Notwithstanding any other provision of the Plan, no payments

or distributions under the Plan of or on account of fractions of dollars will be made.  When any

payment or distribution of or on account of a fraction of a dollar to any holder of an Allowed

Claim would otherwise be required, the actual payment or distribution made will reflect a

rounding-up of such fraction to the nearest whole number.

12.13.  <u>Minimum Distribution</u>.  The Liquidating Trustee shall not be required to

distribute Cash to any Creditor if the amount of Cash to be distributed to such Creditor is less

than $50.00.

12.14.  <u>Payment of Statutory Fees and Filing of Quarterly Reports</u>.  All fees payable

pursuant to 28 U.S.C. Section 1930, as determined by the Bankruptcy Court at or in conjunction

with the Confirmation Hearing, will be paid on or before the Effective Date and, thereafter,

pending entry of a final decree.  All quarterly reports of disbursements required to be filed by

applicable bankruptcy law will be filed in accordance with applicable bankruptcy law.  The

United States Trustee will continue to be paid by the Liquidating Trustee until entry of the final

order or decree, or upon conversion or dismissal of the Bankruptcy Case.

JAZZ PHOTO CORP.,
Debtor-in-Possession


By:___/s/ Joseph Weber_____
        Joseph  Weber
        Chief Financial Officer

DATED:  March 21, 2005


THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
JAZZ PHOTO CORP.


By:___/s/ Jerry Boyer_____
        Jerry Boyer
        Chairman

DATED:  March 21, 2005