| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>**BECKER MEISEL LLC**<br>Eisenhower Plaza II<br>354 Eisenhower Parkway, Suite 2800<br>Livingston, New Jersey 07039<br>(973) 422-1100<br>Attorneys for Polytech Enterprises Limited<br>BEN H. BECKER, ESQ. (BB-6377) | |
| In Re:<br><br>JAZZ PHOTO CORP.<br><br><br><br>                    Debtor. | Case No.  03-26565 (MS)<br><br>Chapter 11<br><br>Judge:  Hon. Morris Stern<br><br>**Hearing Date:  April 18, 2005 at 2:00 p.m.** |

## LIMITED RESPONSE TO REQUEST OF FUJI PHOTO FILM CO., LTD. TO BE ALLOWED THE RIGHT TO CREDIT BID

TO:    THE HONORABLE MORRIS STERN, U.S.B.J.
          United States Bankruptcy Court for the District Of New Jersey
          Martin Luther King, Jr. Federal Building & Courthouse
          Third Floor
          50 Walnut Street
          Newark, New Jersey 07102

S I R:

Polytech Enterprises Limited. ("Polytech") by and through its counsel Becker Meisel LLC, hereby provides this limited response to the objection of Fuji Photo Film Co., Ltd. ("Fuji") to the motion and application of Jazz Photo Corp. ("Jazz or the

Debtor") for an Order authorizing and approving solicitation of competitive bidding procedures for assets of the Debtor, and other relief, and states:

1. Polytech holds both general unsecured and administrative claims against the Debtor.

2. This response is specifically directed to the suggestion by Fuji that the bidding procedure should expressly permit "creditors such as Fuji" to credit bid their unsecured claims, whether administrative or general.[1] In responding to only that aspect of the Fuji objection, Polytech is in no way endorsing or supporting any other aspect of the Fuji objection, as for the most part this is in the nature of an objection to the sale.[2]

3. Fuji concedes that Section 363(k) of the United States Bankruptcy Code allows the right to credit bid only to secured creditors. Fuji cites no authority whatsoever for the concept that unsecured creditors, whether administrative or general, should have the right to credit bid.

4. If the Court's were to afford such a right to unsecured creditors, it would upend the priorities afforded to creditors by the Bankruptcy Code, endorse preferential treatment of one unsecured creditor over another, create the potential for additional litigation regarding disgorgements where the administrative or the unsecured claims are thereafter disallowed or reduced and chill bidding by interested parties and third parties.

---

[1] What is meant by "creditor such as Fuji" is unclear.

[2] Although it probably belabors the obvious, a review of the cases upon which Fuji itself relies for the questionable proposition that the likely result of the approval of the sale is the continued sale of infringing or unlawful single use cameras, makes it clear that there is ample room in the law for companies to lawfully engage in the business of sale of single use cameras that have been refurbished and subject to a first use in the United States. *Fuji Photo Film Co. Ltd v. Jazz Photo Corp.,* 394 F.3d 1368, 1380 (Federal Court 2005). Indeed, the Court of International Trade held that Polytech's manufacturing process did not infringe on Fuji's patent. *Jazz Photo Corp. v United States,* 353 F. Supp. 2d 1327 (Ct. Int'l Trade Nov. 17, 2004).

*See, In re Moonraker Associates,* 300 B.R. 950 (Bankr. N.D. Ga. 1996) for the risk of "roundhousing" if unsecured creditors were allowed to credit bid.

    5. As Judge Leif M. Clark stated:

> "Moreover, we know (or should know) that unsecured creditors of the estate do not have the right to credit bid their claim at the sale.  11 *U.S.C. §*363(k); *In re Moritz,* 162 B.R. 618, 619 Bankr. M.D. Fla. 1994) (unsecured creditors are not entitled to bid in all or part of their claims).

*In re Fairchild Aircraft Corporation,* (184 B.R. 910, Bankr. W.D. Texas, 1995).  The "or should know" is a judicial nod to the fact that the bar against credit bidding by unsecured creditors is fundamental to the scheme of the Bankruptcy Code in that it insures the equality of treatment among unsecured creditors in the same class, no matter what the size of the claim.

    6. Moreover, in the within case where there is a claim on the part of Agfa Photo Hong Kong Limited ("Agfa") to some of the inventory, allowing Fuji to credit bid would do mischief.  A credit bid by Fuji in return for delivery of inventory free and clear of liens, claims and encumbrances would leave Agfa with neither inventory nor proceeds, if and when its interest is proven. [3]

    7. For the foregoing reasons the Court should deny Fuji's request to credit bid.

                  Respectfully submitted,

                   BECKER MEISEL LLC
                   Attorneys for Polytech Enterprises Limited

                   By:/s/ Ben H. Becker
                      Ben H. Becker, Esq.

Dated:  April 18, 2005

---

[3] Agfa holds the "bills of lading" for cameras shipped but not delivered to the Debtor by Polytech, as security for a debt from Polytech to Agfa.

S:\Docs\Becker Meisel\POLYTECH ENTERPRISE LIMITED\PLEADINGS\Polytech -vers.#2 Limited Response to Request of Fuji Photo to credit bid.doc