

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>MS-4088<br>WU-1187<br>JT-5874<br>COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.<br>Court Plaza North<br>25 Main Street<br>P.O. Box 800<br>Hackensack, New Jersey 07602-0800<br>(201) 489-3000<br>(201) 489-1536 Facsimile<br>Attorneys for Jazz Photo Corp., Debtor-in-<br>Possession | Case No. 03-26565 (MS) |
| In Re:<br><br>JAZZ PHOTO CORP.,<br><br>                  Debtor. | Judge: Hon. Morris Stern |

### ORDER: (1) AUTHORIZING AND APPROVING SOLICITATION AND COMPETITIVE BIDDING PROCEDURES FOR THE DEBTOR TO SELL SUBSTANTIALLY ALL OF ITS ASSETS PURSUANT TO 11 U.S.C. § 363 AND FED. R. BANKR. P. 6004; (2) SCHEDULING (a) AUCTION AND (b) HEARING DATE TO CONFIRM SALE; (3) APPROVING THE FORM, MANNER AND SUFFICIENCY OF NOTICE OF AUCTION AND SALE HEARING; AND (4) GRANTING OTHER RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through twelve (12), is hereby **ORDERED**.

4/22/05

(Page 2)
Debtor:                  JAZZ PHOTO CORP.
Case No:                 03-26565 (MS)
Caption of Order:        ORDER: (1) AUTHORIZING AND APPROVING SOLICITATION
                         AND COMPETITIVE BIDDING PROCEDURES FOR THE DEBTOR
                         TO SELL SUBSTANTIALLY ALL OF ITS ASSETS PURSUANT TO
                         11 U.S.C. § 363 AND FED. R. BANKR. P. 6004; (2) SCHEDULING (a)
                         AUCTION AND (b) HEARING DATE TO CONFIRM SALE; (3)
                         APPROVING THE FORM, MANNER AND SUFFICIENCY OF
                         NOTICE OF AUCTION AND SALE HEARING; AND (4) GRANTING
                         OTHER RELATED RELIEF

THIS MATTER having been opened to the Court by Jazz Photo Corp., the within debtor

and debtor-in-possession (the "Debtor"), by and through its counsel, Cole, Schotz, Meisel,

Forman & Leonard, P.A. ("Cole Schotz"), upon a motion (the "Motion") for an Order:  (a)

authorizing the Debtor to solicit bids for the sale of substantially all of its inventory, office

equipment and trademarks (collectively, the "Assets"); (b) approving competitive bidding

procedures related thereto; (c) scheduling (i) an auction (the "Auction") with respect to the sale

of the Assets and (ii) a hearing date to approve the sale (the "Sale Hearing"); (d) approving the

form, manner and sufficiency of notice of the Auction and the Sale Hearing; (e) approving the

Debtor's sale of the Assets to Ribi Tech Products LLC ("Ribi"), or a qualified bidder submitting

a higher or better offer, free and clear of liens, encumbrances and security interests, pursuant to

11 U.S.C. § 363 and Fed. R. Bankr. P. 6004; and (f) granting other related relief (the relief

requested in sections (a) through (d) and (f) of this paragraph shall be referred to as "Part I of the

Motion" and the relief requested in paragraph (e) of this paragraph shall be referred to as "Part II

of the Motion"); and good and sufficient notice of Part I of the Motion having been provided to

all creditors and parties-in-interest as evidenced by the Affidavit of Service filed with the Court;

and the Court having considered all the pleadings in support of Part I of the Motion, the

40654/0001-1382356v5

(Page 3)
Debtor:            JAZZ PHOTO CORP.
Case No:           03-26565 (MS)
Caption of Order:  ORDER: (1) AUTHORIZING AND APPROVING SOLICITATION
                   AND COMPETITIVE BIDDING PROCEDURES FOR THE DEBTOR
                   TO SELL SUBSTANTIALLY ALL OF ITS ASSETS PURSUANT TO
                   11 U.S.C. § 363 AND FED. R. BANKR. P. 6004; (2) SCHEDULING (a)
                   AUCTION AND (b) HEARING DATE TO CONFIRM SALE; (3)
                   APPROVING THE FORM, MANNER AND SUFFICIENCY OF
                   NOTICE OF AUCTION AND SALE HEARING; AND (4) GRANTING
                   OTHER RELATED RELIEF

opposition thereto, if any, and the oral arguments of counsel, if any; and it appearing that good

cause exists for the entry of this Order;[1]

ORDERED as follows:

1.     The relief requested in Part I of the Motion is granted and approved as set forth

herein. The relief requested in Part II of the Motion shall be considered at the Sale Hearing (as

defined below).

