UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

MS-4088
WU-1187
COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
25 Main Street
Hackensack, NJ 07601
(201) 489-3000
(201) 489-1536 Telecopier
Attorneys for Jazz Photo Corp.,
Debtor-in-Possession

| In the Matter of: | Case No. 03-26565 |
| JAZZ PHOTO CORP., | Hearing Date: May 13, 2005 |
| Debtor-in-Possession. | Judge: Honorable Morris Stern |



FILED
JAMES J. WALDRON, CLERK
MAY 13 2005
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY_____DEPUTY

## ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF ORDERLY LIQUIDATION

The relief set forth on the following pages, numbered two (2) through fourteen (14), is hereby **ORDERED**.

5/13/05

40654/0001-2196044v4

**(Page 2)**

| | |
|---|---|
| Debtor: | JAZZ PHOTO CORP. |
| Case No. | 03-26565 (MS) |
| Caption of Order: | ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF ORDERLY LIQUIDATION |

THIS MATTER having been opened to the Court by Jazz Photo Corp., the within debtor and debtor-in-possession (the "Debtor"), by and through its counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A., and the Official Committee of Unsecured Creditors (the "Committee"), by and through its counsel, Ravin Greenberg, P.C., upon the filing on March 21, 2005 of a Disclosure Statement pursuant to Section 1125 of the Bankruptcy Code for their Joint Plan of Orderly Liquidation; and the Debtor and the Committee having filed on or about April 11, 2005 a First Amended Disclosure Statement (the "Disclosure Statement") and First Amended Joint Plan of Orderly Liquidation (the "Plan"); and the Court having entered an Order on April 11, 2005 approving the Disclosure Statement as containing "adequate information" pursuant to Section 1125 of the Bankruptcy Code (the "Disclosure Statement Order");[1] and it appearing that the Disclosure Statement Order, inter alia, fixed May 9, 2005 as the deadline for submitting Ballots to accept or reject the Plan and for filing objections to confirmation of the Plan; and it further appearing that service of the Disclosure Statement, the Plan, form ballots and any other documents required or authorized to be served by the Disclosure Statement Order was accomplished by April 14, 2005, by regular, first-class mail, as evidenced by the Affidavit of Service filed with the Court; and it further appearing that on May 11, 2005, the Debtor filed the Certification of Joseph M. Weber in Support of Confirmation of the Plan (the "Weber Certification"); and it further appearing that on May 12, 2005, the Debtor's counsel filed a Certification of Balloting indicating that the Plan was accepted by all classes solicited to vote

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to them in the Plan.

**(Page 3)**
Debtor:              JAZZ PHOTO CORP.
Case No.             03-26565 (MS)
Caption of Order:    ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF
                     ORDERLY LIQUIDATION

under the Disclosure Statement Order; and it further appearing no objections were filed to

confirmation of the Plan; and the Court having considered the Disclosure Statement, the Plan and

all exhibits thereto, the Weber Certification, the Certification of Balloting, and the evidence

presented at the hearing to consider confirmation of the Plan; and the Court having found and

determined that:[2]

     A.      On May 20, 2003 (the "Petition Date"), the Debtor filed a voluntary petition for

relief pursuant to Chapter 11 of the Bankruptcy Code.  Since the Petition Date, the Debtor has

remained in possession of its assets, and through March 1, 2005, continued in the management of

its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy

Code;

     B.      On April 11, 2005, this Court entered an Order, *inter alia*, approving the

Disclosure Statement as containing "adequate information" pursuant to Section 1125 of the

Bankruptcy Code (the "Disclosure Statement Order");

     C.      Sections 1122(a) and 1123(a)(1) of the Bankruptcy Code are satisfied because the

Plan adequately and properly classifies all Claims and Equity Interests.  A reasonable basis exists

for the classification of Claims and Equity Interests in the Plan.  The classification of Claims and

Equity Interests within each particular Class is reasonable and necessary to implement the Plan;

---

[2]This Order constitutes the Court's findings of fact and conclusions of law under Fed. R.
Civ. P. 52, as made applicable by Bankruptcy Rules 7052 and 9014.  Any finding of fact shall
constitute a finding of fact even if it is stated as a conclusion of law, and any conclusion of law
shall constitute a conclusion of law even if it is stated as a finding of fact.

