| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>**LARRY LESNIK**<br>**RAVIN GREENBERG PC**<br>Attorneys for Plaintiff<br>101 Eisenhower Parkway<br>Roseland, New Jersey 07068<br>(973) 226-1500<br>LL2031 | |
| In Re: JAZZ PHOTO CORP.,<br><br>                Debtor. | Chapter 11<br><br>Case No. 03-26565/MS |
| BRIAN MOORE, LIQUIDATING TRUSTEE OF JAZZ PHOTO CORP.,<br><br>                Plaintiff.<br><br>                v.<br><br>GEMCO SALES COMPANY,<br><br>                Defendant. | Adv. Pro. No. |

## ADVERSARY COMPLAINT FOR RECOVERY
## OF PREFERENTIAL PAYMENTS

Plaintiff Brian Moore ("Moore"), Liquidating Trustee of Jazz Photo Corp. ("Jazz" or the "Debtor"), the Debtor and former Debtor-In-Possession in the within proceeding, by and through his attorneys, Ravin Greenberg PC, by way of adversary complaint against Defendant Gemco Sales Company ("Gemco") states the following:

### JURISDICTION

1. This is an adversary proceeding seeking the entry of a money judgment against the defendant.

2. This adversary proceeding arises in and relates to the chapter 11 case of Jazz, which is now pending in this district.

3. The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. §§547 and 550.

4. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (F). To the extent the claim asserted herein does not constitute a core proceeding, such claim is otherwise related to Jazz's bankruptcy proceeding, and thus this Court may hear this matter pursuant to 28 U.S.C. §157(c)(1).

5. Venue of this adversary proceeding in this District is proper pursuant to 28 U.S.C. §1409.

6. This matter arises under 11 U.S.C. §§547 and 550.

## **BACKGROUND**

7. On May 20, 2003 (the "Commencement Date"), Jazz commenced with this Court a voluntary case under chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

8. Jazz continued to operate its business and manage its properties as a debtor-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code after the Commencement Date, but has recently confirmed its First Amended Joint Plan of Orderly Liquidation (the "Plan").

9. On May 13, 2005, the Plan was confirmed by the Bankruptcy Court.

10. Pursuant to the terms of the Plan, Moore became Jazz's Liquidating Trustee on or about May 13, 2005 with title to all of Jazz's assets and cause of actions.

## PARTIES

11. Jazz Photo Corp. is a corporate entity which most recently operated from 220 Old New Brunswick Road, Suite 103, Piscataway, NJ 08854.

12. Moore is Jazz's Liquidating Trustee.

13. Upon information and belief, Gemco is a corporate entity or proprietorship with a business address of 8525 N.W. 53 Terrace, Suite 118, Miami, FL 33166.

## COUNT I

## AVOIDANCE OF PREFERENTIAL TRANSFER

14. Moore repeats and realleges paragraphs 1 - 13 as if fully set forth herein.

15. Within 90 days of the Commencement Date, Jazz transferred to Gemco a total of $21,623.29 (the "Gemco Preferential Transfer") pursuant to the following transfer:

| Transfer Date(2003) | Check Number | Transfer Amount |
| --- | --- | --- |
| 3/31 | 761611766 | $21,623.29 |

16. The Gemco Preferential Transfer made by Jazz to Gemco constitutes a transfer of interest of the Debtor in property:

   (a) To or for the benefit of a creditor;

   (b) For or on account of an antecedent debt made by the Debtor before the transfer was made; and

   (c) Made while the Debtor was insolvent.

17. The Gemco Preferential Transfer enabled Gemco to receive more than it would receive if:

   (a) The case was a case under chapter 7 of the Bankruptcy Code;

    (b)    The transfer had not been made; and

    (c)    Gemco received payment of such debt to the extent provided by the provisions of Title 11.

18.    By reason of the foregoing, the Gemco Preferential Transfer made by the Debtor to Gemco is voidable by Moore pursuant to 11 U.S.C. Section 547(b).

WHEREFORE, Moore requests the entry of a judgment against Gemco as follows:

    (a)    Avoiding the Gemco Preferential Transfer;

    (b)    Directing Gemco to immediately pay Moore the sum of $21,623.29 together with post-judgment interest thereon;

    (c)    Awarding to Moore costs, expenses and reasonable attorneys' fees; and

    (d)    Granting such other and further relief as the Court deems just and equitable.

## COUNT II

## RECOVERY OF PREFERENTIAL TRANSFER

19.    Moore repeats and realleges Paragraphs 1 through 18 as if fully set forth herein.

20.    Upon information and belief, Gemco was the initial transferee of the Gemco Preferential Transfer, the person for whose benefit the Gemco Preferential Transfer was made, or the beneficial transferee thereof.

21.    Pursuant to 11 U.S.C. Section 550, Moore is entitled to recover the Gemco Preferential Transfer, together with post-judgment interest thereon at the maximum legal

rate.

WHEREFORE, Moore requests the entry of a judgment against Gemco as follows:

(a) Avoiding the Gemco Preferential Transfer;

(b) Directing Gemco to immediately pay Moore the sum of $21,623.29 together with post-judgment interest thereon;

(c) Awarding Moore costs, expenses and reasonable attorneys' fees; and

(d) Granting such other and further relief as the Court deems just and equitable.

                                              Ravin Greenberg PC
                                              Attorneys for Liquidating Trustee

Dated: May 18, 2005                            By: /s/ Larry Lesnik
                                                             Larry Lesnik

P:\Jazz Photo\AdvComp.Moore.Gemco.wpd