| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**SHERYLL S. TAHIRI**<br>**RAVIN GREENBERG PC**<br>Attorneys for Plaintiff<br>101 Eisenhower Parkway<br>Roseland, New Jersey 07068<br>(973) 226-1500<br>ST4629 | |
| In Re:<br><br>JAZZ PHOTO CORP.,<br><br>　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 03-26565/MS |
| BRIAN MOORE, LIQUIDATING TRUSTEE OF JAZZ PHOTO CORP.,<br><br>　　　　　　　　　Plaintiff.<br><br>　v.<br><br>MONA BENUN;<br>JASMINE BENUN;<br>REBECCA BENUN; and<br>SABRINA BENUN,<br><br>　　　　　　　　　Defendant. | Adv. Pro. No. |

**ADVERSARY COMPLAINT SEEKING TO RECOVER PROPERTY
OF THE ESTATE AND AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. §§ 541, 542, 547 and 550**

Plaintiff Brian Moore ("Moore"), Liquidating Trustee of Jazz Photo Corp. ("Jazz" or the "Debtor"), the Debtor and former Debtor-In-Possession in the within proceeding, by and through his attorneys, Ravin Greenberg PC, by way of adversary complaint against Defendants Mona Benun, Jasmine Benun, Rebecca Benun and Sabrina Benun states the following:

**JURISDICTION**

1. This is an adversary proceeding seeking the entry of a money judgment against the defendants.

2. This adversary proceeding arises in and relates to the chapter 11 case of Jazz, which is now pending in this District.

3. The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334.

4. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (F). To the extent the claims asserted herein do not constitute a core proceeding, such claims are otherwise related to Jazz's bankruptcy proceeding, and thus this Court may hear this matter pursuant to 28 U.S.C. §157(c)(1).

5. Venue of this adversary proceeding in this District is proper pursuant to 28 U.S.C. §1409.

6. This matter arises under 11 U.S.C. §§ 541, 542, 547 and 550.

**BACKGROUND**

7. On May 20, 2003 (the "Commencement Date"), Jazz commenced with this Court a voluntary case under chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

8. Jazz continued to operate its business and manage its properties as a debtor-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code after the Commencement Date until March 1, 2005.

9. On May 13, 2005, Jazz's First Amended Joint Plan of Liquidation (the "Plan") was confirmed by the Bankruptcy Court.

10. Pursuant to the terms of the Plan, Moore became Jazz's Liquidating Trustee on or about May 13, 2005 with title to all of Jazz's assets and cause of actions.

## PARTIES

11. Jazz is a corporate entity which most recently operated from 220 Old New Brunswick Road, Suite 103, Piscataway, NJ 08854.

12. Moore is Jazz's Liquidating Trustee.

13. Upon information and belief, Defendants Mona Benun, Jasmine Benun, Rebecca Benun and Sabrina Benun (collectively, the "Benuns"), are individuals with a residential address of 80 Wickapecko Drive, Ocean, NJ 07712. The Benuns collectively are the primary shareholders of Jazz and are insiders of Jazz pursuant to 11 U.S.C. §101.

## COUNT I

### TURNOVER OF OVERPAYMENTS OF INTEREST TO MONA BENUN

14. Moore repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

15. Prior to the Commencement Date, Mona Benun made a loan(s) to Jazz for which she received interest at a rate of ten (10%) per annum.

16. Prior to the Commencement Date, Jazz satisfied its obligations owed to Mona Benun under the loan(s).

17. Jazz's books and records reflect that the interest paid by Jazz to Mona Benen exceeded the amount of interest that accrued on the loan(s) by the amount of at least $36,835.07 (the "MB Overpayments").

18. Jazz's estate has a legal and equitable interest in the MB Overpayments.

19. The MB Overpayments are property of Jazz's estate pursuant to 11 U.S.C. §541.

20. Mona Benun must turnover the MB Overpayments to Moore pursuant to 11 U.S.C. §542.

WHEREFORE, Moore respectfully prays for the entry of Judgment against Mona Benun as follows:

(a) Directing Mona Benun to immediately provide an accounting of all payments received from Jazz and pay Moore the sum of all overpayments together with interest thereon;

(b) Awarding to Moore costs, expenses and reasonable attorneys' fees; and

(c) Granting such other and further relief as the Court deems just and equitable.

