# COLE SCHOTZ
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Attorneys at Law          A Professional Corporation

COURT PLAZA NORTH
25 MAIN STREET
P.O. BOX 800
HACKENSACK, NJ 07602-0800
201-489-3000    201-489-1536 FAX
—
NEW YORK
—
DELAWARE
—
MARYLAND

**Mark J. Politan**
MEMBER
ADMITTED IN NJ AND NY

**Reply to New Jersey Office**
WRITER'S DIRECT LINE: 201-525-6303
WRITER'S DIRECT FAX: 201-678-6303
WRITER'S E-MAIL: mpolitan@coleschotz.com

March 23, 2009

**Via ECF and E-mail**

Hon. Morris Stern, U.S.B.J.
United States Bankruptcy Court
50 Walnut Street
Newark, NJ 07102

    Re:    Jazz Photo Corp.
           Case No. 03-26565 (MS)

Dear Judge Stern:

      This firm is counsel to Edwin N. Ordway, Jr., in his capacity as Liquidating Trustee to the Jazz Photo Corp. Liquidation Trust in the above-referenced matter. Please accept this letter in lieu of a more formal response to the Court's Notice of Intention to Close Case pursuant to D.N.J. LBR 3022-1(a), returnable on March 30, 2009.

      As Your Honor may recall, the Liquidating Trustee settled litigation with certain members of the Benun family. The final installment of the settlement proceeds was received by the Liquidating Trust in December 2008. The receipt of those monies concludes the collection of amounts due to the Liquidation Trust. As set forth herein, however, there remain several open items that must be resolved before the bankruptcy proceeding can be closed. Those items require the case to remain open for a short period of time to allow the Liquidating Trustee to obtain appropriate orders from this Court authorizing the Trustee's actions.

      The tasks remaining to be completed include the following: (a) the Trustee must file tax returns for year end 2008, plus the stub period for 2009; (b) the Trustee must make a final distribution of the monies on hand, including the Benun settlement proceeds, estimated to be $238,000.00 (prior to the Liquidation Trust's administration costs); and (c) the Trustee must file a motion to authorize the destruction and abandonment of the books and records of the debtor including, without limitation, the computers and disks, on notice to any and all interested parties. In addition, the Trustee continues to hold over $2 million relating to an

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
ATTORNEYS AT LAW

Hon. Morris Stern, U.S.B.J.
March 23, 2009
Page 2

administrative expense claim asserted by Polytech, Ltd. ("Polytech"). Those funds were the subject of a pre-judgment attachment order issued by the district court in the infringement action commenced against Polytech by Fuji Photo Film Co., Ltd. ("Fuji"). The Liquidating Trustee understands that litigation is still pending. Unless an agreement between Fuji and Polytech as to where those funds should be held pending the outcome of the case is reached, the Liquidating Trustee may be required to bring an application to pay those funds into the appropriate court.

      Given the aforementioned actions left to be completed by the Trustee, and the clear need for authorization from the Court in order to effect the proposed actions, the Trustee respectfully submits that the bankruptcy case should remain open for an additional sixty (60) day period from March 30, 2009. The Trustee submits that additional time will allow the necessary tasks to be accomplished in an orderly fashion, and will result in no prejudice to any party.

                              Respectfully yours,

                              */s/ Mark J. Politan*

                              Mark J. Politan

MJP:kmj
cc:    Office of the United States Trustee (via ECF)
       Mr. Edwin N. Ordway, Jr. (via email)
       Warren A. Usatine, Esq. (via email)