**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
25 Main Street
P. O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Mark J. Politan, Esq.
Attorneys for Edwin N. Ordway, Jr.,
Trustee for Jazz Photo Corp. Liquidation Trust

|  |  |
|---|---|
|  | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HON. MORRIS STERN<br>CASE NO. 03-26565  (MS) |
|  | Chapter 11 |
| In the Matter of:<br><br>JAZZ PHOTO CORP.,<br><br>Debtor. | **APPLICATION OF TRUSTEE SEEKING AUTHORITY TO ABANDON AND DESTROY THE DEBTOR'S BOOKS AND RECORDS** |
|  | **HEARING DATE AND TIME:**<br>May 11, 2009, 10:00 a.m. |
|  | **ORAL ARGUMENT WAIVED UNLESS OBJECTIONS TIMELY FILED** |

  The Application of Edwin N. Ordway, Jr., Trustee for the Jazz Photo Corp. Liquidation

Trust (the "Trustee"), by and through his counsel, Cole Schotz, Meisel, Forman & Leonard, P.A.,

respectfully represents as follows:

40654/0001-5522972v1

## BACKGROUND

1. On May 20, 2003 (the "Filing Date"), Jazz Photo Corp. (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). From the Filing Date through March 1, 2005, the Debtor operated its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. In connection with the settlement of the Debtor's litigation against Imation Corp., the Debtor was required to cease ordinary business operations effective March 1, 2005.

3. On May 13, 2005, this Court entered an Order confirming the Plan proposed by the Debtor and the Official Committee of Unsecured Creditors. The Plan provided for the formation of the Jazz Photo Corp. Liquidation Trust (the "Trust") and appointed Brian T. Moore as Trustee under a Court-approved Liquidating Trust Agreement.

4. On August 20, 2007, this Court entered an Order appointing Edwin N. Ordway, Jr. as successor Trustee to Mr. Moore.

5. Since the Trustee's appointment, he has liquidated a majority of the estate's assets and commenced and concluded several adversary proceedings. The Trustee is now in the process of administering claims, determining distribution towards closing the case. Accordingly, the Trustee seeks authority to abandon and destroy the Debtor's books and records.

## RELIEF REQUESTED AND BASIS THEREOF

6. Section 554 of the Bankruptcy Code provides in pertinent part:

> After notice and a hearing, the Trustee may abandon any property of the estate that is burdensome to the estate or is of inconsequential value and benefit to the estate.

11 U.S.C. § 554(a).

7. The estate is currently incurring expenses associated with storing more than 100 boxes of books and old business records of the Debtor in addition to computer hard drives and

2

other information stored electronically (collectively, the "Books and Records"). The Trustee, his attorneys and accountants believe the Books and Records are no longer necessary for the continued administration of the Debtor's estate. The Books and Records held by the Trustee consist primarily of business records including sales orders, invoices and other accounting source documents and books of original entry.

8. The Trustee, his counsel and accountants have reviewed the Debtor's Books and Records and have instituted all of the actions and proceedings determined to be prudent in seeking recovery for the Debtor's estate. In addition, all claims against the Debtor's estate have been administered and/or resolved and the Trustee will shortly commence a final distribution of Trust assets. Moreover, there are no pending actions by or against the Trustee which would necessitate the preservation of the Books and Records.

9. In view of the claims administration process the Trustee is concluding, the subsequent distribution to be made to creditors and the closing of this case by final decree, there is no sound reason to keep the Books and Records of the Debtor in storage and incur additional expenses on behalf of the estate.

10. Prior to filing the Motion, the Trustee, through his counsel, attempted to reach an acceptable resolution for the turnover of the Books and Records by and among Fuji Photo Film Co., Ltd. ("Fuji") and Jack Benun, the Debtor's former principal. Despite these efforts the interested parties could not agree on a resolution which would have alleviated the Trustee's burden of maintaining the records. Specifically, neither of the parties would agree to the other maintaining sole custody of the Books and Records, with reasonable access to be provided to the other party. Having failed to reach an agreement, the Trustee filed the instant Motion, with notice to all interested parties, seeking further direction from the Court.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order authorizing him to destroy and abandon the Debtor's Books and Records and granting related relief.

                    COLE, SCHOTZ, MEISEL,
                    FORMAN & LEONARD, P.A.
                    Attorneys for Edwin N. Ordway, Jr.,
                    Trustee for Jazz Photo Corp. Liquidation Trust

                    By: */s/ Mark J. Politan*
                          Mark J. Politan

DATED: April 21, 2009

4