2.     The Debtor is hereby authorized to solicit bids for the sale of substantially all its

assets and to conduct an auction in accordance with the terms and conditions outlined in

Paragraph 3 below for the purpose of entertaining competing bids and selecting the highest or

best offer(s) for the Assets.

---

[1] Capitalized terms used herein have the meanings ascribed to such terms in the Application Of
The Debtor In Support Of Motion For Order:  (1) Authorizing And Approving Sale Of
Substantially All Of Its Assets To Ribi Tech Product, LLC, Or A Party Making A Higher Or
Better Offer, Free And Clear Of Liens, Encumbrances And Security Interests Thereon Pursuant
To 11 U.S.C. § 363 And Fed. R. Bankr. P. 6004, (2) Authorizing And Approving Solicitation
And Competitive Bidding Procedures Related Thereto; (3) Scheduling Auction Sale And
Hearing Date To Confirm Sale; (3) Approving The Form, Manner And Sufficiency Of Notice Of
Auction And Sale Hearing; And (4) Granting Other Related Relief, dated April 5, 2005 (the
"Application").

40654/0001-1382356v5

(Page 4)
Debtor:              JAZZ PHOTO CORP.
Case No:             03-26565 (MS)
Caption of Order:    ORDER: (1) AUTHORIZING AND APPROVING SOLICITATION
                     AND COMPETITIVE BIDDING PROCEDURES FOR THE DEBTOR
                     TO SELL SUBSTANTIALLY ALL OF ITS ASSETS PURSUANT TO
                     11 U.S.C. § 363 AND FED. R. BANKR. P. 6004; (2) SCHEDULING (a)
                     AUCTION AND (b) HEARING DATE TO CONFIRM SALE; (3)
                     APPROVING THE FORM, MANNER AND SUFFICIENCY OF
                     NOTICE OF AUCTION AND SALE HEARING; AND (4) GRANTING
                     OTHER RELATED RELIEF

3.      The following bidding procedures with respect to the sale of the Assets (the

"Bidding Procedures"), are hereby approved in all respects, and the Debtor is hereby authorized

to take any and all actions necessary or appropriate to implement the Bidding Procedures:

(a)     Written Bid. In order to bid at the Auction, a potential bidder must submit
to the Debtor's counsel a written irrevocable offer for any, some or all of the Assets in
any combination by **May 9, 2005 at 5:00 p.m.** (the "Bid Deadline"). To the extent a
potential bidder bids for all the Assets, then the minimum bid shall be $900,000;

(b)     Ability to Pay. The written bid and any subsequent bid submitted must
clearly identify the bidder and contain such documents and information so as to establish
the bidder's ability to pay the purchase price at closing and to satisfy any and all other
forms of consideration offered in the bid;

(c)     Additional Bid Requirements. Except as the Debtor may otherwise permit
in the exercise of its business judgment in consultation with the Committee, the Debtor
shall consider only those bids that satisfy all of the terms and conditions set forth below
(each, a "Qualified Bid"). A Qualified Bid shall be:

(i)     made by a Qualified Bidder (defined below);

(ii)    non-contingent (including, among other things, financing and the
outcome of unperformed due diligence ) except to the extent of satisfaction of specified
conditions, on substantially similar to or less burdensome terms to the Debtor than those
described in the Asset Purchase Agreement annexed to the Application (the "APA")[2];

---

[2] Section 2.3 of the APA is hereby amended to read as follows:

"Subject to the terms and conditions set forth in this Agreement and to the extent permissible by
law, Seller will assign and transfer to Purchaser, effective as of the Closing Date, all of Seller's
right, title and interest in and to, and Purchaser will assume (and all of the following shall be
(continued...)