**(Page 4)**

Debtor:               JAZZ PHOTO CORP.
Case No.              03-26565 (MS)
Caption of Order:     ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF
                      ORDERLY LIQUIDATION

D.      Section 1123(a)(2) of the Bankruptcy Code is satisfied because the Plan identifies

Classes 1 and 2 as unimpaired and Classes 3, 4, 5 and 6 as impaired;

E.      Section 1123(a)(3) of the Bankruptcy Code is satisfied because the Plan specifies

the treatment of each Class of Claims and Equity Interests;

F.      Section 1123(a)(4) of the Bankruptcy Code is satisfied because the Plan provides

the same treatment for each Claim or Equity Interest in each Class;

G.      Section 1123(a)(5) of the Bankruptcy Code is satisfied because the Plan provides

adequate means for its implementation including, but not limited to: (i) the creation of the

Liquidation Trust, (ii) the transfer to the Liquidation Trust of the Debtor's remaining assets,

(iii) the cancellation of the Debtor's existing securities, and (iv) the appointment of a Liquidating

Trustee to, among other things, establish reserve accounts,  make distributions, liquidate the

Debtor's remaining assets and prosecute the Causes of Action;

H.      Section 1123(a)(6) of the Bankruptcy Code is not applicable because the existing

stock in the Debtor is being canceled and no new equity securities are being issued under the

Plan;

I.      Section 1123(a)(7) of the Bankruptcy Code is satisfied because the Plan contains

only provisions that are consistent with the interests of Creditors and Equity Interest Holders and

with public policy regarding the manner of selection of any officer, director, or trustee under the

Plan and any successor to such officer, director, or trustee;

J.      Section 1129(a)(1) of the Bankruptcy Code is satisfied because the Plan complies

with the applicable provisions of the Bankruptcy Code;

40654/0001-2196044v4

**(Page 5)**
Debtor:              JAZZ PHOTO CORP.
Case No.             03-26565 (MS)
Caption of Order:    ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF
                     ORDERLY LIQUIDATION

K.      Section 1129(a)(2) of the Bankruptcy Code is satisfied because the Debtor and the

Committee, as proponents of the Plan, have complied with the applicable provisions of the

Bankruptcy Code and, as required by Bankruptcy Rule 3016(a), the Plan is dated and identifies

the Debtor and the Committee as the proponents;

L.      Section 1129(a)(3) of the Bankruptcy Code is satisfied because the Plan has been

proposed in good faith and not by any means forbidden by law.  The Plan was proposed with the

legitimate purpose of liquidating the Debtor's remaining assets in an orderly fashion and is

fundamentally fair to all parties-in-interest.  In determining that the Plan has been proposed in

good faith, the Court has examined the totality of the circumstances surrounding the filing of the

Chapter 11 and the formulation of the Plan;

M.      Section 1129(a)(4) of the Bankruptcy Code is satisfied because all payments

made or to be made by the Debtor, or by a person issuing securities or acquiring property under

the Plan, for services or costs and expenses in or in connection with the Debtor's Chapter 11

proceeding, or in connection with the Plan and incident to the Debtor's Chapter 11 Case, have

been approved by or are subject to the approval of the Court as reasonable;

N.      Sections 1129(a)(5)(A) and (B) of the Bankruptcy Code are not applicable

because: (i) the Plan contemplates the dissolution of the Debtor and the establishment of a

Liquidating Trust to receive and administer the Debtor's remaining assets, and (ii) no insiders of

the Debtor will be employed or retained by any reorganized debtor.  To the extent

Section 1129(a)(5) is applicable, the Plan complies with its requirements because it discloses that

Brian T. Moore will be the initial Liquidating Trustee under the Liquidating Trust Agreement;

40654/0001-2196044v4

**(Page 6)**
Debtor:              JAZZ PHOTO CORP.
Case No.             03-26565 (MS)
Caption of Order:    ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF
                     ORDERLY LIQUIDATION

O.      Section 1129(a)(6) of the Bankruptcy Code is inapplicable because the Debtor's

business will cease and will not involve rates established or approved by, or otherwise subject to,

any governmental regulatory commission;

P.      Section 1129(a)(7) of the Bankruptcy Code is satisfied because with respect to

each impaired Class of Claims or Equity Interests, each Holder of a Claim or Equity Interest of

such Class:  (i) has accepted the Plan, or (ii) will receive or retain under the Plan on account of

such Claim or Equity Interest property of a value, as of the Effective Date of the Plan, that is not

less than the amount that such Holder would receive or retain if the Debtor were liquidated under

Chapter 7 of the Bankruptcy Code on such date;

Q.      Section 1129(a)(8) of the Bankruptcy Code is satisfied as to Classes 1, 2 and 3

because: (i) Classes 1 and 2 are not impaired by the Plan and, accordingly, are deemed to have

accepted the Plan; and (ii) Class 3 has voted to accept the Plan;