## COUNT II

### AVOIDANCE OF PREFERENTIAL PAYMENTS TO MONA BENUN

21. Moore repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

22. Within one year of the Petition Date, Jazz transferred to Mona Benun a total of $133,770.42 (the "MB Preferential Payments") pursuant to the following payments:

| Payment Date | Payment Amount |
| --- | --- |
| 7/25/2002 | $ 26,000.00 |
| 7/30/2002 | 40,000.00 |
| 8/06/2002 | 15,000.00 |
| 8/13/2002 | 23,000.00 |
| 8/14/2002 | 21,000.00 |
| 8/29/2002 | 15,300.00 |
| 9/04/2002 | 15,470.42 |

23. The MB Preferential Payments made by Jazz to Mona Benun constitute transfers of interest of the Debtor in property:

(a) To or for the benefit of a creditor;

(b) For or on account of an antecedent debt made by the Debtor before the transfers were made; and

(c) Made while the Debtor was insolvent.

24. The MB Preferential Payments enabled Mona Benun to receive more than she would receive if:

(a) The case were a case under chapter 7 of the Bankruptcy Code;

(b) The transfers had not been made; and

(c) Mona Benun received payment of such debt to the extent provided by the provisions of Title 11.

25. By reason of the foregoing, the MB Preferential Payments made by the Debtor to Mona Benun are voidable by Moore pursuant to 11 U.S.C. Section 547(b).

WHEREFORE, Moore requests the entry of a judgment against Mona Benun as follows:

(a) Avoiding the MB Preferential Payments;

(b) Directing Mona Benun to immediately pay Moore the sum of $133,770.42, together with interest thereon;

(c) Awarding to Moore costs, expenses and reasonable attorneys' fees; and

(d) Granting such other and further relief as the Court deems just and equitable.

## COUNT III

### RECOVERY OF MB PREFERENTIAL PAYMENTS

26.     Moore repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

27.     Upon information and belief, Mona Benun was the initial transferee of the MB Preferential Payments, the person for whose benefit the MB Preferential Payments were made, or the beneficial transferee thereof.

28.     Pursuant to 11 U.S.C. Section 550, Moore is entitled to recover the MB Preferential Payments, together with interest thereon at the maximum legal rate.

WHEREFORE, Moore requests the entry of a judgment against Mona Benun as follows:

(a)     Avoiding the MB Preferential Payments;

(b)     Directing Mona Benun to immediately pay Moore the sum of $133,770.42, together with interest thereon;

(c)     Awarding Moore costs, expenses and reasonable attorneys' fees; and

(d)     Granting such other and further relief as the Court deems just and equitable.

## COUNT IV

### TURNOVER OF OVERPAYMENTS OF INTEREST TO JASMINE BENUN

29.     Moore repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

30.     Prior to the Commencement Date, Jasmine Benun made a loan(s) to Jazz for which she received interest at a rate of ten (10%) per annum.

31.     Prior to the Commencement Date, Jazz satisfied its obligations owed to Jasmine Benun under the loan(s).

32.     Jazz's books and records reflect that the interest paid by Jazz to Jasmine Benun exceeded the amount of interest that accrued on the loan(s) by the amount of at least $398.69 (the "JB Overpayments").

33.     Jazz's estate has a legal and equitable interest in the JB Overpayments.

34.     The JB Overpayments are property of Jazz's estate pursuant to 11 U.S.C. §541.

35.     Jasmine Benun must turnover the JB Overpayments to Moore pursuant to 11 U.S.C. §542.

WHEREFORE, Moore respectfully prays for the entry of Judgment against Jasmine Benun as follows:

(a)     Directing Jasmine Benun to immediately provide an accounting of all payments received by Jazz and pay Moore the sum of all overpayments together with interest thereon;

(b)     Awarding to Moore costs, expenses and reasonable attorneys' fees; and

(c)     Granting such other and further relief as the Court deems just and equitable.

## COUNT V

**AVOIDANCE OF PREFERENTIAL PAYMENTS TO JASMINE BENUN**

36.     Moore repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

37.     Within one year of the Petition Date, Jazz transferred to Jasmine Benun a total of $49,000.00 (the "JB Preferential Payments") pursuant to the following payments:

| Payment Date | Payment Amount |
|---|---|
| 8/08/2002 | $ 30,000.00 |
| 8/26/2002 | 17,500.00 |
| 8/29/2002 | 1,500.00 |

38.     The JB Preferential Payments made by Jazz to Jasmine Benun constitute transfers of interest of the Debtor in property:

    (a)     To or for the benefit of a creditor;

    (b)     For or on account of an antecedent debt made by the Debtor before the transfers were made; and

    (c)     Made while the Debtor was insolvent.

39.     The JB Preferential Payments enabled Jasmine Benun to receive more than she would receive if:

    (a)     The case were a case under chapter 7 of the Bankruptcy Code;

    (b)     The transfers had not been made; and

    (c)     Jasmine Benun received payment of such debt to the extent provided by the provisions of Title 11.