40654/0001-1382356v5

(Page 5)
Debtor:              JAZZ PHOTO CORP.
Case No:             03-26565 (MS)
Caption of Order:    ORDER: (1) AUTHORIZING AND APPROVING SOLICITATION
                     AND COMPETITIVE BIDDING PROCEDURES FOR THE DEBTOR
                     TO SELL SUBSTANTIALLY ALL OF ITS ASSETS PURSUANT TO
                     11 U.S.C. § 363 AND FED. R. BANKR. P. 6004; (2) SCHEDULING (a)
                     AUCTION AND (b) HEARING DATE TO CONFIRM SALE; (3)
                     APPROVING THE FORM, MANNER AND SUFFICIENCY OF
                     NOTICE OF AUCTION AND SALE HEARING; AND (4) GRANTING
                     OTHER RELATED RELIEF

---

(iii)   submitted to Debtor's counsel using substantially the form of the APA (the "Form Agreement") and be accompanied by financial statements and any other documents that will evidence the bidder's ability to conclude the transaction without delay;

(iv)   received by no later than the Bid Deadline by: Cole, Schotz, Meisel, Forman & Leonard, P.A., 25 Main Street, P.O. Box 800, Hackensack, New Jersey 07602-0800, Attention: Michael D. Sirota, Esq., Fax: (201) 489-1536 or e-mail (msirota@coleschotz.com), with a copy to the Committee's counsel at Ravin Greenberg PC, 101 Eisenhower Parkway, Roseland, NJ 07068, attn: Howard S. Greenberg, Esq. fax No. (973) 226-6888 or e-mail (Hgreenberg@ravingreenberg.com); and

(v)   accompanied by a good faith deposit in certified check or wire transfer of U.S. funds in an amount equal to the greater of ten percent (10%) of the amount of its bid or $90,000.00 (or 10% of the bid amount, if the bid is for less than all the Assets) (the "Bid Deposit"), which shall be forfeited as liquidated damages if the Successful Bidder (defined below) fails to close by reason of its breach of the Form Agreement;

(d)   Qualified Bid. A bid shall be deemed a "Qualified Bid" only if (i) it meets the requirements of the preceding subparagraphs (b) through (d), and (ii) the Debtor, in consultation with the Committee concludes, in view of the purchase price offered, the overall terms and conditions of the proposed offer that the bid should be considered a

---

deemed included in the term "Purchased Assets" as used herein) any and all Seller's claims and interest in proceedings before the United States Court of International Trade relating to the Purchased Assets; provided, however, that such claims and interest in proceedings are being transferred "as is," "where is" and the Seller makes no representation or warranty as to the assignability of such claims and interest in proceedings."

Under applicable law, it is possible a purchaser of the inventory would not be able to continue with the litigation before the Court of International Trade.

(Page 6)
Debtor:                JAZZ PHOTO CORP.
Case No:               03-26565 (MS)
Caption of Order:      ORDER: (1) AUTHORIZING AND APPROVING SOLICITATION
                       AND COMPETITIVE BIDDING PROCEDURES FOR THE DEBTOR
                       TO SELL SUBSTANTIALLY ALL OF ITS ASSETS PURSUANT TO
                       11 U.S.C. § 363 AND FED. R. BANKR. P. 6004; (2) SCHEDULING (a)
                       AUCTION AND (b) HEARING DATE TO CONFIRM SALE; (3)
                       APPROVING THE FORM, MANNER AND SUFFICIENCY OF
                       NOTICE OF AUCTION AND SALE HEARING; AND (4) GRANTING
                       OTHER RELATED RELIEF

"Qualified Bid." A bidder that submits a Qualified Bid shall be deemed a "Qualified Bidder." For all purposes herein, the Ribi Offer set forth in the APA shall constitute a Qualified Bid.

(e)     Qualified Bidder's Duty to Provide Additional Information. Upon receipt of a Qualified Bid, the Debtor and Committee, in their discretion, may communicate with the Qualified Bidder who submitted such Qualified Bid before the Auction Sale and at any time thereafter, and such Qualified Bidder shall provide information to the Debtor or the Committee, as the case may be, within one (1) business day after a request for any information reasonably required by the Debtor or the Committee in order to evaluate such Qualified Bid;

(f)     The Auction Date. If a Qualified Bid (other than the Ribi Offer) is received by the Bid Deadline, the Debtor shall conduct the Auction for the sale of the Assets on **May 12, 2005, at 11:00 a.m.**, at the offices of Cole, Schotz, Meisel, Forman & Leonard, P.A., Court Plaza North, 25 Main Street, Hackensack, New Jersey. If no Qualified Bids are received by the Bid Deadline, then (i) the Auction will not be held, (ii) Ribi will be deemed to be the successful bidder, (iii) the Ribi Offer will constitute the Successful Bid (as defined below), and (iv) at the Sale Hearing, the Debtor will seek approval of and authority to consummate the transaction contemplated by the Ribi Offer, as set forth in the APA.