R.      Section 1129(a)(8) of the Bankruptcy Code has not been satisfied with respect to

Classes 4, 5 and 6 because Holders of Allowed Claims of Equity Interests in those Classes will

not receive or retain any property on account of their Claims and Equity Interests and,

accordingly, are deemed to have rejected the Plan under Section 1126(g) of the Bankruptcy

Code.  The Plan, however, satisfies Section 1129(b)(1) of the Bankruptcy Code with respect to

Classes 4, 5 and 6 in that the Plan does not discriminate against and is fair and equitable with

respect to each such Class.  In connection with each of Classes 4 and 5, consistent with Section

1129(b)(2)(B)(ii) of the Bankruptcy Code, holders of Claims in classes junior to Classes 4 and 5

will not receive or retain any property on account of such junior claims or interests under the

**(Page 7)**
Debtor:              JAZZ PHOTO CORP.
Case No.             03-26565 (MS)
Caption of Order:    ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF
                     ORDERLY LIQUIDATION

Plan. In connection with Class 6, consistent with Section 1129(b)(2)(C)(ii) of the Bankruptcy

Code, holders of Claims or Interests in classes junior to Class 6 will not receive or retain any

property on account of such junior claims or interests under the Plan;

  S. Section 1129(a)(9)(A) of the Bankruptcy Code is satisfied because the Plan

provides that, except to the extent the Holder of a particular Claim agrees to a different

treatment, Holders of Claims of a kind specified in Section 507(a)(1) of the Bankruptcy Code

will receive or retain on account of such Claims cash equal to the Allowed amount of such

Claims on the later of the Effective Date or seven (7) Business Days after the entry of a Final

Order allowing such Claims, or as soon thereafter as is practicable. There are no Claims of a

kind specified in Section 507(a)(2) of the Bankruptcy Code;

  T. Section 1129(a)(9)(B) of the Bankruptcy Code is satisfied because the Plan

provides that, except to the extent the Holder of a particular Claim has agreed to a different

treatment, Holders of Claims of a kind specified in Sections 507(a)(3), 507(a)(4), 507(a)(5),

507(a)(6) and 507(a)(7) of the Bankruptcy Code will receive on account of such Claims cash in

an amount equal to such Claims on the later of the Effective Date and seven (7) Business Days

after the entry of a Final Order allowing such Claims.

  U. Section 1129(a)(9)(C) of the Bankruptcy Code is satisfied because the Plan

provides that, except to the extent the Holder of a particular Claim agrees to a different

treatment, Holders of Claims of a kind specified in Section 507(a)(8) of the Bankruptcy Code

will receive on account of such Claims cash in an amount equal to such Claims on the later of the

Effective Date and seven (7) Business Days after entry of a Final Order allowing such Claims;

40654/0001-2196044v4

**(Page 8)**

| | |
|---|---|
| Debtor: | JAZZ PHOTO CORP. |
| Case No. | 03-26565 (MS) |
| Caption of Order: | ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF ORDERLY LIQUIDATION |

V.       Section 1129(a)(10) of the Bankruptcy Code is satisfied because at least one Class of Claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider;

W.       Section 1129(a)(11) of the Bankruptcy Code is satisfied because confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor, other than the liquidation contemplated by the Plan;

X.       Section 1129(a)(12) of the Bankruptcy Code is satisfied because all fees payable pursuant to 28 U.S.C. § 1930, as determined by the Court, have been paid or will be paid on the Effective Date of the Plan and, thereafter, pending entry of a final decree;

Y.       Section 1129(a)(13) of the Bankruptcy Code is inapplicable because the Debtor does not have retiree benefits as defined in section 1114 of the Bankruptcy Code;

Z.       The Debtor, the Committee and their respective principals, officers, directors, attorneys, accountants, financial advisors, advisory affiliates, employees, and agents solicited acceptance or rejection of the Plan in good faith pursuant to Section 1125(e) of the Bankruptcy Code and have complied fully with the Disclosure Statement Order and the applicable provisions of the Bankruptcy Code and the Federal and Local Rules of Bankruptcy Procedure;

AA.       This Court has jurisdiction to consider the joint request of the Debtor and the Committee to confirm the Plan pursuant to 28 U.S.C. § 1334(b);

BB.       The hearing to consider confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L); and

**(Page 9)**
Debtor:            JAZZ PHOTO CORP.
Case No.           03-26565 (MS)
Caption of Order:  ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF
                   ORDERLY LIQUIDATION

CC.    Good, proper and sufficient notice of the confirmation hearing was provided to all creditors and parties-in-interest in compliance with the terms of the Disclosure Statement Order, and such notice is approved in all respects;

IT IS ORDERED as follows:

1.    The Plan, having met all of the relevant requirements of Sections 1123(a) and 1129 of the Bankruptcy Code, is hereby confirmed.