40.     By reason of the foregoing, the JB Preferential Payments made by the Debtor to Jasmine Benun, are voidable by Moore pursuant to 11 U.S.C. Section 547(b).

WHEREFORE, Moore requests the entry of a judgment against Jasmine Benun as follows:

    (a)     Avoiding the JB Preferential Payments;

(b)   Directing Jasmine Benun to immediately pay Moore the sum of $49,000.00, together with interest thereon;

(c)   Awarding to Moore costs, expenses and reasonable attorneys' fees; and

(d)   Granting such other and further relief as the Court deems just and equitable.

## COUNT VI

### RECOVERY OF JB PREFERENTIAL PAYMENTS

41.   Moore repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

42.   Upon information and belief, Jasmine Benun was the initial transferee of the JB Preferential Payments, the person for whose benefit the JB Preferential Payments were made, or the beneficial transferee thereof.

43.   Pursuant to 11 U.S.C. Section 550, Moore is entitled to recover the JB Preferential Payments, together with interest thereon at the maximum legal rate.

WHEREFORE, Moore requests the entry of a judgment against Jasmine Benun as follows:

(a)   Avoiding the JB Preferential Payments;

(b)   Directing Jasmine Benun to immediately pay Moore the sum of $49,000.00, together with interest thereon;

(c)   Awarding Moore costs, expenses and reasonable attorneys' fees; and

(d)   Granting such other and further relief as the Court deems just and equitable.

## COUNT VII

### TURNOVER OF OVERPAYMENTS OF INTEREST TO REBECCA BENUN

44. Moore repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

45. Prior to the Commencement Date, Rebecca Benun made a loan(s) to Jazz for which she received interest at a rate of ten (10%) per annum.

46. Prior to the Commencement Date, Jazz satisfied its obligations owed to Rebecca Benun under the loan(s).

47. Jazz's books and records reflect that the interest paid by Jazz to Rebecca Benun exceeded the amount of interest that accrued on the loan(s) by the amount of at least $305.53 (the "RB Overpayments").

48. Jazz's estate has a legal and equitable interest in the RB Overpayments.

49. The RB Overpayments are property of Jazz's estate pursuant to 11 U.S.C. §541.

50. Rebecca Benun must turnover the RB Overpayments to Moore pursuant to 11 U.S.C. §542.

WHEREFORE, Moore respectfully prays for the entry of Judgment against Rebecca Benun as follows:

(a) Directing Rebecca Benun to immediately provide an accounting of all payments received from Jazz and pay Moore the sum of all overpayments together with interest thereon;

(b) Awarding to Moore costs, expenses and reasonable attorneys' fees; and

(c) Granting such other and further relief as the Court deems just and equitable.

# COUNT VIII

## AVOIDANCE OF PREFERENTIAL PAYMENTS TO REBECCA BENUN

51. Moore repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

52. Within one year of the Petition Date, Jazz transferred to Rebecca Benun a total of $31,000.00 (the "RB Preferential Payments") pursuant to the following payments:

| Payment Date | Payment Amount |
| --- | --- |
| 8/29/2002 | $ 31,000.00 |

53. The RB Preferential Payments made by Jazz to Jasmine Benun constitute transfers of interest of the Debtor in property:

 (a) To or for the benefit of a creditor;

 (b) For or on account of an antecedent debt made by the Debtor before the transfers were made; and

 (c) Made while the Debtor was insolvent.

54. The RB Preferential Payments enabled Rebecca Benun to receive more than she would receive if:

 (a) The case were a case under chapter 7 of the Bankruptcy Code;

 (b) The transfers had not been made; and

 (c) Rebecca Benun received payment of such debt to the extent provided by the provisions of Title 11.

55. By reason of the foregoing, the RB Preferential Payments made by the Debtor to Rebecca Benun, are voidable by Moore pursuant to 11 U.S.C. Section 547(b).

WHEREFORE, Moore requests the entry of a judgment against Rebecca Benun as follows:

(a) Avoiding the RB Preferential Payments;

(b) Directing Rebecca Benun to immediately pay Moore the sum of $31,000.00, together with interest thereon;

(c) Awarding to Moore costs, expenses and reasonable attorneys' fees; and

(d) Granting such other and further relief as the Court deems just and equitable.

## COUNT IX

### RECOVERY OF RB PREFERENTIAL PAYMENTS

56. Moore repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

57. Upon information and belief, Rebecca Benun was the initial transferee of the RB Preferential Payments, the person for whose benefit the RB Preferential Payments were made, or the beneficial transferee thereof.