(g)     Parties Attending the Auction. Only Qualified Bidders will be eligible to participate at the Auction. Only the authorized representatives of each of the Debtor, Qualified Bidders, Fuji Photo Film Co., Ltd., the Committee and UST shall be permitted to attend the Auction.

(h)     Bidding at the Auction. Bidding at the Auction shall be for any, some or all the Assets in any combination and shall start at the purchase price stated in the highest or otherwise best Qualified Bid, as determined by the Debtor, in consultation with the Committee, and/or as otherwise announced by the Debtor to all Qualified Bidders before the commencement of the Auction. At the Auction, Qualified Bidders may improve their bids in increments of $25,000.00. Should overbidding occur, Ribi will have the right, but not the obligation, to participate in the bidding and to be approved as the Successful Bidder (as defined below) at the Sale Hearing based on any such subsequent successful

40654/0001-1382356v5

(Page 7)

| | |
|---|---|
| Debtor: | JAZZ PHOTO CORP. |
| Case No: | 03-26565 (MS) |
| Caption of Order: | ORDER: (1) AUTHORIZING AND APPROVING SOLICITATION AND COMPETITIVE BIDDING PROCEDURES FOR THE DEBTOR TO SELL SUBSTANTIALLY ALL OF ITS ASSETS PURSUANT TO 11 U.S.C. § 363 AND FED. R. BANKR. P. 6004; (2) SCHEDULING (a) AUCTION AND (b) HEARING DATE TO CONFIRM SALE; (3) APPROVING THE FORM, MANNER AND SUFFICIENCY OF NOTICE OF AUCTION AND SALE HEARING; AND (4) GRANTING OTHER RELATED RELIEF |

overbid. The bidding will be continuous and competitive and shall not end until all bidders have submitted their last and best offers.

(i)     Successful Bidder(s). At the conclusion of the Auction, if any, or as soon as reasonably practical thereafter, the Debtor will announce the Successful Bid and the second highest and best bid (the "Back-Up Bid"). The holder of the Successful Bid (the "Successful Bidder) shall supplement its deposit by wire transfer or other immediately available funds within one business day so that, to the extent necessary, such deposit equals ten percent (10%) of the Successful Bid (the "Additional Deposit(s)"). If, for any reason, the Successful Bidder fails to consummate the purchase of the Assets, the holder of the Back-Up Bid (the "Back-Up Bidder") will automatically be deemed to have submitted the highest and best bid and the Debtor shall be authorized to effect the sale of the Assets to the Back-Up Bidder as soon as is commercially reasonable without further order of the Court. If the Successful Bidder's failure to consummate the purchase is the result of a breach by the Successful Bidder of the Form Agreement (as they may be amended from time to time), as the case may be, the Successful Bidder's deposit shall be forfeited to the Debtor and the Debtor specifically reserves the right to seek all other available damages from the defaulting Successful Bidder.

(j)     Escrow of Bid Deposits. Initial Deposits and Additional Deposits (collectively, the "Deposit(s)") shall be held by Debtor's counsel in an interest-bearing bank account, with interest for the account(s) (provided the bidder provides a Tax ID number) of the Qualified Bidder(s). Upon entry of the Sale Order, Initial Deposits shall be returned to all bidders except the Successful Bidder(s) and Back-Up Bidder(s). If the sale of the Assets to the Successful Bidder closes, the Successful Bidder's Deposit shall be applied to the purchase price at closing, and the Back-Up Bidder's Deposit returned (with accrued interest) to the Back-Up Bidder. If the sale of the Assets to the Successful Bidder does not close as a result of the Successful Bidder's breach or default, then, as set forth above, the Debtor shall retain the Successful Bidder's Deposit as liquidated damages (among other remedies), and the Back-Up Bidder's Deposit shall be applied to the purchase price at closing of the Back-Up Bidder's purchase of the Assets

(k)     Reservation of Rights to Change Terms of Sale. The Debtor reserves the right to (i) impose additional or different terms and conditions at or before the Auction, (ii) extend the deadlines set forth in the Sale Procedures and/or adjourn the Auction