2.    The Plan and all related documents and exhibits, including the form of Liquidating Trust Agreement that was attached as Exhibit A to the Plan, are approved in all respects.

3.    The Debtor is hereby authorized to: (a) execute the Liquidating Trust Agreement; and (b) take all other actions necessary or appropriate to enter into, implement and consummate the Plan and other agreements or documents created in connection with the Plan, including transferring the Assets to the Liquidating Trust.

4.    The appointment of Brian T. Moore as the Liquidating Trustee under the Liquidating Trust Agreement is authorized and approved. Mr. Moore and any professionals he retains on behalf of the Liquidating Trust are authorized to be compensated pursuant to the terms of the Liquidating Trust Agreement.

5.    Subject to the provisions of the Plan and this Order, after the Effective Date, the Debtor shall be deemed dissolved as a corporation pursuant to New Jersey law and by authority of this Order. As of the Effective Date, the existing officers and directors of the Debtor shall cease to serve in any such capacities. The term of the board of directors of the Debtor shall be

**(Page 10)**
Debtor:              JAZZ PHOTO CORP.
Case No.             03-26565 (MS)
Caption of Order:    ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF
                     ORDERLY LIQUIDATION

deemed to expire and the position of each officer shall terminate on the Effective Date. The

Liquidating Trustee shall succeed to the right to act in such capacities as may be necessary to

implement the Plan pursuant to the terms of the Liquidating Trust Agreement.

6.    This Order shall constitute all approvals and consents required, if any, by the

laws, rules or regulations of any State or any other governmental authority with respect to the

implementation or consummation of the Plan and any other documents, instruments or

agreements, and any amendments or modifications thereto, and any other acts referred to in or

contemplated by the Plan, the Disclosure Statement, the Liquidating Trust Agreement, any and

other documents, instruments or agreements.

7.    Pursuant to Sections 365 and 1123(b)(2) of the Bankruptcy Code, the Debtor is

hereby authorized to reject all Executory Contracts. All Executory Contracts not otherwise

specifically assumed by the Debtor by prior order of the Bankruptcy Court or pursuant to the

Plan are rejected as of the Confirmation Date.

8.    Every Claim asserted by a Creditor arising from the rejection of an Executory

Contract must be filed with the Bankruptcy Court by no later than the first Business Day which

is thirty (30) days after the Effective Date. Every such Claim that is timely filed and allowed

will be treated under the Plan as a Class 3 Unsecured Claim. Every such Claim that is not timely

filed by the deadline stated above will be forever barred, unenforceable and discharged, and the

Creditor holding the Claim will not receive or be entitled to any distribution under the Plan on

account of such Claim.

40654/0001-2196044v4

**(Page 11)**

Debtor:                    JAZZ PHOTO CORP.
Case No.                   03-26565 (MS)
Caption of Order:          ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF
                           ORDERLY LIQUIDATION

9.      On the Effective Date, and in accordance with this Order, the Assets will be irrevocably transferred and assigned to the Liquidating Trust and will be held in trust for the benefit of all holders of Allowed Claims pursuant to the terms of the Plan and the Liquidating Trust Agreement. The Estate's title to the Assets will pass to the Liquidating Trust on the Effective Date free and clear of all Claims and Equity Interests in accordance with Section 1141 of the Bankruptcy Code. The Liquidating Trustee will pay, or otherwise make distributions on account of, all Allowed Claims against the Debtor in accordance with the terms of the Plan and the Liquidating Trust Agreement.

10.     All claims, demands and Causes of Action of any kind or nature whatsoever held by, through, or on behalf of the Debtor and/or the Estate against any other Person, including, but not limited to, all Causes of Action, including the Avoidance Actions, are hereby preserved in full for the benefit of the Liquidating Trust, whether or not such claims or Causes of Action are specifically identified in the Disclosure Statement or the Plan. The Liquidating Trustee is hereby designated as the Estate representative pursuant to and in accordance with Section 1123(b)(3)(B) of the Bankruptcy Code for purposes of, without limitation, prosecuting Causes of Action.