58. Pursuant to 11 U.S.C. Section 550, Moore is entitled to recover the RB Preferential Payments, together with interest thereon at the maximum legal rate.

WHEREFORE, Moore requests the entry of a judgment against Rebecca Benun as follows:

(a) Avoiding the RB Preferential Payments;

(b) Directing Rebecca Benun to immediately pay Moore the sum of $31,000.00, together with interest thereon;

(c) Awarding Moore costs, expenses and reasonable attorneys' fees; and

(d) Granting such other and further relief as the Court deems just and equitable.

## COUNT X

### TURNOVER OF OVERPAYMENTS OF INTEREST TO SABRINA BENUN

59. Moore repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

60. Prior to the Commencement Date, Sabrina Benun made a loan(s) to Jazz for which she received interest at a rate of ten (10%) per annum.

61. Prior to the Commencement Date, Jazz satisfied its obligations owed to Sabrina Benun under the loan(s).

62. Jazz's books and records reflect that the interest paid by Jazz to Sabrina Benun exceeded the amount of interest that accrued on the loan(s) by the amount of at least $541.96 (the "SB Overpayments").

63. Jazz's estate has a legal and equitable interest in the SB Overpayments.

64. The SB Overpayments are property of Jazz's estate pursuant to 11 U.S.C. §541.

65. Sabrina Benun must turnover the SB Overpayments to Moore pursuant to 11 U.S.C. §542.

WHEREFORE, Moore respectfully prays for the entry of Judgment against Sabrina Benun as follows:

(a) Directing Sabrina Benun to immediately provide an accounting of all payments received from Jazz and pay Moore the sum of all overpayments together with interest thereon;

(b) Awarding to Moore costs, expenses and reasonable attorneys' fees; and

(c) Granting such other and further relief as the Court deems just and equitable.

## COUNT XI

### AVOIDANCE OF PREFERENTIAL PAYMENTS TO SABRINA BENUN

66. Moore repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth at length herein..

67. Within one year of the Petition Date, Jazz transferred to Sabrina Benun a total of $55,000.00 (the "SB Preferential Payments") pursuant to the following payments:

| Payment Date | Payment Amount |
| --- | --- |
| 7/31/2002 | $ 26,500.00 |
| 8/26/2002 | 28,500.00 |

68. The SB Preferential Payments made by Jazz to Sabrina Benun constitute transfers of interest of the Debtor in property:

 (a) To or for the benefit of a creditor;

 (b) For or on account of an antecedent debt made by the Debtor before the transfers were made; and

 (c) Made while the Debtor was insolvent.

69. The SB Preferential Payments enabled Sabrina Benun to receive more than she would receive if:

 (a) The case were a case under chapter 7 of the Bankruptcy Code;

 (b) The transfers had not been made; and

 (c) Sabrina Benun received payment of such debt to the extent provided by the provisions of Title 11.

70. By reason of the foregoing, the SB Preferential Payments made by the Debtor to Sabrina Benun, are voidable by Moore pursuant to 11 U.S.C. Section 547(b).

WHEREFORE, Moore requests the entry of a judgment against Sabrina Benun as follows:

(a) Avoiding the SB Preferential Payments;

(b) Directing Sabrina Benun to immediately pay Moore the sum of $55,000.00, together with interest thereon;

(c) Awarding to Moore costs, expenses and reasonable attorneys' fees; and

(d) Granting such other and further relief as the Court deems just and equitable.

## COUNT XII

### RECOVERY OF SB PREFERENTIAL PAYMENTS

71. Moore repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

72. Upon information and belief, Sabrina Benun was the initial transferee of the SB Preferential Payments, the person for whose benefit the SB Preferential Payments were made, or the beneficial transferee thereof.

73. Pursuant to 11 U.S.C. Section 550, Moore is entitled to recover the SB Preferential Payments, together with interest thereon at the maximum legal rate.

WHEREFORE, Moore requests the entry of a judgment against Sabrina Benun as follows:

(a) Avoiding the SB Preferential Payments;

(b) Directing Sabrina Benun to immediately pay Moore the sum of $55,000.00, together with interest thereon;

    (c)    Awarding Moore costs, expenses and reasonable attorneys' fees; and

    (d)    Granting such other and further relief as the Court deems just and equitable.

                                       RAVIN GREENBERG PC
                                       Attorneys for Brian Moore,
                                       Liquidating Trustee of Jazz Photo Corp.

                                       By: /s/ Sheryll S. Tahiri
                                              SHERYLL S. TAHIRI

Dated: May 19, 2005

P:\Jazz Photo\Preferences\BenunFamily.Complaint.wpd
051805