(Page 8)
Debtor:            JAZZ PHOTO CORP.
Case No:           03-26565 (MS)
Caption of Order:  ORDER: (1) AUTHORIZING AND APPROVING SOLICITATION
                   AND COMPETITIVE BIDDING PROCEDURES FOR THE DEBTOR
                   TO SELL SUBSTANTIALLY ALL OF ITS ASSETS PURSUANT TO
                   11 U.S.C. § 363 AND FED. R. BANKR. P. 6004; (2) SCHEDULING (a)
                   AUCTION AND (b) HEARING DATE TO CONFIRM SALE; (3)
                   APPROVING THE FORM, MANNER AND SUFFICIENCY OF
                   NOTICE OF AUCTION AND SALE HEARING; AND (4) GRANTING
                   OTHER RELATED RELIEF

and/or the Sale Hearing in open court without further notice, (iii) withdraw any of the Assets (the "Withdrawn Assets") from sale at any time before or during the Auction and/or Sale Hearing, to make subsequent attempts to market them and to request separate hearing(s) by this Court to approve the sale(s) of some or all of the Withdrawn Assets, and (iv) reject any or all bids if, in the Debtor's reasonable judgment, no bid is for a fair and adequate price.

4.    No later than two (2) business days after the conclusion of the Auction, the

Debtor shall cause its counsel to file with the Court a Supplement outlining the identity of the

successful purchaser(s) of the Assets and the purchase price received therefor.

5.    The Court shall conduct a hearing on **May 16, 2005, at 2:00 p.m.** to confirm the

results of the Auction and to approve the Debtor's sale of the Assets pursuant to Section 363 of

the Bankruptcy Code (the "Sale Hearing").

6.    Objections, if any, to the relief requested in Part II of the Motion shall (i) be in

writing, (ii) specify with particularity the basis of the objection, and (iii) be filed with the Court

and simultaneously served on the following notice parties so as to be received no later than

**May 13, 2005, at 4:00 p.m.**

40654/0001-1382356v5

(Page 9)
Debtor:                 JAZZ PHOTO CORP.
Case No:                03-26565 (MS)
Caption of Order:       ORDER: (1) AUTHORIZING AND APPROVING SOLICITATION
                        AND COMPETITIVE BIDDING PROCEDURES FOR THE DEBTOR
                        TO SELL SUBSTANTIALLY ALL OF ITS ASSETS PURSUANT TO
                        11 U.S.C. § 363 AND FED. R. BANKR. P. 6004; (2) SCHEDULING (a)
                        AUCTION AND (b) HEARING DATE TO CONFIRM SALE; (3)
                        APPROVING THE FORM, MANNER AND SUFFICIENCY OF
                        NOTICE OF AUCTION AND SALE HEARING; AND (4) GRANTING
                        OTHER RELATED RELIEF

(a)    Counsel for the Debtor

       Cole, Schotz, Meisel,
       Forman & Leonard, P.A.
       Court Plaza North
       25 Main Street
       P.O. Box 800
       Hackensack, New Jersey  07602-0800
       Attn:  Michael D. Sirota, Esq.

(b)    Counsel for Committee

       Ravin Greenberg PC
       101 Eisenhower Parkway
       Roseland, NJ 07068
       Attn: Howard S. Greenberg, Esq.

(c)    The Office of the United States Trustee

       Office of the United States Trustee
       for the District of New Jersey
       One Newark Center
       Suite 2100
       Newark, New Jersey  07102
       Attn: Margaret Lambe Jurow, Esq.

(d)    Counsel for Fuji

       Lowenstein Sandler PC
       65 Livingston Avenue
       Roseland, NJ 07608
       Attn: Bruce Buechler, Esq.
       Michael Etkin, Esq.

       -and-

(Page 10)
Debtor:                    JAZZ PHOTO CORP.
Case No:                   03-26565 (MS)
Caption of Order:          ORDER: (1) AUTHORIZING AND APPROVING SOLICITATION
                           AND COMPETITIVE BIDDING PROCEDURES FOR THE DEBTOR
                           TO SELL SUBSTANTIALLY ALL OF ITS ASSETS PURSUANT TO
                           11 U.S.C. § 363 AND FED. R. BANKR. P. 6004; (2) SCHEDULING (a)
                           AUCTION AND (b) HEARING DATE TO CONFIRM SALE; (3)
                           APPROVING THE FORM, MANNER AND SUFFICIENCY OF
                           NOTICE OF AUCTION AND SALE HEARING; AND (4) GRANTING
                           OTHER RELATED RELIEF

                    Stroock & Stroock & Lavan LLP
                    180 Maiden Lane
                    New York, NY 10038
                    Attn:   Lawrence Rosenthal, Esq.
                            Kristopher Hansen, Esq.