11.     Pursuant to Sections 105(a) and 1127 of the Bankruptcy Code, this Court hereby retains exclusive jurisdiction over any and all matters arising under, arising out of, or related to this Chapter 11 case including, without limitation: (a) all matters set forth in Article XII of the Plan, and (b) all other matters and for all such other purposes as may be necessary or useful to aid in the consummation and implementation of the Plan.

40654/0001-2196044v4

**(Page 12)**

Debtor:                     JAZZ PHOTO CORP.
Case No.                  03-26565 (MS)
Caption of Order:    ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF
                              ORDERLY LIQUIDATION

12.     Any person seeking payment on account of a Professional Compensation and
Reimbursement Claim shall file with the Clerk of this Court an application for allowance of final
compensation and reimbursement of expenses no later than thirty (30) days after the
Confirmation Date.  Failure to timely file a final Fee Application shall result in the professional
compensation and reimbursement claim being forever barred and discharged.

13.     After the Confirmation Date, the Liquidating Trustee and the Liquidating Trustee
Professionals shall be compensated for their services on a monthly basis pursuant to the terms of
the Liquidating Trust Agreement in accordance with the hourly fees customarily charged by the
Liquidating Trustee and the Liquidating Trustee Professionals for professional services and shall
be paid out of the Expense Reserve Account.

14.     Pursuant to Section 1146(c) of the Bankruptcy Code, the issuance, transfer or
exchange of a security or the making or delivery of an instrument of transfer under the Plan shall
not be subject to any stamp, transfer or other similar tax.

15.     The approvals and authorizations specifically set forth in this Order are
nonexclusive and are not intended to limit the authority of the Debtor or its directors, officers,
employees, agents, its representatives, or the Liquidating Trustee to take any and all actions
necessary or appropriate to implement, effectuate and consummate the Plan or this Order.

16.     The provisions of the Plan and this Order shall be and hereby are binding on, and
enforceable by and against, the Debtor, Liquidating Trustee, the Committee, each Creditor, each
Holder of an Equity Interest and each other party in interest in the Chapter 11 Case, including
their successors and assigns, whether or not they accepted the Plan.

40654/0001-2196044v4

**(Page 13)**

| | |
|---|---|
| Debtor: | JAZZ PHOTO CORP. |
| Case No. | 03-26565 (MS) |
| Caption of Order: | ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF ORDERLY LIQUIDATION |

17.    To the extent allowed by Section 1125(e) of the Bankruptcy Code, neither the Debtor, the Committee nor any of the Chapter 11 Professionals shall have or incur any liability to any Holder of a Claim or Interest, or any other party-in-interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, affiliates or any of their successors or assigns, for any act or omission occurring in connection with, relating to, or arising out of the solicitation of acceptances of the Plan.

18.    The failure to include or otherwise refer to any specific provision of the Plan in this Order shall not be deemed or construed as a waiver or deletion or to otherwise impair or adversely affect any such omitted provisions of the Plan.

19.    If any or all of the provisions of this Order are hereafter reversed, modified or vacated by subsequent Order of this Court or any other court, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken in connection with the Plan before the receipt of written notice of any such Order, nor shall such reversal, modification or vacatur of this Order affect the validity or enforceability of such act or obligation.  Notwithstanding any reversal, modification or vacatur of this Order, any act or obligation incurred or undertaken pursuant to, and in reliance on, this Order before the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order and the Plan and all documents, instruments and agreements related thereto or any amendments or modifications thereto.

20.    The provisions of this Order are integrated with each other and are nonseverable and mutually dependent.

40654/0001-2196044v4

**(Page 14)**
Debtor:                JAZZ PHOTO CORP.
Case No.              03-26565 (MS)
Caption of Order:   ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF
                          ORDERLY LIQUIDATION

21.    If and to the extent that any provision of this Order is determined to be inconsistent with any provision of the Plan or the Liquidating Trust Agreement, such provision of the Plan or the Liquidating Trust Agreement shall control and take precedence.

22.    Pursuant to Sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Order, the Plan and the Liquidating Trust Agreement shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law. If any provision of the Plan or this Order is determined to be unenforceable, such determination shall not limit or affect the enforceability and operative effect of any other provision of the Plan or this Order.

23.    The Plan shall be deemed to be substantially consummated on the Effective Date.

24.    This Order is a Final Order and is subject to immediate appeal.

25.    The Debtor shall cause notice of the entry of this Order to be provided to all creditors and parties-in-interest by regular, first-class mail within ten (10) days of the date hereof. The foregoing notice shall constitute due and adequate notice of this Order within the meaning of the Federal and Local Rules of Bankruptcy Procedure.

40654/0001-2196044v4