        (e)     Counsel for Ribi

                    Greenberg & Kahr
                    230 Park Avenue
                    New York, NY 10169
                    Attn:  Stephen C. Kahr, Esq.

    7.      This Court shall retain jurisdiction to:  (i) interpret, implement and enforce the

terms and provisions of this Order; (ii) enter Orders in aid or furtherance of this Order; and (iii)

adjudicate any and all remaining issues concerning the Debtor's right and authority to assume,

assign and/or sell the Assets, including to approve the sale of the Assets at the Sale Hearing.

    8.      No later than two (2) business days following entry of an order approving Part I

of the Motion, the Debtor shall serve (the "Service Notice") notice of the bidding procedures,

Auction and Sale Hearing, substantially in the form annexed hereto as **Exhibit A**, together with a

copy of this Order and the Application, by regular, first-class mail (except to the extent such

parties receive notice via Electronic Case Filing ("ECF"), to (a) the Office of the United States

Trustee for the District of New Jersey, (b) counsel for Fuji, (c) the Debtor's secured creditors, (d)

counsel for the Committee, (e) the Internal Revenue Service, (f) New Jersey Division of

40654/0001-1382356v5

(Page 11)
Debtor:                JAZZ PHOTO CORP.
Case No:               03-26565 (MS)
Caption of Order:      ORDER: (1) AUTHORIZING AND APPROVING SOLICITATION
                       AND COMPETITIVE BIDDING PROCEDURES FOR THE DEBTOR
                       TO SELL SUBSTANTIALLY ALL OF ITS ASSETS PURSUANT TO
                       11 U.S.C. § 363 AND FED. R. BANKR. P. 6004; (2) SCHEDULING (a)
                       AUCTION AND (b) HEARING DATE TO CONFIRM SALE; (3)
                       APPROVING THE FORM, MANNER AND SUFFICIENCY OF
                       NOTICE OF AUCTION AND SALE HEARING; AND (4) GRANTING
                       OTHER RELATED RELIEF

Taxation, (g) counsel for Customs, (h) the Court of International Trade, (i) counsel for the United

States International Trade Commission, (j) the Office of the United States Attorney, (k) all

parties who have filed and served a Notice of Appearance, and (l) all parties who have expressed

an interest in purchasing the Assets within the past three months and those entities that the

Debtor believes may be interested in purchasing the Assets.  In addition, the Debtor shall serve a

copy of the Service Notice on all other known creditors by regular first class mail, except to the

extent such creditors receive notice via ECF.  In addition, the Debtor shall publish notice,

substantially in the form annexed hereto as **Exhibit B** (the "Publication Notice"), of the Sale in

the Photo Industry Reporter, at least one time before the Bid Deadline.  The Debtor is authorized

to pay the costs of such publication from the funds held in the reserve account established by this

Court's August 22, 2003 Order, which funds are currently being held in escrow by Cole Schotz.

9.    Nothing contained in this Order shall preclude a bidder whose bid was not

accepted by the Debtor (after consultation with the Committee) as a "Qualified Bid" from

asserting that the claim was a "Qualified Bid", provided however, the Debtor's rights with

respect to such bidder, including the right to object to standing, are fully preserved.

10.    To the extent the sale of the Assets includes the Debtor's servers, computers,

network components, programs, and books and records, the APA is amended to provide that

40654/0001-1382356v5

(Page 12)
Debtor:              JAZZ PHOTO CORP.
Case No:             03-26565 (MS)
Caption of Order:    ORDER: (1) AUTHORIZING AND APPROVING SOLICITATION
                     AND COMPETITIVE BIDDING PROCEDURES FOR THE DEBTOR
                     TO SELL SUBSTANTIALLY ALL OF ITS ASSETS PURSUANT TO
                     11 U.S.C. § 363 AND FED. R. BANKR. P. 6004; (2) SCHEDULING (a)
                     AUCTION AND (b) HEARING DATE TO CONFIRM SALE; (3)
                     APPROVING THE FORM, MANNER AND SUFFICIENCY OF
                     NOTICE OF AUCTION AND SALE HEARING; AND (4) GRANTING
                     OTHER RELATED RELIEF

servers, computers, network components, programs, and books and records will not be sold,

provided however, the purchaser shall be provided access to review, copy, and download

information contained therein.

11.    To the extent the terms of this Order and the noticing and bidding procedures set

forth in the Application are inconsistent, the terms of this Order shall govern.

40654/0001-1382356v5